FILED

JAN 0 5 2015

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                                    DEPUTY

1   Shelden M. Simons, *pro per*
2   Charles S. Simons, *pro per (per POA)*
3   Anastasia Stein, *pro per*
    Joseph Briggs, *pro per*
4   1026 W. El Norte Parkway #246
5   Escondido, CA 92026
6   (858) 206-0670
    shelden.simons@gmail.com
7

8            UNITED STATES DISTRICT COURT
9        FOR THE SOUTHERN DISTRICT OF CALIFORNIA
10                   9TH DISTRICT

11  | Charles S. Simons Trust, a corporation; ) | Case No.: 15CV0 0 1 4 MMA WVG |
    | Shelden M. Simons, an individual; ) | |
12  | Charles S. Simons, an individual; ) | **PLAINTIFFS' ORIGINAL** |
13  | Anastasia Stein, an individual; Joseph ) | **COMPLAINT AND EX-PARTE** |
14  | Briggs, an individual ) | **APPLICATION FOR A** |
    |                    Plaintiff, ) | **TEMPORARY RESTRAINING** |
15  |                    ) | **ORDER AND INJUNCTIVE** |
16  |            vs. ) | **RELIEF** |
17  |                    ) | |
18  | CHAMPION MORTGAGE ) | [Filed concurrently with Memorandum |
    | COMPANY; SAGE POINT LENDER ) | and Points of Authorities and |
19  | SERVICES, LLC; U.S. BANK ) | Declarations in Support of Complaint |
20  | NATIONAL ASSOCIATION, ON ) | and Application for TRO and Injunctive |
    | BEHALF OF MORTGAGE EQUITY ) | Relief] |
21  | CONVERSION ASSET TRUST 2011- ) | |
22  | 1; CHAMPION MORTGAGE ) | Count 1 – Fraud |
    | COMPANY (NATIONSTAR ) | Count 2 - Negligent Misrepresentation |
23  | MORTGAGE, LLC DBA); ) | Count 3 - Set Aside or Vacate Void |
24  | NATIONSTAR MORTGAGE, LLC; ) | Trustee's Sale |
    | Jeffrey Jefferson, an individual; Justin ) | |
25  | Smetters, an individual; Michael V. ) | DATE: |
26  | Kressin, an individual; Geoffrey Neal, ) | TIME: |
    | an individual; and DOES 1 THROUGH ) | COURTROOM: |
27  | 100, inclusive, ) | JUDGE: |
28  |            Defendants ) | MAGISTRATE: |

PLAINTIFFS' ORIGINAL COMPLAINT AND EX-PARTE APPLICATION

FOR A TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF

## I.    PARTIES

1)    Charles S. Simons Trust, a corporation ("Trust"); is now, and at all times relevant to this action, was a created in the County of San Diego, State of California. At all times relevant to this action, Trust has had an interest and is the true owner as represented on title of real property commonly known by the address of 1003 North Ivy Street, Escondido, California 92026 in the County of San Diego in the State of California further described as APN #229-521-07-00 ("Property").

2)    Shelden M. Simons ("Simons"), an individual, is now, and at all times relevant to this action, was a resident of the County of San Diego, State of California. At all times relevant to this action, Simons has had an interest and is the co-trustee on the Charles S. Simons Trust who is the true owner as represented on title of real property commonly known by the address of 1003 North Ivy Street, Escondido, California 92026 in the County of San Diego in the State of California further described as APN #229-521-07-00 ("Property").

3)    Charles S. Simons, an individual, is now, and at all times relevant to this action, was a resident of the County of San Diego, State of California. At all

times relevant to this action, Simons has had an interest and is the co-trustee on the Charles S. Simons Trust who is the true owner as represented on title **of real property commonly known by the address of 1003 North Ivy Street,** Escondido, California 92026 in the County of San Diego in the State of California further described as APN #229-521-07-00. Charles Simons prepared and had publically recorded a Specific Power of Attorney in the County of San Diego, State of California County Recorder's office a true and correct copy of this document on October 10, 2012 with document #2012-0621938. This document was last updated, perfected by the public **recordation with the same County Recorder's Office, on February 6, 2014** with document #2014-0051592. (See Exhibit 'A')

4)   Anastasia Stein ("Stein"), an individual, is now, and at all times relevant to this action, was a resident of the County of San Diego, State of California. At all times relevant to this action, Stein has had an interest in the Property **as a tenant of same Property.**

5)   Joseph Briggs ("Briggs"), an individual, is now, and at all times relevant to **this action, was a resident of the County of San Diego, State of California.** At all times relevant to this action, Briggs has had an interest in the Property as a tenant of same Property.

6) CHAMPION MORTGAGE COMPANY ("CHAMPION"), a corporation, and Plaintiffs are informed and believe upon the website of the California Secretary of State that CHAMPION is an California corporation which was suspended by the Franchise Tax Board as of November 20, 1978. Plaintiff(s) are unsure if they were the original lender acting under an unlawful means. CHAMPION is registered with the California Secretary of State with its agent for service of process listed as Vincent Coniglio, 9665 Chesapeake Drive, Ste. 300, San Diego, CA 92123. At all times referenced herein, said Defendant(s) purported to have authority to conduct business within the State of California, and conducted business within the County of San Diego on a regular basis.

7) SAGE POINT LENDER SERVICES, LLC ("SAGE POINT"), a corporation, and Plaintiff(s) are informed and believe SAGE POINT is an California corporation and was the substituted as Trustee from Recontrust Company. SAGE POINT is registered with the California Secretary of State with its agent for service of process listed as National Registered Agents, Inc. who is registered with the California Secretary of State with its agent for service of process listed as CT Corporation System located at 818 West Seventh St., 2nd Floor, Los Angeles, CA 90017. At all times referenced herein, said Defendant(s) purported to have authority to conduct business

within the State of California, and conducted business within the County of San Diego on a regular basis.

8) **U.S. BANK NATIONAL ASSOCIATION, ON BEHALF OF MORTGAGE EQUITY CONVERSION ASSET TRUST 2011-1 ("US BANK")** a corporation, and Plaintiffs are informed and believe US BANK is an Delaware corporation and was the original lender. US BANK is registered with the California Secretary of State with its agent for service of process listed as CT Corporation System located at 818 West Seventh St., 2nd Floor, Los Angeles, CA 90017. At all times referenced herein, said Defendant(s) **purported to have authority to conduct business within the State of** California, and conducted business within the County of San Diego on a regular basis.

9) CHAMPION MORTGAGE COMPANY (NATIONSTAR MORTGAGE, LLC DBA) ("CHAMPION/NATIONSTAR"), a corporation, and Plaintiffs **are informed and believe CHAMPION/NATIONSTAR is not a valid** company name as it is not registered with the California Secretary of State. **This Corporation is apparently defunct at this time or made up; nonetheless** there is purported misleading with confusion of company names. At all times referenced herein, said Defendant(s) purported to have authority to

conduct business within the State of California, and conducted business within the County of San Diego on a regular basis.

10)   NATIONSTAR MORTGAGE, LLC, ("NATIONSTAR") a corporation; and Plaintiff(s) are informed and believe NATIONSTAR is an Delaware corporation with its principle office in Dallas, Texas. NATIONSTAR is registered with the California Secretary of State with its agent for service of process being Corporation Service Company which will do business in California AS CSC – Lawyers Incorporating Service who is registered with the California Secretary of State with its agent for service of process being The Prentice – Hall Corporation System, Inc. located at 2710 Gateway Oaks Drive, Ste. 150N, Sacramento, CA 95833. At all times referenced herein, said Defendant(s) purported to have authority to conduct business within the State of California, and conducted business within the County of San Diego on a regular basis.

11)   Jeffrey Jefferson, ("Jefferson") an individual, and an employee of CHAMPION MORTGAGE SERVICES, allegedly holding the position of Notary Public and is the notary of the Assignment of Deed of Trust on April 4, 2014 for CHAMPION and a Platinff(s) believe is a resident of Keller, TX.

12)   Justin Smetters, an individual; ("Smetters") and an employee of CHAMPION allegedly holding the position as Assistant Secretary, and is the

signor of the Assignment of Deed of Trust on April 4, 2014 for CHAMPION

and Platiniff(s) believe is a resident of Keller, TX.

13)   Michael V. Kressin, ("Kressin") an individual, and an employee of

CHAMPION/NATIONSTAR allegedly holding the position of Vice

President, and is the signor of the Declaration of Mortgage Servicer dated

November 8, 2013 and attached to the Notice of Default and Election to Sell

Under Deed of Trust publically recorded on December 11, 2013 as

document #2013-0714423 for CHAMPION/NATIONSTAR and Plaintiff(s)

are unaware of the residential address of this individual.

14)   Geoffrey Neal, ("Neal") an individual, and an employee of SAGE POINT

allegedly holding the position of Trustee Sales Officer, and is the signor of

the Notice of Default and Election to Sell Under Deed of Trust dated

November 8, 2013 and was publically recorded on December 11, 2013 as

document #2013-0714423 for SAGE POINT and Plaintiff(s) are unaware of

the residential address of this individual.

15)   Plaintiff(s) are ignorant of the true names and capacities of Defendants sued

herein and Does 1 through 100, inclusive, and therefore sue these

Defendant(s) by such fictitious names. Plaintiff(s) will amend this

Complaint to allege their true names and capacities when ascertained.

Plaintiff(s) is informed and believes and thereon alleges that each of the

fictitiously named Defendant(s) are responsible in some manner for the injuries to Plaintiff(s) alleged herein, and that such injuries as herein alleged **were proximately caused by such Defendant(s).**

16) Plaintiff(s) are informed and believes and thereon alleges that at all times herein mentioned, that each of the Defendant(s) were the agents, employees, partners, joint venturers, successors or predecessors in interest, owners, principals, and employers of the remaining Defendant(s), and in doing the things hereinafter alleged, were acting within the course and scope of such agency, partnership, employment, ownership, or joint venture. Plaintiff(s) is **further informed and believes and based thereon alleges that the acts and** conduct herein alleged of each such Defendant(s) were known to, authorized by, and/or ratified by the other Defendant(s), and each of them.

17) Whenever in this Complaint an act or omission of a corporation or business entity is alleged, the said allegation shall be deemed to mean and include an **allegation that the corporation or business entity or omitted to act through its** authorized officers, directors, agents, servants, and/or employees, acting **within the course and scope of their duties, that the act or omission was** authorized by corporate managerial officers or directors, and that the act or omission was ratified by the officers and directors of the corporation or business entity.

18)   As a result of their mortgage activities, Defendant(s) and each of them are and were subject to and must comply with various laws and regulations **which they intentionally and willfully ignored, violated and disregarded,** to the detriment of the Plaintiff(s).

## II.   JURISDICTION AND VENUE

19)   Jurisdiction and Venue over this complaint pursuant to 28 U.S.C. 1367(a) as these claims concern matters that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution, and the majority of the **events or omissions occurred within the United States District Court for the** Southern District of California.

20)   The Court has original jurisdiction over this civil action under 28 U.S.C. § 1332, in that it is a civil action between citizens of different states.

21)   The Court has original jurisdiction over this civil action under 28 U.S.C. **§1441 (b), in that the matter in controversy exceeds the sum of $75,000,** exclusive of interest and costs.

## III.   INTRODUCTION

22)   Based upon information and belief, the Plaintiff(s) allege that the Defendant(s) and each of them, and their agents, officers, employees, and affiliated or associated parties have engaged in and continue to engage in a

pattern of unlawful or unfair predatory real estate lending practices causing victims of their actions, including Plaintiff(s) herein, to potentially lose their **home through the foreclosure process because of predatory lending practices** on the part of the Defendant(s) that consist of, but not limited to (a) failing to **disclose the true terms of the loan,  (b) falsifying documentation and** recording publically these same documentations to commence unlawful foreclosure procedures against Plaintiff(s), (c) misleading Plaintiff(s) with **regards to a loan modification, and (d) failing to comply with California** State laws as they govern foreclosure procedures on real property situated **within the State of California (e) commencing unlawful detainer suit with** unlawful procedures under the laws within the State of California.

23)   Recently discovered documents relating to a loan through or handled by the Defendant(s), Plaintiff(s) is informed and believes to have found acts of fraud put forth by the Defendants against Plaintiff(s) and possession of real **property. Therefore, Plaintiff(s) hereby files this complaint against the listed** Defendant(s) alleging numerous acts of fraud upon the court, inclusive of **any and all judicial and/or non-judicial proceedings, including without** limitations, to enjoin US BANK and CHAMPION in voiding the sale and/or acknowledge the voidable sale and preventing possession to transfer to the Bank and return the title to the proper parties.

24) Defendant(s) has knowingly, with malice aforethought, violated numerous *inter alia,* California Statutes to convene the non-judicial proceeding and/or **attempt to unlawfully foreclose on and obtain physical possession of** Plaintiff(s)' real property.

25) **Plaintiff(s) hereby submits the following as an offer of proof of the abridged** list of the crimes perpetrated by Defendant(s) in fraudulent attempts to unlawfully convert Plaintiff(s) property into Defendant(s) asset.

## IV.    FACTS

26) On or about February 11, 2008, Charles Simons signed for a Reverse **Mortgage Loan with Countrywide Bank, FSB. This document was recorded** with the County Recorders Office of San Diego County, State of California on February 19, 2008 with document #2008-0081375. (See Exhibit 'C')

27) Property for which this document was signed for Parcel ID #229-521-07-00 more commonly known as 1003 North Ivy Street, Escondido, California 92026 ("Property") on which stands a single family residence of four bedrooms and two baths and that is legally described as follows:

> The following described real property in the City of Escondido County of San Diego, State of California. Lot 7 of Escondido Estates, Unit NO. 1, According to map thereof No. 4390 filed in the office of the County Recorder of said San Diego County, November 12, 1959.

28) Plaintiff(s) do not recall if or when a notice was received to announce the transfer of servicing rights from Countrywide to Bank of America, N.A.

29) **Plaintiff(s) received at the end of the month of September 2012 a letter from** Bank of America, N.A. to inform of the transfer of servicing rights to become effective as of October 1, 2012 to Champion Mortgage Company.

30) On November 19, 2012 the Assignment of Deed of Trust to assign all beneficial interest unto CHAMPION was signed and publically recorded on **November 30, 2012 at the County Recorders Office in San Diego County,** State of California on November 30, 2012 with the document #2012-**0751076. (See Exhibit 'D')**

31) On or about October 8, 2013, CHAMPION caused to be sent a notice that the loan account had become in default. (See Exhibit 'E')

32) On October 16, 2013, Simons composed and caused to be sent a Qualified Written Request ("QWR") via Certified Mail #7012 2210 0001 73612 7286 **pursuant to Real Estate Settlement and Procedures Act §2605(e). (See** Exhibit 'F')

33) On or about October 22, 2013, CHAMPION caused to be sent a letter of contact signed by Angel Deal of CHAMPION indicating that they were in the process of reviewing the account with consideration of the issues cited in the QWR. (See Exhibit 'G')

34) On October 22, 2013 the Substitution of Trustee to assign unto SAGE POINT was signed and publically recorded at the County Recorders Office in San Diego County, State of California on December 11, 2013 with the document #2013-0714422. (See Exhibit 'H')

35) Postmarked on December 4, 2013, CHAMPION's response to the QWR was received on or about December 17, 2013 by the Simons. (See Exhibit 'I')

36) On or about December 3, 2013 CHAMPION caused to be sent a letter of default to the Plaintiff(s) providing a contact person of "Judi M.". (See Exhibit 'J')

37) SAGE POINT caused to be recorded a Notice of Default and Election to Sell Under Deed of Trust with the County Recorders Office in San Diego County, State of California on December 11, 2013 with the document #2013-0714423. (See Exhibit 'K')

38) On March 6, 2014, Simons composed and caused to be sent a response letter to the QWR via Certified Mail #7007 3020 0002 2057 6955 to address the multiple items requested in the QWR but was not answered or documents received as required by the law. (See Exhibit 'L')

39) SAGE POINT caused to be recorded a Notice of Trustee's Sale with a sale date of April 15, 2014 with the County Recorders Office in San Diego

County, State of California on March 14, 2014 with the document #2014-0100973. (See Exhibit 'M')

40) **On April 4, 2013 the Assignment of Deed of Trust to assign unto US BANK** was signed and publically recorded at the County Recorders Office in San **Diego County, State of California on April 30, 2014 with the document** #2014-0172318. (See Exhibit 'N')

41) On or about April 22, 2014, CHAMPION caused to sent a response to Simons inquiry to the issues of the QWR. (See Exhibit 'O')

42) On or about May 1, 2014 Simons received a verbal confirmation on behalf **of CHAMPION their claiming of responsibility for the errors in selling the** Property and steps to reverse the sale would be completed immediately with proof of such reversal to be delivered in the mail once completed as supported by the Declaration of Simons attached herein.

43) On April 23, 2013 the Trustee's Deed Upon Sale to assign unto US BANK **was signed and publically recorded at the County Recorders Office in San** Diego County, State of California on April 30, 2014 with the document #2014-0172319. (See Exhibit 'P')

44) Allegedly on June 14, 2014, Plaintiff served upon the property a 3-day Notice to Quit. On June 23, 2014, Plaintiff filed suit against Defendant for unlawful detainer.

45)  On June 23, 2014, US BANK filed a Complaint in Unlawful Detainer in the Superior Court of the State of California, County of San Diego, North County Division with case #37-2014-00021236-CL-UD-NC. (See Exhibit 'Q')

46)  Default Judgments were granted from the state courts for failure to respond for Charles Simons on August 11, 2014 and for ALL OTHER OCCUPANTS on August 20, 2014. (See Exhibit 'R')

47)  On September 5, 2014, Charles Simons was evicted out of his home by the SD County Sheriff's Office with an "Eviction Restoration Notice".  (See Exhibit 'S')

48)  On October 9, 2014, the Escondido Police Department arrived in response to a call by agents for the Plaintiff claiming that Stein and Briggs were trespassing upon the property. EPD could not find any illegal actions by the two previously named Defendants and declared the matter to be resolved in the courtroom as there was a current hearing date pending this specific conflict.

49)  Plaintiff(s) filed a "Motion for Involuntary Dismissal" on October 4, 2014 as they were misinformed that this was the proper method to affect the judgments to be held and allow the Plaintiff(s) an opportunity to argue their

position. This motion was denied and Plaintiff(s) were educated upon the proper format to achieve their desired outcome.

50) On October 29, 2014, US BANK filed a Motion By Plaintiff For Order That Judgment of Possession Applies to Unnamed Occupants with a court hearing on November 25, 2014. This hearing was continued to be heard on December 23, 2014 the same time as the hearing for another motion by Plaintiff(s). (See Exhibit 'T')

51) On or about November 29, 2014, Plaintiff(s) filed a Motion to Set Aside Default and Default Judgment And For Leave To Defend Action with a hearing date of December 23, 2014. (See Exhibit 'U')

52) Plaintiff(s) lost this motion and US BANK's motion was granted that day with a move out date set by the judge of January 7, 2015. (See Exhibit 'V')

## V.   COUNT 1 – FRAUD/PERJURY
AGAINST DEFENDANTS: CHAMPION; NATIONWIDE; KRESSIN; NEAL; SMETTERS AND JEFFERSON

**A) Fraudulent/perjured declaration signed and attached to NOD**

53) Plaintiff(s) hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

54) Plaintiff(s) is informed and believes and thereon alleges that Defendant Kressin on behalf of CHAMPION committed perjury when signing the

Declaration of Mortgage Servicer Pursuant to Civil Code 2923.55(c) on November 8, 2013.

55) **Plaintiff(s) is informed and believes and thereon alleges that Defendant Kressin on behalf of CHAMPION committed fraud when he caused to have filed a Notice of Default and Election to Sell Under Deed of Trust by SAGE POINT on December 11, 2013.**

## VI.    COUNT 2 – NEGLIGENT MISREPRESENTATION AGAINST DEFENDANTS: CHAMPION; NATIONSTAR; CHAMPION/NATIONSTAR; US BANK

56) Plaintiff(s) hereby incorporates by reference each and every one of the **preceding paragraphs as if the same were fully set forth herein.**

57) It is a functional impossibility for Plaintiff(s) to "understand the mortgage documents that the Defendant(s) used in their unlawful attempt to convert Plaintiff(s) property to the Defendant(s)' possession. Plaintiff(s)' inability to "understand" the *"legalese"* used by the attorneys who wrote the mortgage **documents prohibits the Plaintiff(s) from using said documents as evidence** against the Plaintiff(s)

58) **In fact, Defendant(s)'** *malum in se* **act of using "legalese" in a document to unlawfully convert real property is defined in law as "theft through unlawful conversion." Defendants cannot now use said documents to convert said**

property without said documents being used as *prima facie* evidence of

Defendants felonious acts.

59)   This court cannot use evidence of a felonious act to assist a criminal in

furtherance of a felonious act, namely perjury and fraud. *See Black's Law*

*Dictionary, Seventh Ed.*

> **Understand.** "To know; to apprehend the meaning; to appreciate; as,
> to understand the nature and effect of an act." *International-Great*
> *Northern R. Co. v. Pence,* Tex. Civ. App., 113 S.W. 2d 206,210. To
> **have a full and clear knowledge of; to comprehend.**

60)   Thus, to invalidate a deed on the ground that the grantor did not understand

the nature of the act, the grantor must be incapable of comprehending that

the effect of the act would divest him to the title to the land set forth in the

deed.  As used in connection with the execution of wills and other

instruments, the term includes the realization of the practical effects and

consequences of the proposed act.

**VII.   COUNT 3 – SET ASIDE OR VACATE VOID TRUSTEE'S SALE**
**AGAINST DEFENDANTS: CHAMPION; NATIONSTAR;**
**CHAMPION/NATIONSTAR; US BANK**

**A)   DEFENDANT IS NOT IN POSSESSION OF ORIGINAL NOTE**

61)   Plaintiff(s) hereby incorporates by reference each and every one of the

preceding paragraphs as if the same were fully set forth herein.

62)   **The ONLY acceptable evidence that the Defendant(s) is the CREDITOR in**

**this foreclosure matter is the GENUINE ORIGINAL PROMISSORY NOTE**

and the forensic accounting showing the Defendant(s) loaning the Plaintiff(s) assets and a legal transfer of title. There is no evidence that the **Defendant(s) put assets at risk in this matter.** Defendant(s) did not present the GENUINE ORIGINAL PROMISSORY NOTE to Plaintiff(s) upon request in the QWR dated October 13, 2013.

63) Plaintiff(s) is informed and believe and thereon alleges that Defendant(s) are not in possession of the GENUINE ORIGINAL PROMISSORY NOTE and the forensic accounting records and therefore did not present these documents to the officers acting in the non-judicial procedure and therefore **the non-judicial procedure "claims to jurisdiction" are and were fraudulent** claims and thus void *ab initio.*

**B) THE ORIGINAL NOTE IS NOT SPECIALLY ENDORSED TO DEFENDANT**

64) Plaintiff(s) hereby incorporates by reference each and every one of the preceding paragraphs as if the same were fully set forth herein.

65) Defendant(s) have and will commit fraud by foreclosure on real property as they is/was not the lawful lien holder of said property. Defendant(s) is NOT the CREDITOR and NOT a GENUINE HOLDER IN DUE COURSE of the GENUINE ORIGINAL PROPERLY ENDORSED PROMISSORY NOTE.

## C) NOTARY OF ASSIGNMENT OF DEED OF TRUST NOT LAWFULLY BONDED

66) Defendant(s) and/or their predecessors engaged in fraudulent, lending practices directed against property owners involved one of the following elements:

    a) Engaging in fraud or deception to conceal the real nature of the mortgage loan obligation.

67) Defendant(s) and/or their predecessors' goal in practicing these unlawful, fraudulent, or unfair "predatory" lending practices was to increase their share of the national mortgage market by mass producing loans for sale on the secondary market. In this scheme, borrowers, like Plaintiffs were nothing more than the means for producing more loans.

68) Defendant(s) and/or their predecessors were also motivated to engage in unlawful, fraudulent or unfair lending practices for personal and financial benefit.

69) Smetters allegedly signed an Assignment of Deed of Trust transferring all beneficial interest under the Deed of Trust to US BANK on April 4, 2014 and allegedly notarized by Jeffrey Jefferson in the State of Texas, County of Dallas.

70) As of January 4, 2015, a search by the Plaintiff(s) of the Secretary of State of Texas does have a notary by the name of Jeffrey Jefferson in the State of

Texas; however, it is unclear if his Errors and Omissions Insurance is valid and up-to-date as Plaintiff(s) have not been able to locate the surety **company Western Surety Company to validate the insurance by any means.** (See Exhibit 'W')

## VIII.    REQUEST FOR PRELIMINARY INJUNCTION

71)   Plaintiff(s) will likely suffer irreparable injury if Defendant(s) is not enjoined while this suit is pending from gaining possession of the property in question. The irreparable injury that would be suffered by the Plaintiff(s) is the loss of irreplaceable unique property and residential housing as it will **more than likely be sold to another party from whom return to Plaintiff(s)** will not be possible. See *Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008); Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011); Qingdao Taifa Grp. Co. v. United States, 581 F.3d 1375, 1379-80 (Fed. Cir. 2009)*

72)   **There is no adequate remedy at law because the statutes authorizing** injunctions are broad and encompass most common law circumstances under **which equity courts would grant injunctive relief. [See** *Cal. Civ. Code §§3368* (authorizing injunction to prevent party "from doing that which ought not to be done"), *Cal. Civ. Code 3422* (authorizing permanent injunctions); *Code Civ. Proc. §527*(authorizing preliminary injunctions)] In

addition, courts have equitable powers to grant injunctions not specifically

authorized by statute. Defendant(s) actions constitute fraudulent and

**unlawful transfer of title and possession, in that the Defendant(s) and each of**

them and their agents, are making repeated threats to gain possession of

**Plaintiff(s)' home due to the Void Trustee Sale, are interfering with the**

peace and enjoyment of real property rights by Plaintiff(s) and all being

done while Defendant(s) do not possess the legal authority to do so. See *N.*

*Cal. Power Agency v. Grace Geothermal Corp.,* 469 U.S. 1306, 1306

(1984); *Wilson v. Ill. S. Ry. Co.,* 263 U.S. 574, 576-77 (1924); *Winston v.*

*Gen. Drivers, Warehousemen & Helpers Local Union No. 89,* 879 F. Supp.

719, 725 (W.D. Ky. 1995)

73)   There is a substantial likelihood that plaintiff will prevail on the merits

because there are many questions of laws being violated by Defendant(s) as

is stated herein and in the concurrently filed Memorandum and Points of

**Authorities in support of this document, including but not limited to Perjury**

**and Fraud on the face of a document and publically recorded against**

Plaintiff(s). See *Doran v. Salem Inn, Inc.,* 422 U.S. 922, 931-32 (1975);

*Bluefield Water Ass'n v. City of Starkville,* 577 F.3d 250, 252-53 (5th Cir.

2009); *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.,* 174 F.3d 411, 417 (4th

Cir. 1999).

74) The harm faced by plaintiff outweighs the harm that would be sustained by defendant if the preliminary injunction were granted. Plaintiff(s) will **continue to remain on the property and with the beliefs of the property being** lawfully returned to their legal possession and title will do no acts to destroy **or reduce the equity in the property. Defendant(s)' will not be negatively** effected by keeping the possession of this property in that of the Plaintiff(s) and therefore their losses are extremely reduced in comparison of that to be lost by the Plaintiff(s). *See Yakus v. United States,* 321 U.S. 414, 440 (1944); *Coca-Cola Co. v. Purdy,* 382 F.3d 774, 789 (8th Cir. 2004); *Winston,* 879 F. **Supp. at 725.**

75) Issuance of a preliminary injunction would not adversely affect the public interest. *See Alliance for the Wild Rockies,* 632 F.3d at 1135; *Abbott Labs. v. Sandoz, Inc.,* 544 F.3d 1341, 1362-63 (Fed. Cir. 2008); *Davidoff & CIE, S.A. v. PLD Int'l Corp.,* 263 F.3d 1297, 1304 (11th Cir. 2001)

76) **Plaintiff(s) further requires this Order to maintain a status quo and to prevent** irreparable harm until this matter can be presented at the trial on the merits **in the complaint filed by petitioner in this action.**

77) Plaintiff(s) is willing to post a bond in the amount the Court deems appropriate for the temporary order.

78)   Plaintiff(s) asks the Court to set its application for preliminary injunction for hearing at the earliest possible time and, *after hearing* the request, to issue a **preliminary injunction against defendant.**

### IX.   REQUEST FOR PERMANENT INJUNCTION

79)   Plaintiff(s) asks the Court to set its application for injunctive relief for a full trial on the issues in this application and, after the trial, to issue a permanent injunction against Defendant(s).

### X.   PRAYER

80)   For these reasons, plaintiff asks that the Court do the following:

   a)   **Grant the TRO/Preliminary Injunction Application and keep** Plaintiff(s)' in possession of the property in question.

   b)   Order the Trustee's Sale to be void and vacate the Trustee's Deed Upon Sale

   c)   Enter judgment for plaintiff

   d)   **Award court costs**

   e)   Grant any other relief it deems appropriate.

Dated: January 5, 2015

Shelden Simons, *pro per*
Charles Simons, *pro per (per POA)*
1026 West El Norte Pkwy. #246
Escondido, CA 92026
(858) 206-0670
shelden.simons@gmail.com

Anastasia Stein
1026 West El Norte Pkwy. #246
**Escondido, CA 92026**
**(858) 206-0670**
shelden.simons@gmail.com

Joseph Briggs
1026 West El Norte Pkwy. #246
Escondido, CA 92026
(858) 206-0670
shelden.simons@gmail.com

## PROOF OF SERVICE

I declare that I am over the age of eighteen (18) and not a party to this action. My business/residential address is _____.

On January ___, 2015 I served the following documents: **PLAINTIFFS' ORIGINAL COMPLAINT AND EX-PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF**, on the attorney for the Defendant(s) in this action a true and correct copy of each document thereof addressed as follows:

| | |
|---|---|
| Vincent Coniglio<br>C/O Champion Mortgage Company<br>9665 Chesapeake Dr., Ste. 300<br>San Diego, CA 92123 | The Prentice – Hall Corporation System, Inc.<br>C/O Nationstar Mortgage, LLC<br>2710 Gateway Oaks Dr., Ste. 150N<br>Sacramento, CA 95833 |
| Nationstar Mortgage, LLC DBA,<br>Champion Mortgage Company<br>350 Highland Drive<br>Lewisville, TX 75067 | CT Corporation System<br>C/O U.S. Bank National Association,<br>on behalf of Mortgage Equity<br>Conversion Asset Trust 2011-1<br>C/O U.S. Bancorp<br>818 West Seventh St., 2nd Fl<br>Los Angeles, CA 90017 |
| CT Corporation System<br>C/O Sage Point Lender Services, LLC<br>818 West Seventh St. 2nd Fl<br>Los Angeles, CA 90017 | Justin Smetters<br>C/O Nationstar Mortgage, LLC<br>350 Highland Drive<br>Lewisville, TX 75067 |
| Jeffrey Jefferson<br>7032 Blackwood<br>Dallas, TX 75231 | Geoffrey Neal<br>C/O Sage Point Lender Services, LLC<br>C/O CT Corporation System<br>818 West Seventh St. 2nd Fl<br>Los Angeles, CA 90017 |
| Michael V. Kressin<br>C/O Champion Mortgage Company<br>C/O The Prentice – Hall Corporation System, Inc.<br>2710 Gateway Oaks Dr., Ste. 150N<br>Sacramento, CA 95833 | |

      **( ) (BY OVERNIGHT COURIER)** I placed a true and correct copy of the above-referenced document(s), enclosed in a sealed envelope and addressed as above. I then caused it to be delivered to an overnight courier service, for delivery to the above address(es).

      **( ) (BY MAIL)** I placed a true and correct copy of the above-referenced document(s), enclosed in a sealed envelope and addressed as above, with postage thereon fully prepaid for first-class mail and thereafter caused it to be delivered to the United States Postal Service, for delivery to the above address(es).

      **( ) (BY FACSIMILE)** I transmitted a true and correct copy of the above-referenced document(s) to all parties in this action by facsimile at the telephone/fax number(s) indicated above and thereafter enclosed in a sealed envelope and addressed as above, with postage thereon fully prepaid for first-class mail, for collection and mailing with the United States Postal Service, for delivery to the above address(es).

      **( ) (BY PERSONAL SERVICE)** I placed a true and correct copy of the above-referenced document(s), enclosed in a sealed envelope and delivered by hand to the addressee(s) above.

      I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on January ___, 2015 at _____, California.

_____

_____
Print Name

**Table of Exhibits**

Exhibit A -   Special Power of Attorney

Exhibit B -   *California SOS Webpage Screenshot of CHAMPION status*

**Exhibit C -   Deed of Trust**

Exhibit D -   Assignment of Deed of Trust dated November 19, 2012

Exhibit E -   Notice of Default dated October 8, 2013

**Exhibit F -   QWR dated October 16, 2013**

**Exhibit G -   CHAMPION letter dated October 22, 2013**

Exhibit H -   Substitution of Trustee dated October 22, 2013

*Exhibit I -   CHAMPION QWR response dated December 4, 2013*

**Exhibit J -   CHAMPION letter dated December 3, 2013**

Exhibit K -   Notice of Default and Election to Sell Under Deed of Trust

Exhibit L -   Plaintiff(s)' further inquiry of CHAMPION QWR response dated March 6, 2013

**Exhibit M -   Notice of Trustee's Sale dated March 14, 2014**

Exhibit N -   Assignment of Deed of Trust dated April 4, 2014

Exhibit O -   CHAMPION letter to Plaintiff(s) dated April 22, 2014

**Exhibit P -   Trustee's Deed Upon Sale dated April 23, 2014**

Exhibit Q -   US BANK State Court Complaint for Unlawful Detainer

Exhibit R -   US BANK Default Judgments from State Court Complaint

Exhibit S -   US BANK's Eviction Restoration Notice

Exhibit T -   US BANKS's State Court motion for Order That Judgment of Possession Applies to Unnamed Occupants

Exhibit U -   Plantiff(s)' State Court Motion to Set Aside Default and Default Judgment and for Leave to Defend Action

**Exhibit V -   State Court's order by judge**

Exhibit W -   Western Surety Company

# EXHIBIT

# A

## POWER OF ATTORNEY RECORDED February 6, 2014

Please complete this information.
**RECORDING REQUESTED BY:**

AND WHEN RECORDED MAIL TO:

*Shelden M. Simons*

1026 W. El Norte Parkway #246

**Escondido California,**
**92026-3341**



DOC #   2014-0051592

FEB 06, 2014   10:26 AM

OFFICIAL RECORDS
SAN DIEGO COUNTY RECORDER'S OFFICE
Ernest J. Dronenburg, Jr., COUNTY RECORDER
FEES:        78.00

**PAGES:       13**

Space above this line reserved for Recorder's Use Only
• Govt. Code 27361.6

## Special Power of Attorney

(Please fill in document title(s) on this line)
Govt. Code 27324

THIS PAGE ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION /
Govt. Code 27361.6
(Additional recording fee applies)

# POWER OF ATTORNEY RECORDED February 6, 2014
## *Specific Power of Attorney*

### Notice to Person Executing Specific Power of Attorney

A Specific power of attorney is an important legal document. By signing the specific power of attorney, you are authorizing another person to act for you, the principal. Before you sign this specific power of attorney, you should know these important facts:

Your agent (attorney-in-fact) has no duty to act unless you and your agent agree otherwise in writing. This document gives your agent the powers to manage, dispose of, sell, and convey your real and personal property, and to use your property as security if your agent borrows money on your behalf. This document does not give your agent the power to accept or receive any of your property, in trust or otherwise, as a gift, unless you specifically authorize the agent to accept or receive a gift.

Your agent will have the right to receive reasonable payment for services provided under this specific power of attorney unless you provide otherwise in this power of attorney.

The powers you give your agent will continue to exist for your entire lifetime, unless you state that the specific power of attorney will last for a shorter period of time or unless you otherwise terminate the specific power of attorney. The powers you give your agent in this specific power of attorney will continue to exist even if you can no longer make your own decisions respecting the management of your property.

You can amend or change this specific power of attorney only by executing a new specific power of attorney or by executing an amendment through the same formalities as an original. You have the right to revoke or terminate this specific power of attorney at any time, so long as you are competent.

This specific power of attorney must be dated and must be acknowledged before a notary public or signed by two witnesses. If it is signed by two witnesses, they must witness either (1) the signing of the power of attorney or (2) the principal's signing or acknowledgment of his or her signature. A specific power of attorney that may affect real property should be acknowledged before a notary public so that it may easily be recorded.

You should read this specific power of attorney carefully. When effective, this specific power of attorney will give your agent the right to deal with property that you now have or might acquire in the future. The specific power of attorney is important to you. If you do not understand the specific power of attorney, or any provision of it, then you should obtain the assistance of an attorney or other qualified person.

**NOTICE: THE POWERS GRANTED BY THIS DOCUMENT ARE BROAD AND SWEEPING. THEY ARE EXPLAINED IN THE UNIFORM STATUTORY FORM POWER OF ATTORNEY ACT (CALIFORNIA PROBATE CODE SECTIONS 4400-4465). IF YOU HAVE ANY QUESTIONS ABOUT THESE POWERS, OBTAIN COMPETENT LEGAL ADVICE. THIS DOCUMENT DOES NOT AUTHORIZE ANYONE TO MAKE MEDICAL AND OTHER HEALTHCARE DECISIONS FOR YOU. YOU MAY REVOKE THIS POWER OF ATTORNEY IF YOU LATER WISH TO DO SO.**

WARNING TO PERSONS EXECUTING THIS DOCUMENT: This is an important legal document. It creates a Power of Attorney that provides the person you designate as your attorney-in-fact with the broad powers it sets forth. You have the right to terminate this Power of Attorney. If there is anything about this form that you do not understand, you should ask a lawyer to explain it to you.

Page 1 of 8 Pages

# POWER OF ATTORNEY RECORDED February 6, 2014
## *Specific Power of Attorney*

I, Charles S. Simons, residing at 1003 N. Ivy St. Escondido, California 92026, hereby appoint Shelden M. Simons of 1026 W. El Norte Parkway #246, Escondido, Ca., as my attorney-in-fact ("Agent") to exercise the powers and discretions described below.

This Power of Attorney shall not be affected by my subsequent incapacity.

My Agent shall have full power and authority to act on my behalf but only to the extent permitted by this Special Power of Attorney. My Agent's powers shall include the power to:

**1.** Open, maintain or close bank accounts (including, but not limited to, checking accounts, savings accounts, and certificates of deposit), brokerage accounts, retirement plan accounts, and other similar accounts with financial institutions. This power shall include the authority to conduct any business with any banking or financial institution with respect to any of my accounts, including, but not limited to, making deposits and withdrawals, negotiating or endorsing any checks or other instruments with respect to any such accounts, obtaining bank statements, passbooks, drafts, money orders, warrants, and certificates or vouchers payable to me by any person, firm, corporation, or political entity.

> **Bank/Institution: Champion Mortgage.**
> **Address:**     P.O. Box 40724, Lansing, Mi 48901-7924
> **Account Number:** _____
> **Type of Account: Reverse Mortgage**
>
> **Bank/Institution: J.P. Morgan Chase Bank**
> **Address: 150 N. Center City Parkway Escondido, California, 92025**
> **Account Number:** _____
> **Type of Account Checking,**
>
> **Bank/Institution: J.P. Morgan Chase Bank (OH4-7131)**
> **Address: 3415 Vision Drive Columbus, Ohio 43219-6009**
> **Account Number** _____
> **Type of Account:    Mortgage Loan**
>
> **Bank/Institution: Wells Fargo Bank**
> **Address:  145 N Escondido Blvd Escondido, CA, 92025**
> **Account Number:**
> **Type of Account:  Checking,**
>
> **Bank/Institution: Wells Fargo Bank**
> **Address:  145 N Escondido Blvd Escondido, CA, 92025**
> **Account Number:**
> **Type of Account: Savings,**
>
> **Bank/Institution: Wells Fargo Bank**
> **Address:  145 N Escondido Blvd Escondido, CA., 92025**
> **Account Number:** _____
> **Type of Account: Credit Card**
>
> **Bank/Institution: Wells Fargo Bank**
> **Address:  145 N Escondido Blvd Escondido, CA., 92025**
> **Account Number:**
> **Type of Account: Auto Loan**

# POWER OF ATTORNEY RECORDED February 6, 2014

## *Specific Power of Attorney*

**Bank/Institution: Union Bank.**
**Address:**      303 West Grand Ave.Escondido, Ca. 92025
**Account Number:**
**Type of Account: Checking Account**

**Bank/Institution: U.S. Bank N.A.**
**Address:  125 North Broadway, Escondido, California 92025**
**Account Number:**
**Type of Account: Checking Account**

2. Institute, supervise, prosecute, defend, intervene in, abandon, compromise, arbitrate, settle, dismiss, and appeal from any and all legal, equitable, judicial or administrative hearings, actions, suits, proceedings, attachments, arrests or distresses, involving me in any way.

   a) To have the ability to interface with Parker Stanbury in any or all conversations, strategy sessions, and discussions with any assigned attorney for LegalShield membership #*******0264 on behalf of me in any way.

3. Have access to any safe deposit box that I might own, but only for the purpose of taking an inventory of its contents.

4. Mortgage or encumber any interest of mine in real estate (whether currently owned or later acquired).

   a) In reference to the following properties:

      i) 642 N. Elm Street, Escondido, California, 92026

      ii) 1003 N. Ivy Street, Escondido, California, 92026

      iii) 836 W. Lincoln Av., Escondido, California, 92026

      iv) 9066 Meghan Court, Spring Valley, California, 91977

   b) This power shall include the power to:

      i) mortgage or encumber on such terms as my Agent shall deem appropriate, subject to the limitations (if any) stated above,

      ii) sign any documents (including a mortgage or deed of trust), and

      iii) Take any other action that may be required to affect such mortgage or encumbrance.

      iv) Manage, insure, improve, repair, collect rents, execute leases, or take any other action that a landlord might take, with respect to any interest of mine in real estate (whether currently owned or later acquired).

# POWER OF ATTORNEY RECORDED February 6, 2014

## *Specific Power of Attorney*

**5.** Prepare, sign, and file documents with any governmental body or agency, including, but not limited to, authorization to:

   **a)** Prepare, sign, and file income, gift and other tax returns of all kinds with federal, state, local, and other governmental bodies, and any Power of Attorney form appointing an Agent required by the Internal Revenue Service and/or any state or local taxing authority.

   **b)** Obtain information or documents from any government or its agencies, and represent me in all tax matters, including the authority to negotiate, compromise, or settle any matter with such government or agency.

   **c)** Prepare applications, provide information, and perform any other act reasonably requested by any government or its agencies in connection with governmental benefits (including medical, military and social security benefits), and to appoint anyone, including my Agent, to act as my "Representative Payee" for the purpose of receiving Social Security benefits.

**6.** Provide for the support and protection of myself, my spouse, or of any minor child I have a duty to support or have established a pattern of prior support, including, without limitation, provision for food, lodging, housing, medical services, recreation and travel;

**7.** Make gifts from my assets to members of my family and to such other persons or charitable organizations with whom I have an established pattern of giving (or if it is appropriate to make such gifts for estate planning and/or tax purposes), to file state and federal gift tax returns, and to file a tax election to split gifts with my spouse, if any. No Agent acting under this instrument, except as specifically authorized in this instrument, shall have the power or authority to (a) gift, appoint, assign or designate any of my assets, interests or rights, directly or indirectly, to such Agent, such Agent's estate, such Agent's creditors, or the creditors of such Agent's estate, (b) exercise any powers of appointment I may hold in favor of such Agent, such Agent's estate, such Agent's creditors, or the creditors of such Agent's estate, or (c) use any of my assets to discharge any of such Agent's legal obligations, including any obligations of support which such Agent may owe to others, *excluding* those whom I am legally obligated to support.

**8.** Transfer any of my assets to the trustee of any revocable trust created by me, if such trust is in existence at the time of such transfer.

**9.** Subject to other provisions of this document, my Agent may disclaim any interest which might otherwise be transferred or distributed to me from any other person, estate, trust, or other entity, as may be appropriate. However, my Agent may not disclaim assets to which I would be entitled; if the result is that the disclaimed assets pass directly or indirectly to my Agent or my Agent's estate. Provided that they are not the same person, my Agent may disclaim assets which pass to my Gift Agent, and my Gift Agent may disclaim assets which pass to my Agent.

**10.** Act on my behalf for the purposes of managing, distributing, and terminating my digital assets. For the purposes of this Power of Attorney, digital assets shall mean electronic assets that are stored on my computers, electronic devices, or on any online account, as identified in Schedule A of this Power of Attorney. Online accounts include, but are not limited to, social networking sites, online backup services, servers, email accounts, photo and document sharing sites, financial and business accounts, domain names, virtual property, websites, and blogs. An instructional document, titled, Letter of Instructions with associated

# POWER OF ATTORNEY RECORDED February 6, 2014

## *Specific Power of Attorney*

websites, usernames, passwords, and related information, is hereby incorporated by reference into this Will and shall be distributed to my Agent designated in this Power of Attorney. My Agent shall have the power and authority to manage, conduct, and to exercise all of my legal rights and powers relating to my digital assets, including all rights and powers that I may acquire in the future. My Agents powers shall include, but not be limited to, the power to access, download, and backup digital assets; convert my file formats, access any and all devices necessary to manage digital assets; and clear computer caches and delete files.

**11.** I hereby grant to my Agent the full right, power, and authority to do every act, deed, and thing necessary or advisable to be done regarding the above powers, as fully as I could do if personally present and acting.

**12.** Any power or authority granted to my Agent under this document shall be limited, to the extent necessary, to prevent this Power of Attorney from causing,

   **a)** My income to be taxable to my Agent,

   **b)** My assets to be subject to a general power of appointment by my Agent, or

   **c)** My Agent to have any incidents of ownership with respect to any life insurance policies that I may own on the life of my Agent.

**13.** My Agent shall not be liable for any loss that results from a judgment error that was made in good faith. However, my Agent shall be liable for willful misconduct or the failure to act in good faith while acting under the authority of this Power of Attorney. A Successor Agent shall not be liable for acts of a prior Agent.

**14.** No person who relies in good faith on the authority of my Agent under this instrument shall incur any liability to me, my estate or my personal representative. I authorize my Agent to indemnify and hold harmless any third party who accepts and acts under this document.

**15.** If any part of any provision of this instrument shall be invalid or unenforceable under applicable law, such part shall be ineffective to the extent of such invalidity only, without in any way affecting the remaining parts of such provision or the remaining provisions of this instrument.

**16.** My Agent shall be entitled to reasonable compensation for any services provided as my Agent. My Agent shall be entitled to reimbursement of all reasonable expenses incurred as a result of carrying out any provision of this Power of Attorney.

**17.** My Agent shall provide an accounting for all funds handled and all acts performed as my Agent as required under state law or upon my request or the request of any authorized personal representative, fiduciary or court of record acting on my behalf.

This Power of Attorney shall become effective immediately, and shall not be affected by my disability or lack of mental competence, except as may be provided otherwise by an applicable state statute. This is a Durable Power of Attorney. This Power of Attorney shall continue effective until my death. This Power of Attorney may be revoked by me at any time by providing written notice to my Agent.

# POWER OF ATTORNEY RECORDED February 6, 2014

### *Specific Power of Attorney*

Attachments:   Schedule A   Name of Each Digital Asset and Digital Executor
Affidavit of Status:  Charles S. Simons
Affidavit of Status:  Shelden M. Simons

Dated *Feb. 5, 2014*  , at Escondido, California:

_____

Charles S. Simons

**State of California**        )
                              )
                              )
**County of Escondido**        )

On  *2/5/14*        before me,  Anastasia Stein, Notary Public
      Date                                Here Insert Name and Title of Officer

personally appeared  **Charles S. Simons**
                                        Name(s) of Signer(s)


ANASTASIA STEIN
Commission # 1979496
Notary Public - California
San Diego County
My Comm. Expires May 25, 2016

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Place Notary Seal Above

_____ Signature:

Signature of Notary Public

Page 6 of 8 Pages

# POWER OF ATTORNEY RECORDED February 6, 2014

## *Specific Power of Attorney*

### Schedule A

### Name of Each Digital Asset and Digital Executor

Name of Digital Asset:
    Court and assets files: Files in folder C/data/legal/setoffdebt/CharlesSimons on desktop
    computer owned by Shelden M. Simons

Name of Digital Executor: Shelden M. Simons

Address:  1026 W. El Norte Parkway #246, ,

City: Escondido

State: California

Postal Code: 92026-3341

Phone Number: (858) 206-0670


Name of Digital Asset:          Bank transaction and statement Files in folders on Desktop Computer:
C/data/Financial/BancofCal/Quicken/RETrust01 Checking6219/......
C/data/Financial/BancofCal/Spending/RETrust01 Checking6219/......
C/data/Financial/BancofCal/Statements/RETrust01 Checking6219/......
C/data/Financial/BancofCal/transactions/RETrust01 Checking6219/......
C/data/Financial/BancofCal/Quicken/RETrust Sav4313/......
C/data/Financial/BancofCal/Spending/RETrust Sav4313/......
C/data/Financial/BancofCal/Statements/RETrust Sav4313/......
C/data/Financial/BancofCal/transactions/RETrust Sav4313/......
C/data/Financial/BancofCal/Quicken/RETrust02 Checking 1527/......
C/data/Financial/BancofCal/Spending/RETrust02 Checking 1527/......
C/data/Financial/BancofCal/Statements/RETrust02 Checking 1527/......
C/data/Financial/BancofCal/transactions/RETrust02 Checking 1527/......


Name of Digital Executor: Shelden M. Simons

Address:  1026 W. El Norte Parkway #246, ,

City: Escondido

State: California

Postal Code: 92026-3341

Phone Number: (858) 206-0670


Name of Digital Asset:          Bank transaction and statement Files in folders on Toshiba Laptop
Computer:
C/data/users/shelden/Financial/BancofCal/Quicken/RETrust01 Checking6219/......
C/data/users/shelden/Financial/BancofCal/Spending/RETrust01 Checking6219/......
C/data/users/shelden/Financial/BancofCal/Statements/RETrust01 Checking6219/......

# POWER OF ATTORNEY RECORDED February 6, 2014
## *Specific Power of Attorney*

C:/data/users/shelden/Financial/BancofCal/transactions/RETrust01 Checking6219/.......
C:/data/users/shelden/Financial/BancofCal/Quicken/RETrust Sav4313/.......
C:/data/users/shelden/Financial/BancofCal/Spending/RETrust Sav4313/.......
C:/data/users/shelden/Financial/BancofCal/Statements/RETrust Sav4313/.......
C:/data/users/shelden/Financial/BancofCal/transactions/RETrust Sav4313/.......
C:/data/users/shelden/Financial/BancofCal/Quicken/RETrust02 Checking 1527/.......
C:/data/users/shelden/Financial/BancofCal/Spending/RETrust02 Checking 1527/.......
C:/data/users/shelden/Financial/BancofCal/Statements/RETrust02 Checking 1527/.......
C:/data/users/shelden/Financial/BancofCal/transactions/RETrust02 Checking 1527/.......

Name of Digital Executor: Shelden M. Simons

Address:  1026 W. El Norte Parkway #246, ,

City: Escondido

State: California

Postal Code: 92026-3341

Phone Number: (858) 206-0670


Name of Digital Asset:
    Court and assets files: Files in folder C:/data/legal/setoffdebt/CharlesSimons on desktop
    computer owned by Shelden M. Simons

Name of Digital Executor: Shelden M. Simons

Address:  1026 W. El Norte Parkway #246, ,

City: Escondido

State: California

Postal Code: 92026-3341

Phone Number: (858) 206-0670


Access information:

    Where to Access: Saved on Laptop of Shelden Simons Username: N/A
    Password: N/A
    Additional Information: N/A

    Where to Access: Saved on Desktop of Shelden Simons Username: N/A
    Password: N/A
    Additional Information: N/A

# EXHIBIT

# B



California Secretary of State Debra Bowen

Secretary of State   Administration   Elections   Business Programs   Political Reform   Archives   Registries   Other Services

## Business Entity Detail

Data is updated to the California Business Search on Wednesday and Saturday mornings. Results reflect work processed through Tuesday, December 30, 2014.
Please refer to Processing Times for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity.

| | |
|---|---|
| Entity Name: | CHAMPION MORTGAGE COMPANY |
| Entity Number: | C0903065 |
| Date Filed: | 11/20/1978 |
| Status: | FTB SUSPENDED |
| Jurisdiction: | CALIFORNIA |
| Entity Address: | 110 WEST C STREET, #1811 |
| Entity City, State, Zip: | SAN DIEGO CA 92128 |
| Agent for Service of Process: | VINCENT CONIGLIO |
| Agent Address: | 9665 CHESAPEAKE DR., STE. 300 |
| Agent City, State, Zip: | SAN DIEGO CA 92123 |

* Indicates the information is not contained in the California Secretary of State's database.

- If the status of the corporation is "Surrender," the agent for service of process is automatically revoked. Please refer to California Corporations Code section 2114 for information relating to service upon corporations that have surrendered.
- For information on checking or reserving a name, refer to Name Availability.
- For information on ordering certificates, copies of documents and/or status reports or to request a more extensive search, refer to Information Requests.
- For help with searching an entity name, refer to Search Tips.
- For descriptions of the various fields and status types, refer to Field Descriptions and Status Definitions.

Modify Search   New Search   Printer Friendly   Back to Search Results

Privacy Statement | Free Document Readers
Copyright © 2015   California Secretary of State

# EXHIBIT

# C

RECORDING REQUESTED BY
LENDERS CHOICE TITLE

*UFC*

*EA(01-821082B-CC*
*T# (01-821082T-CC*

Recording Requested By:
Lett Erfe
**Countrywide Bank, FSB**
MS CHDLR-D-281
2505 W Chandler Blvd
Chandler, AZ 85224-4921

After Recording Return To:
Countrywide Bank, FSB
MS SV-79 Document Processing
P.O. Box 10423
Van Nuys, CA 91410-0423

Prepared By:
Lett Erfe

**FHA Case Number: 044-4314098-952**

**234**

**DOC #   2008-0081375**



FEB 19, 2008      8:00 AM
OFFICIAL RECORDS
SAN DIEGO COUNTY RECORDER'S OFFICE
GREGORY J. SMITH, COUNTY RECORDER
FEES:        53.00
                                    DA:      1
**PAGES:**      **15**

---

State of California                          **DEED OF TRUST**
          **THIS DEED OF TRUST SECURES A REVERSE MORTGAGE LOAN**

THIS DEED OF TRUST ("Security Instrument") *is made on February 11, 2008. The trustor is* Charles S. Simons, an unmarried man *whose address is* 1003 N Ivy Street, Escondido, CA 92026 ("Borrower"). The trustee is ReconTrust Company. The beneficiary is COUNTRYWIDE BANK, FSB, which is organized and existing under the laws of the United States, and whose address is 1199 North Fairfax Street, Ste 500, Alexandria, VA 22314-1483. Borrower has agreed to repay to Lender amounts which Lender is obligated to advance, including future advances, under the terms of a Home Equity Conversion Loan Agreement dated the same date as this Security Instrument ("Loan Agreement"). The *agreement to repay is evidenced by* Borrower's Adjustable Rate Note dated the same date as this Security Instrument ("Note"). This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note, up to a maximum principal loan amount of $528,000.00; (b) the payment of all other sums, with interest, advanced under Paragraph 5 to protect the security of this Security Instrument or otherwise due under the terms of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. The full debt, including amounts described in (a), (b), and (c) above, if not paid earlier, is due *and payable on July 07, 2075. For this purpose,* Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described Property located in SAN DIEGO County, California:
See Attached  *Exhibit A*

**Parcel ID Number: 22952107** which has the address of 1003 N Ivy Street, Escondido, CA 92026 ("Property Address"), and is more fully described on Exhibit A attached to this Security Instrument and incorporated herein.

● **CALIFORNIA - Deed of Trust**
1R109-CA (12/07)

**COUNTRYWIDE BANK, FSB**
Page 1 of 14



TOGETHER WITH all the improvements now or hereafter erected on the Property, and all easements, rights, appurtenances, and fixtures now or hereafter a part of the Property, including a manufactured housing unit. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property"; provided however, that the Property is limited to homestead Property as defined as "Principal Residence" in the Loan Agreement.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform Security Instrument covering real Property.

*UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:*

1.  **Payment of Principal and Interest.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note.

2.  **Payment of Property Charges.** Borrower shall pay all Property charges consisting of taxes, ground rents, flood and hazard insurance premiums, and special assessments in a timely manner, and shall provide evidence of payment to Lender, unless Lender pays Property charges by withholding funds from monthly payments *due to the Borrower or by charging such payments to a line of credit as provided for in the Loan Agreement.*

3.  **Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire. This insurance shall be maintained in the amounts, to the extent and for the periods required by Lender or the Secretary of Housing and Urban Development ("Secretary"). Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss Lender, instead of to Borrower and Lender jointly. Insurance proceeds shall be applied to restoration or repair of the damaged Property, if the restoration or repair is economically feasible and Lender's security is not lessened. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied first to the reduction of any indebtedness under a Second Note and Second Security Instrument held by the Secretary on the Property and then to the reduction of the indebtedness under the Note and this Security Instrument. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

● **CALIFORNIA - Deed of Trust**
1R109-CA (12/07)                    **COUNTRYWIDE BANK, FSB**
                                                    Page 2 of 14

**236**

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

**4.   Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence after the execution of this Security Instrument and Borrower (or at least one Borrower, if initially more than one person are Borrowers) and shall continue to occupy the Property as Borrower's principal residence for the term of the Security Instrument. "Principal residence" shall have the same meaning as in the Loan Agreement.

Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the Loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to merger in writing.

**5.   Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in Paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments. Borrower shall promptly discharge any lien which has priority over this Security Instrument in the manner provided in Paragraph 12(c).

If Borrower fails to make these payments or the property charges required by Paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in Paragraph 2.

To protect Lender's security in the Property, Lender shall advance and charge to Borrower all amounts due to the Secretary for the Mortgage Insurance Premium ("MIP") as defined in the Loan Agreement as well as all sums due to the loan servicer for servicing activities ("Servicing Fee") as defined in the Loan Agreement. Any amounts disbursed by Lender under this Paragraph are obligatory and shall become an additional debt of Borrower as provided for in the Loan Agreement and shall be secured by this Security Instrument.

● **CALIFORNIA - Deed of Trust**
1R109-CA (12/07)                        COUNTRYWIDE BANK, FSB
                                                Page 3 of 14

**237**

6.  **Inspection.** Lender or its agent may enter on, inspect or make appraisals of the Property in a reasonable manner and at reasonable times provided that Lender shall give the Borrower notice prior to any inspection or appraisal specifying a purpose for the inspection or appraisal which must be related to Lender's interest in the Property. *If the Property is vacant or abandoned or the loan is in default, Lender may take reasonable action to protect and preserve such vacant or abandoned Property without notice to the Borrower.*

7.  **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation, or other taking of any part of the Property, or for conveyance in place of condemnation shall be paid to Lender. The proceeds shall be applied first to the reduction of any indebtedness under a Second Note and Second Security Instrument held by the Secretary on the Property, *and then to the reduction of the indebtedness under the Note and this Security Instrument.* Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

8.  **Fees.** Lender may collect fees and charges authorized by the Secretary.

9.  **Grounds for Acceleration of Debt.**

    (a) **Due and Payable.** Lender may require immediate payment in full of all sums secured by this Security Instrument if:

    (i)   A Borrower dies and the Property is not the principal residence of at least one surviving Borrower; or

    (ii)  All of a Borrower's title in the Property (or his or her beneficial interest in a trust owning all or part of the Property) is sold or otherwise transferred and no other Borrower retains (a) title to the Property in fee simple, (b) a leasehold under a lease for less than 99 years which is renewable or a lease having a remaining period of not less than 50 years beyond the date of the 100th birthday of the youngest Borrower (or a beneficial interest in a trust with such an interest in the Property), or (c) a life estate in the Property.

    (b) **Due and Payable with Secretary Approval.** Lender may require immediate payment in full of all sums secured by this Security Instrument, upon approval by an authorized representative of the Secretary, if:

    (i)   The Property ceases to be the principal residence of a Borrower for reasons other than death and the Property is not the principal residence of at least one other Borrower; or

    (ii)  For a period of longer than twelve (12) consecutive months, a Borrower fails to physically occupy the Property because of physical or mental illness and the Property is not the principal residence of at least one other Borrower; or

    (iii) An obligation of the Borrower under this Security Instrument is not performed.

● **CALIFORNIA - Deed of Trust**
1R109-CA (12/07)                       COUNTRYWIDE BANK, FSB
                                       Page 4 of 14

**238**

(c) **Notice to Lender.** Borrower shall notify Lender whenever any of the events listed in subparagraphs (a) and (b) of this Paragraph 9(a)(ii) or (b) occur.

(d) **Notice to Secretary and Borrower.** Lender shall notify the Secretary and Borrower whenever the loan becomes due and payable under this Paragraph 9(a)(ii) and (b). Lender shall not have the right to commence foreclosure until Borrower has had thirty (30) days after notice to either:

    (i)    Correct the matter which resulted in the Security Instrument coming due and payable; or

    (ii)    Pay the balance in full; or

    (iii)    Sell the Property for the lesser of the balance or 95% of the appraised value and apply the net proceeds of the sale toward the balance; or

    (iv)    *Provide the Lender with a deed in lieu of foreclosure.*

(e) **Trusts.** Conveyance of a Borrower's interest in the Property to a trust which meets the requirements of the Secretary, or conveyance of a trust's interests in the Property to a Borrower, shall not be considered a conveyance for purposes of this Paragraph. A trust shall not be considered an occupant or be considered as having a principal residence for purposes of this Paragraph 9.

(f) **Mortgage Not Insured.** Borrower agrees that should this Security Instrument and the Note not be eligible for insurance under the National Housing Act within eight (8) months from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to eight (8) months from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

**10.** **No Deficiency Judgments.** Borrower shall have no personal liability for payment of the debt secured by this Security Instrument. Lender may enforce the debt only through sale of the Property. Lender shall not be permitted to obtain a deficiency judgment against Borrower if the Security Instrument is foreclosed. If this Security Instrument is assigned to the Secretary upon demand by the Secretary, Borrower shall not be liable for any difference between the mortgage insurance benefits paid to Lender and the outstanding indebtedness, including accrued interest, owed by Borrower at the time of the assignment.

● **CALIFORNIA - Deed of Trust**
1R109-CA (12/07)

**11. Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full. This right applies even after foreclosure proceedings are instituted. To reinstate this Security Instrument, Borrower shall correct the condition which resulted in the requirement for immediate payment in full. *Foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with a foreclosure proceeding shall be added to the principal balance.* Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two (2) years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the Security Instrument.

## 12. First Lien Status

(a) **Modification.** Borrower agrees to extend this Security Instrument in accordance with this Paragraph 12(a). If Lender determines that the original lien status of the Security Instrument is jeopardized under state law (including but not limited to situations where the amount secured by the Security Instrument equals or exceeds the maximum principal amount stated or the maximum period under which loan advances retain the same lien priority initially granted to loan advances has expired) and state law permits the original lien status to be maintained for future loan advances through the execution and recordation of one or more documents, then Lender shall obtain title evidence at Borrower's expense. If the title evidence indicates that the Property is not encumbered by any liens (except this Security Instrument, the Second Security Instrument described in Paragraph 13(a) and any subordinate liens that the Lender determines will also be subordinate to any future loan advances), Lender shall request the Borrower to execute such documents. If state law does not permit the original lien status to be extended to future loan advances, Borrower will be deemed to have failed to have performed an obligation under this Security Instrument.

(b) **Tax Deferral Programs.** Borrower shall not participate in a real estate tax deferral program, if any liens created by the tax deferral are not subordinate to this Security Instrument.

(c) *Prior Liens.* Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien or forfeiture of any part of the Property; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to all amounts secured by this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within ten (10) days of the giving of notice.

● **CALIFORNIA - Deed of Trust**
1R109-CA (12/07)                    COUNTRYWIDE BANK, FSB
                                         Page 6 of 14

13. **Relationship to Second Security Instrument.**

   (a) **Second Security Instrument.** In order to secure payments which the Secretary may make to or on behalf of Borrower pursuant to Section 255(i)(1)(A) of the National Housing Act and the Loan Agreement, unless otherwise provided by the Secretary, the Secretary has required Borrower to execute a Second Note and Second Security Instrument on the Property.

   (b) **Relationship of First and Second Security Instruments.** Payments made by the Secretary shall not be included in the debt under the Note unless:

       (i)    This Security Instrument is assigned to the Secretary; or

       (ii)   The Secretary accepts reimbursement by the Lender for all payments made by the Secretary.

       If the circumstances described in (i) or (ii) occur, then all payments by the Secretary, including *interest on the payments but excluding late charges paid by the Secretary, shall be included in the debt under the Note.*

   (c) **Effect on Borrower.** Where there is no assignment or reimbursement as described in (b)(i) or (ii) and the Secretary makes payments to Borrower, then Borrower shall not:

       (i)    Be required to pay amounts owed under the Note, or pay any rents and revenues of the Property under Paragraph 19 to Lender or a receiver of the Property, until the Secretary has required payment in full of all outstanding principal and accrued interest under the Second Note; or

       (ii)   Be obligated to pay interest or shared appreciation under the Note at any time, whether accrued before or after the payments by the Secretary, and whether or not accrued interest has been included in the principal balance under the Note.

   (d) **No Duty of the Secretary.** The Secretary has no duty to Lender to enforce covenants of the Second Security Instrument or to take actions to preserve the value of the Property, even though Lender may be unable to collect amounts owed under the Note because of restrictions in this Paragraph 13.

14. **Forbearance by Lender Not a Waiver.** Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

15. *Successors and Assigns Bound; Joint and Several Liability. The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender. Borrower may not assign any rights or obligations under this Security Instrument or under the Note, except to a trust that meets the requirements of the Secretary.* Borrower's covenants and agreements shall be joint and several.

● **CALIFORNIA - Deed of Trust**
1R109-CA (12/07)                     COUNTRYWIDE BANK, FSB

**241**

**16. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address all Borrowers jointly designate. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this Paragraph 16.

**17. Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**18. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and this Security Instrument.

**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows:

**19. Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's Notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by this Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this Paragraph 19.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by this Security Instrument is paid in full.

● **CALIFORNIA - Deed of Trust**
1R109-CA (12/07)                    COUNTRYWIDE BANK, FSB
Page 8 of 14

**242**

**20. Foreclosure Procedure. If Lender requires immediate payment in full under Paragraph 9, Lender may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Paragraph 20, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any part of the Property is located. Lender or Trustee shall mail copies of the notice as prescribed by applicable law to Borrower and to the other persons prescribed by applicable law. Trustee shall give public notice of sale to the persons and in the manner prescribed by applicable law. After the time required by applicable law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

**21. Lien Priority.** The full amount secured by this Security Instrument shall have the same priority over any other liens on the Property as if the full amount had been disbursed on the date the initial disbursement was made, regardless of the actual date of any disbursement. The amount secured by this Security Instrument shall include all direct payments by Lender to Borrower and all other loan advances permitted by this Security Instrument for any purpose. This lien priority shall apply notwithstanding any State constitution, law or regulation, except that this lien priority shall not affect the priority of any liens for unpaid State or local governmental unit special assessments or taxes.

**22. Adjustable Rate Feature.** Under the Note, the initial stated interest rate of **three and two hundred fifty one thousandths percent (3.250%)** which accrues on the unpaid principal balance ("Initial Interest Rate") is subject to change, as described below. When the interest rate changes, the new adjusted interest rate will be applied to the total outstanding principal balance. Each adjustment to the interest rate will be based upon the weekly average yield on United States Treasury Securities adjusted to a constant maturity of one year, ("Index") plus a margin. The Index is published in the Federal Reserve Bulletin and made available by the United States Treasury Department in Statistical Release H.15 (519). If the Index is no longer available, Lender will be required to use any index prescribed by the Department of Housing and Urban Development. Lender will give Borrower notice of the new Index.

Lender will perform the calculations described below to determine the new adjusted interest rate. The interest rate may change on the first day of April 2008 and on ☐ that day of each succeeding year ☑ the first day of each succeeding month ("Change Date") until the loan is repaid in full.

● **CALIFORNIA - Deed of Trust**
1R109-CA (12/07)                    **COUNTRYWIDE BANK, FSB**

**243**

The value of the Index will be determined, using the most recent Index figure available thirty (30) days before the Change Date ("Current Index"). Before each Change Date, the new interest rate will be calculated by adding a margin to the Current Index and rounding that amount to the nearest one-eighth of one percent. The sum of the margin plus the Current Index will be called the "Calculated Interest Rate" for each Change Date. The Calculated Interest Rate will be compared to the interest rate in effect immediately prior to the current Change Date (the "Existing Interest Rate").

☐   (Annually Adjusting Variable Rate Feature)  The Calculated Interest Rate cannot be more than 2.0 percentage points higher or lower than the Existing Interest Rate, nor can it be more than 5.0 percentage points higher or lower than the Initial Interest Rate.

☑   (Monthly Adjusting Variable Rate Feature) The Calculated Interest Rate will never increase above thirteen and two hundred fifty one thousandths percent (13.250%).

*The Calculated Interest Rate will be adjusted if necessary to comply with the rate limitation(s) described above and will be in effect until the next Change Date.* At any Change Date, if the Calculated Interest Rate equals the Existing Interest Rate, the interest rate will not change.

**23. Reconveyance.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Lender may charge such person or persons a reasonable fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under applicable Law. If the fee charged does not exceed the fee set by applicable Law, the fee is conclusively presumed to be reasonable.

**24. Substitute Trustee.** Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee. Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by applicable Law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

**25. Request for Notices.** Borrower requests that copies of the notices of default and sale be sent to Borrower's address which is the Property Address.

**26. Statement of Obligation Fee.** Lender may collect a fee not to exceed the maximum amount permitted by applicable Law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

● **CALIFORNIA - Deed of Trust**
1R109-CA (12/07)                  **COUNTRYWIDE BANK, FSB**
                                        Page 10 of 14

**244**

**27. Obligatory Loan Advances.** Lender's responsibility to make Loan Advances under the terms of the Loan Agreement, including Loan Advances of principal to Borrower as well as Loan Advances for interest, MIP, Servicing Fees, and other charges shall be obligatory.

- **CALIFORNIA - Deed of Trust**
1R109-CA (12/07)                        COUNTRYWIDE BANK, FSB
                                        Page 11 of 14

**245**

**28. Riders to this Security Instrument.** If one or more Riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such Rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the Rider(s) were a part of this Security Instrument. [Check all Riders that are applicable].

☐ Condominium Rider        ☐ PUD Rider

☐ Shared Appreciation Rider        ☐ Other:

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider(s) executed by Borrower and recorded with it.

_____ (Seal)
Charles S. Simons        -Borrower

_____ (Seal)
       -Borrower

_____ (Seal)
       -Borrower

_____ (Seal)
       -Borrower

● *CALIFORNIA - Deed of Trust*
1R109-CA (12/07)        COUNTRYWIDE BANK, FSB
       Page 12 of 14

**246**

## NOTARY ACKNOWLEDGEMENT

*State of California,*

County of SAN Diego } ss.

On 2·11·08 before me, LU-ANN COE, NOTARY PUBLIC,
personally appeared CHARLES S SIMCAS

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

**I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.**

WITNESS my hand and official seal.

Signature _Lu·Ann Coe_ (Seal)

> LU-ANN COE
> COMM. # 1729773
> NOTARY PUBLIC · CALIFORNIA
> SAN DIEGO COUNTY
> MY COMM. EXP. MAR. 8, 2011

● **CALIFORNIA - Deed of Trust**

IR109-CA (12/07)   **COUNTRYWIDE BANK, FSB**
Page 13 of 14

**247**

# EXHIBIT A

Exhibit A to the Deed of Trust made on February 11, 2008, by Charles S. Simons, an unmarried man ("Borrower") to **ReconTrust Company** ("Trustee") for the benefit of COUNTRYWIDE BANK, FSB ("Lender"). The Property is located in the county of **SAN DIEGO,** State of California, described as follows

*Description of Property*

See Attached

• **CALIFORNIA - Deed of Trust**
1R109-CA (12/07)                                    **COUNTRYWIDE BANK, FSB**
                                                                          Page 14 of 14

15

**248**

# Exhibit A

**DESCRIPTION:**

THE FOLLOWING DESCRIBED REAL PROPERTY IN THE CITY OF ESCOMDIDO COUNTY OF SAN DIEGO, STATE OF CALIFORNIA:

LOT 7 OF ESCONDIDO ESTATES, UNIT NO. 1, ACCORDING TO MAP THEREOF NO. 4390 FILED IN THE OFFICE OF THE COUNTY RECORDER OF SAID SAN DIEGO COUNTY, NOVEMBER 13, 1959.

APN: 229-521-07-00

# EXHIBIT

# D

DOC # 2012-0751076

Recording Requested By:
**Bank of America**
Prepared By: **Diana De Avila**
*1800 Tapo Canyon Road*
*Simi Valley, CA 93063*
800-444-4302
When recorded mail to:
**CoreLogic**
**Mail Stop: ASGN**
**1 CoreLogic Drive**
**Westlake, TX 76262-9823**



DocID#   21989553373514

Property Address:
**1003 N Ivy St**
**Escondido, CA 92026-3028**
CA0-ADT  21597051  11/17/2012

**NOV 30, 2012    10:01 AM**
OFFICIAL RECORDS
SAN DIEGO COUNTY RECORDER'S OFFICE
Ernest J. Dronenburg, Jr., COUNTY RECORDER
FEES:            21.00
                                      DA:          1
**20742**          **PAGES:        2**



*This space for Recorder's use*

## ASSIGNMENT OF DEED OF TRUST

For Value Received, the undersigned holder of a Deed of Trust (herein "Assignor") whose address is **800 5TH AVENUE, SEATTLE, WASHINGTON 98104-3176** does hereby grant, sell, assign, transfer and convey unto **CHAMPION MORTGAGE COMPANY** whose address is **350 HIGHLAND DRIVE, LEWISVILLE, TEXAS 75067** all beneficial interest under that certain Deed of Trust described below together with the note(s) and obligations therein described and the money due and to become due thereon with interest and all rights accrued or to accrue under said Deed of Trust.

Original Lender:           **COUNTRYWIDE BANK, FSB.**
Original Borrower(s):      **CHARLES S. SIMONS, AN UNMARRIED MAN**
Original Trustee:          **RECONTRUST COMPANY**
Date of Deed of Trust:     **2/11/2008**
Original Loan Amount:      **$528,000.00**

*Recorded in San Diego County, CA  on: 2/19/2008, book N/A, page 234 and instrument number 2008-0081375*

IN WITNESS WHEREOF, the undersigned has caused this Assignment of Deed of Trust to be executed on
**NOV 19 2012**

                                        **BANK OF AMERICA, N.A.**

                                        By: _____

                                             Richard Paz
                                             Assistant Vice President

20743

State of California
County of Ventura

On __NOV 19 2012__ before me, _____ J. Mastrolonardo _____, Notary Public, personally appeared
_____ Richard Paz _____
, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity (ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

**I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.**

WITNESS my hand and official seal.

Notary Public: _____ J.Mastrolonardo _____        (Seal)
My Commission Expires: _____ Sept 19, 2015

J. MASTROLONARDO
COMM. # 1952917
NOTARY PUBLIC · CALIFORNIA
VENTURA COUNTY
COMM. EXPIRES SEPT. 19, 2015

# EXHIBIT

# E



Champion Mortgage
PO Box 91322
Seattle, WA  98111-9422

October 8, 2013

CHARLES SIMONS
PO BOX 460982
ESCONDIDO, CA 92046-0982

RE: Loan Number 895533
NOTICE OF DEFAULT

Dear Borrower or Estate Representative:

## IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION, and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until approximately 90 days from the date this notice of default may be recorded (which date of recordation appears on this notice).**

**This amount is $10,541.61 as of October 8, 2013**

**and will increase until your account becomes current.**

**While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.**

**Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is**

California Notice of Default (Payment)

Phone: 855-683-3095
Fax: 866-621-1036

7196 9006 9296 9803 8596



Champion Mortgage
PO Box 91322
Seattle, WA 98111-9422

A breach of the obligation for which the mortgage or transfer in trust is security has occurred. The reverse mortgage is in default due to the non-payment of taxes and/or insurance on the principal residence. The secured party has elected to sell the property to satisfy this obligation and any other obligation that is secured by the mortgage that is in default.

Mortgagor or Trustor Name: CHARLES SIMONS

Description of the Mortgaged or Trust Property:
1003 N IVY STREET
ESCONDIDO, CA 92026

Date the Notice of Default was recorded: October 8, 2013

Champion Mortgage declares that it has duly contacted the borrower to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure as required by California Civil Code § 2923.5(a)(2), it has tried with due diligence to contact the borrower as required by California Civil Code § 2923.5(g), or no contact with the borrower is required pursuant to California Civil Code § 2923.5(h).

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8:00 a.m. or after 9:00 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contract other persons to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. This is an attempt to collect a debt and any information obtained will be used for that purpose.

Sincerely,

Reverse Mortgage Customer Service

 California Notice of Default (Payment)

Phone: 855-683-3095
Fax: 866-621-1036

# EXHIBIT

# F

October 16, 2013

Shelden M. Simons
P.O. Box 270293
San Diego, Ca. 92198-2293

Qualified Written Request
VIA Certified Mail# 7012 2210 0001 7312 7286

Champion Mortgage
P.O. Box 40724
Lansing, Mi 48901-7924

Attn: Mortgage loan accounting department

RE Champion Mortgage Loan# 895533
     Bank of America Loan #68241006940199

Dear Sir or Madam,

Champion Mortgage is the current servicer of our mortgage loan at 1003 N. Ivy Street,
Escondido, Ca. 92026. We dispute the amount that is owed according the Monthly
Billing Statement and request that you send us information about the fees, costs, and
escrow accounting on our loan. This is a Qualified Written Request, pursuant to Real
Estate Settlement and Procedures Act section (2605(e)).

Specifically, we are requesting the itemization of the following:

1.  a complete payment and advance history that can be easily read and understood
    including, but not limited to, the dates, reason or description, and amounts of all
    the payments and advances made on the loan to date;

2.  a breakdown of the amount of any claimed arrears or delinquencies;

3.  An explanation of what you mean by assignment, sale, or transfer. Which one is
    it? Please include a copy of any and all assignments, proof of sale, proof of
    transfer and to whom that is associated with this loan;

4.  The payment dates, purpose of payment and recipient of all escrow items charged
    to our account since the loan's inception;

5.  A breakdown of the current escrow charges showing how it is calculated and
    reasons for any increase within the last 24 months;

6.  A copy of any annual escrow statements and notices of shortage, deficiency or surplus, sent to us within the life of the current loan;

7.  A copy of the recorded Assignment of Deed of Trust from Bank of America giving you the rights and ownership of the Deed of Trust; and

8.  A certified and acknowledged copy of the original note, that is properly endorsed as per California Civil Code, and was required to be in your possession as of the date of recording of the assignment of Deed of Trust of paragraph 7.

**I am hereby requesting in writing that neither you, nor any agent on your behalf, call me or my father at home or at work. Do not call me at my home number, or at my place of employment. Please give this information to the appropriate parties within your company so they may comply.**

In Order to avoid any misunderstanding, all communication henceforth shall be on the record, i.e. in writing, signed by the responsible party, and duly served. Please serve all communications and processes directly to me Shelden M. Simons at the mailing address provided below my signature.

Thank you for acknowledging and answering these requests most of which are required by the Real Estate Settlement and Procedures Act § (2605(e)).

Very truly yours,

*Shelden M Simons*

Shelden M. Simons
P.O. Box 270293
San Diego, California
92198-2293

Enclosures:
Copy of recorded Power of Attorney, Doc #2012-0621938
Acknowledged Third Party Certificate of Mailing

## THIRD PARTY CERTIFICATE OF SERVICE

The services in this matter are done on behalf of Shelden Simons, American Citizen.

It is hereby certified that on this 16th day of October, 2013, I, Shelden Simons, authorize the undersigned Dave Connors to Mail these Documents to:

Champion Mortgage
P.O. Box 40724
Lansing, Mi 48901-7924

Hereinafter, "Recipient", the documents and sundry papers which include the following:

1. Qualified Written Request dated October 16, 2013
2. Copy of Third Party's Certificate of Service dated October 16, 2013
3. Copy of recorded Power of Attorney, Doc #2012-0621938

By certified mail number: #7012 2210 0001 7312 7286, by placing the same in postpaid envelope, properly addressed to Recipient at the said address above and depositing the same at an official depository under the exclusive face and custody of the U.S. Postal Service within the State of California

Third Party Signature as Witness to Documents:  _____

I, DAVE CONNORS, certify that these Documents have been witnessed on this 16th day of October, 2013, and all the Documents being sent out are true and correct to the best of my knowledge.


_____          Date: 10/16/13
DAVE CONNORS

State of California
County of San Diego

Subscribed and sworn to (or affirmed) before me on this 16th day of October, 2013, DAVE CONNORS, proved to me on the basis of satisfactory evidence to be the person who appeared before me.


_____  (Seal)
Anastasia Stein, Notary Public
Commission # 1979496, Expires May 25, 2016

ANASTASIA STEIN
Commission # 1979496
Notary Public - California
San Diego County
My Comm. Expires May 25, 2016

English    Customer Service    USPS Mobile    Register / Sign In


**USPS.COM**

Search USPS.com or Track Packages

Quick Tools
Track
Find USPS Locations
Buy Stamps
Schedule a Pickup
Calculate a Price
Find a ZIP Code™
Hold Mail
Change of Address

Find    Ship a Package    Send Mail    Manage Your Mail    Shop    Business Solutions

## USPS Tracking™

Customer Service ›
Have questions? We're here to help.

**Tracking Number: 70122210000173127286**

**Scheduled Delivery Day: October 19, 2013**

## Product & Tracking Information

**Postal Product:**
First-Class Mail®

**Features:**
Certified Mail™

Return Receipt

## Available Options

Email Updates

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| October 21, 2013 , 8:40 am | Delivered | LANSING, MI 48933 |
| October 18, 2013 | Depart USPS Sort Facility | LANSING, MI 48924 |
| October 18, 2013 , 11:15 pm | Processed through USPS Sort Facility | LANSING, MI 48924 |
| October 18, 2013 , 1:37 pm | Processed through USPS Sort Facility | DETROIT, MI 48233 |
| October 17, 2013 | Depart USPS Sort Facility | SAN DIEGO, CA 92199 |
| October 16, 2013 , 10:09 pm | Processed at USPS Origin Sort Facility | SAN DIEGO, CA 92199 |
| October 16, 2013 , 7:14 pm | Dispatched to Sort Facility | ESCONDIDO, CA 92025 |
| October 16, 2013 , 12:05 pm | Acceptance | ESCONDIDO, CA 92025 |

## Track Another Package

**What's your tracking (or receipt) number?**

Track It

LEGAL
Privacy Policy ›
Terms of Use ›
FOIA ›
No FEAR Act EEO Data ›

ON USPS.COM
Government Services ›
Buy Stamps & Shop ›
Print a Label with Postage ›
Customer Service ›
Delivering Solutions to the Last Mile ›
Site Index ›

ON ABOUT.USPS.COM
About USPS Home ›
Newsroom ›
USPS Service Alerts ›
Forms & Publications ›
Careers ›

OTHER USPS SITES
Business Customer Gateway ›
Postal Inspectors ›
Inspector General ›
Postal Explorer ›

**USPS.COM**    Copyright© 2013 USPS. All Rights Reserved.

# EXHIBIT

# G



**Reverse Mortgage Servicing Department**

PO Box 91322, Seattle, WA 98111-9422
Toll-Free Customer Service: 855-683-3095
Toll-Free Customer Fax: 866-621-1036

October 22, 2013

Sheldon Simons
P.O. Box 270293
San Diego, CA  92198

Re:  Reverse Mortgage Loan     XX5533
     Property Address           1003 N Ivy Street
                                Escondido, CA 92026

**Dear Mr. Simons:**

Thank you for taking the time to contact us with regard to the above referenced loan.

**Why am I receiving this letter?**

We are in the process of reviewing the account with consideration to the issues cited in your correspondence.  **At the conclusion of that process we will provide you with a letter of response.**

**What if I still have questions?**

If you have any additional questions in the meantime, please contact us at: (855) 683-3095. We are available Monday through Thursday 8:00 am to 8:00 pm Eastern Standard Time, and Friday, 8:00 am to 5:00 pm Eastern Standard Time.

Sincerely,

Angel Deal
**Champion Mortgage Company**

This is an attempt to collect a debt and any information obtained will be used for that purpose.  However, if this debt is involved in a bankruptcy or has been discharged in a bankruptcy proceeding, this communication is not an attempt to collect a debt against you and any information obtained or given will be for informational purposes only.



# EXHIBIT



Recording Requested By:
Title365



DOC # 2013-0714422

DEC 11, 2013     8:00 AM

OFFICIAL RECORDS
SAN DIEGO COUNTY RECORDER'S OFFICE
Ernest J. Dronenburg, Jr., COUNTY RECORDER
FEES:     19.00
**PAGES:**     **2**



When Recorded Mail To:
**Sage Point Lender Services, LLC**
**400 Exchange, Suite 110**
**Irvine, CA 92602**

Space above this line for Recorder's use only

APN.: 229-521-07-00
TS NO: 8787-010110-F00
Title Order No.: 1304212
Purported Property Address: 1003 N IVY STREET, ESCONDIDO, CA 92026

### SUBSTITUTION OF TRUSTEE

WHEREAS,

**CHARLES S. SIMONS, AN UNMARRIED MAN**

was the original Trustor, **RECONTRUST COMPANY** was the original Trustee, and **COUNTRYWIDE BANK, FSB** was the original Beneficiary under that certain Deed of Trust Dated February 11, 2008 and recorded on February 19, 2008 as Instrument No. 2008-0081375,    Parcel No. 229-521-07-00 of Official Records of San Diego County, California; and

WHEREAS, the undersigned is the present Beneficiary under said Deed of Trust, and

WHEREAS, the undersigned desires to substitute a new Trustee under said Deed of Trust in place and instead of said original Trustee, or Successor Trustee, thereunder, in the manner in said Deed of Trust provided,

NOW, THEREFORE, the undersigned hereby substitute, **Sage Point Lender Services, LLC**
WHOSE ADDRESS IS: **400 Exchange, Suite 110 Irvine, CA 92602**, as Trustee under said Deed of Trust.

Whenever the context hereof so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

## SUBSTITUTION OF TRUSTEE - PAGE 2

TS No. : 8787-010110-F00

California

Champion Mortgage Company (Nationstar Mortgage LLC, DBA)

Date: 10/22/13

Melanie Harris          Assistant Secretary

State of Texas

County of Denton

Before me, **Erika Kasprzak**, on this day personally appeared **Melanie Harris**, known to me to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he/she executed the same in his/her authorized capacity for the purposes and consideration therein expressed.

Given under my hand and seal of this office this 22nd day of October, 20 13.

(Seal)

ERIKA KASPRZAK
Notary Public, State of Texas
My Commission Expires
March 07, 2017

# EXHIBIT

# I



**Reverse Mortgage Servicing Department**

PO Box 91322, Seattle, WA 98111-9422
Toll-Free Customer Service: 855-683-3095
Toll-Free Customer Fax: 866-621-1036

December 3, 2013

Charles Simons
Sheldon M. Simons
P.O. Box 270293
San Diego, CA 92198

Re:  Reverse Mortgage            Loan    XX5533
     Property Address            1003 N Ivy Street
                                 Escondido, CA 92026

Dear Mr. Simons,

Thank you for contacting Champion Mortgage ("Champion"). We received your Qualified Written Request dated October 16, 2013. We have updated the account to cease all phone communicating efforts as requested in your correspondence. Please see below for Champion's response to your questions.

1) For a detailed listing of payment and advance activity with Champion, please refer to the enclosed annual statements. For payment history prior to service transfer, please refer to monthly statements previously provided by Bank of America. If copies of statements are needed, you may request a copy directly with Bank of America at:

    Bank of America, N.A
    P.O Box 29961
    AZ1-807-01-29
    Phoenix, AZ 85038

2) A review of your account has confirmed you current default balance of $11,187.17 is correct. Please see below for an itemized list of all lender advances, credits, and refunds to account for your current default balance:

| | | | |
|---|---|---|---|
| 07/08/2010 | $2,575.00 | Lender placed hazard insurance | 02/01/2010-02/01/2011 |
| 07/08/2010 | ($274.24) | Line of credit applied to default balance | |
| 04/16/2012 | $1,740.00 | **Lender placed hazard insurance** | 05/10/2011-05/10/2012 |
| 06/21/2012 | $1,740.00 | **Lender placed hazard insurance** | 05/10/2012-05/10/2013 |
| 08/01/2012 | $1,460.68 | 2011 San Diego County Lender tax payment | |
| 10/20/2012 | $1,470.00 | Lender placed hazard insurance | 10/01/2012-10/01/2013 |
| 10/26/2012 | ($1,058.00) | Refund for unused hazard insurance | 09/30/2012-05/10/2013 |
| 08/09/2013 | $1,491.17 | 2012 San Diego County Lender tax payment | |
| 10/02/2013 | $1,397.00 | **Lender placed hazard insurance** | 10/01/2013-10/01/2014 |
| 11/15/2012 | ($2.07) | **San Diego County Tax refund** | |
| 11/22/2013 | $647.63 | 2013 (first half) San Diego County Lender tax payment | |

3) Please see enclosed copy of service transfer notification previously mailed by Bank of America. Your reverse mortgage was service transferred from Bank of America to Champion on 10/1/2012. The transfer of loan servicing is a common practice across the industry, please be assured that the transfer does not affect any other terms or conditions of your home loan. Recorded copy of Assignment of Deed of Trust enclosed.

This is an attempt to collect a debt and any information obtained will be used for that purpose. However, if this debt is involved in a bankruptcy or has been discharged in a bankruptcy proceeding, this communication is not an attempt to collect a debt against you and any information obtained or given will be for informational purposes only.



4) Please see itemized list provided in question 2 for lender payment history. For a detailed listing of payment and advance activity with Champion, please refer to the enclosed annual statements. Loan is in default for delinquent lender tax and insurance advances.

5) Not applicable, there are no escrow accounts in connection with this loan.

6) Copies of default notices previously mailed are enclosed. Supporting documentation for lender tax and insurance advances are also enclosed for your reference.

7) Recorded copy of Assignment of Deed of Trust enclosed.

8) Copies of first and second NOTE enclosed.

**From the date of this letter, Champion has not received proof of homeowners insurance for dates outlined in our response to question 2. If you had insurance during the referenced dates, please submit proof so that we may refund your account.**

Per terms and conditions of your Mortgage, it is your responsibility for pay all property charges consisting of taxes, ground rents, flood and hazard insurance premiums, and special assessments in a timely manner. Your loan was called "Due and Payable" on March 29, 2013 for delinquent tax and insurance payments, and subsequently referred to foreclosure on September 27, 2013. Repayment of all lender property charge advances is required.

It is necessary to agree to a Repayment plan agreement ("RPA") and to demonstrate the commitment to pay by submitting the first payment as certified funds. **Establishing an RPA is the first step in rescinding foreclosure action on your property on the path to returning the account to active status. Per U.S. Department of Housing and Urban Development ("HUD") guidelines the longest period we may extend repayment is 24 months. If repayment were extended to 24 months, the amount owed per month would be $466.14. Please sign one copy of enclosed RPA and return it with your first payment as certified funds. If you are unable to setup a valid RPA, there are other options for satisfying the reverse mortgage loan:**

1. **Obtain a conventional mortgage and payoff the current loan – contact local lenders or financial institutions in your area for more information.**

2. Obtain a new reverse mortgage loan, 62 or older (the National Reverse Mortgage Lenders Association ("NRMLA") maintains a website at www.reversemortgage.org, which contains tools to help find a lender in your area).

3. **Sell the property to payoff the loan- seller keeps the proceeds above outstanding loan balance.**

4. Short Sale - The mortgage will be released and no deficiency judgment filed if the property sells for at least 95% of the new appraised value, even if the outstanding loan balance is greater than the current appraised value. Please contact us for more information if interested in this option and **believe the property value is less than the outstanding principal balance at the time**

5. *We are allowed to consider accepting a "deed-in-lieu" of foreclosure, as long as clear title can be conveyed. Essentially, selecting this option avoids foreclosure by allowing the party with legal authority to deed the property back over to the investor of the loan at no cost to the borrower. If you would be interested in this option, please contact us to see if you qualify.*

This is an attempt to collect a debt and any information obtained will be used for that purpose. However, if this debt is involved in a bankruptcy or has been discharged in a bankruptcy proceeding, this communication is not an attempt to collect a debt against you and any information obtained or given will be for informational purposes only.


EQUAL HOUSING
LENDER

Take no action at all resulting in continued foreclosure action.  You can still payoff your reverse mortgage during foreclosure.  **Your payoff will include attorney costs and all other applicable fees.**

We hope this information is helpful.  If you have any additional questions, please contact us at (855) 683-3095. We are available Monday through Thursday 8:00 am to 8:00 pm Eastern Standard Time, and Friday, 8:00 am to 5:00 pm Eastern Standard Time.

Sincerely,

Angel Deal
**C**hampion Mortgage Company

This is an attempt to collect a debt and any information obtained will be used for that purpose.  However, if this debt is involved in a bankruptcy or has been discharged in a bankruptcy proceeding, this communication is not an attempt to collect a debt against you and any information obtained or given will be for informational purposes only.

EQUAL HOUSING
LENDER

# EXHIBIT

# J



**Reverse Mortgage Servicing Department**

P.O Box 91322, Seattle, WA 98111-9422
Toll-Free Customer Service: 855-683-3095
Toll-Free Customer Fax: 866-621-1036

December 3, 2013


CHARLES S SIMONS
PO BOX 460982
ESCONDIDO, CA 92046-0982



RE:    Reverse Mortgage Loan #895533

Dear CHARLES S SIMONS:

Your loan is currently in default due to the non-payment of property taxes and Insurance. Up to this point we have advanced $11,187.17 on your behalf and it is your responsibility to repay those funds as soon as possible.

In order to help you bring the loan back to current status, we have agreed to a repayment plan agreement.

We have included two (2) copies of the repayment plan agreement in this envelope. Please sign one (1) copy of the agreement and return it, by the due date listed, to the address below or fax to (866) 616-2160.

Reverse Mortgage Servicing Department
PO Box 40724
Lansing, MI 48901-7924

> If you do not honor the requirements of the repayment plan agreement, your reverse mortgage may be called due and payable. If your loan is approved to be called due and payable, it could lead to foreclosure on your home, which we want to help you avoid.

You may also seek the advice, free of charge, of a HUD counselor in your area by calling toll-free at (800) 569-4287.

If you have any questions about the documents enclosed, please feel free to contact us toll-free at (855) 683-3095.

Sincerely,

Judi M.

# EXHIBIT

# K

Recording Requested By:
Title365

**DOC # 2013-0714423**

When Recorded Mail To:
Sage Point Lender Services, LLC
400 Exchange, Suite 110
Irvine, CA 92602

DEC 11, 2013    8:00 AM
OFFICIAL RECORDS
SAN DIEGO COUNTY RECORDER'S OFFICE
Ernest J. Dronenburg, Jr., COUNTY RECORDER
FEES:          28.00
                                DA:        1

**PAGES:        4**

APN:    229-521-07-00
Property : 1003 N IVY STREET, ESCONDIDO, CA 92026

Space above this line for Recorder's use only
Title Order No. : 1304212
TS No. : 8787-010110-F00

# NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

**(THE FOLLOWING REFERENCE TO AN ATTACHED SUMMARY IS APPLICABLE TO THE NOTICE PROVIDED TO THE TRUSTOR ONLY)**
NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

# NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

**Pursuant to California Code Section 2924c(b)(1) please be advised of the following:**

## IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION, and** you may have the legal right to bring your account into good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until approximately 90 days from the date this Notice of Default is recorded (which date of recordation appears on this notice).

V2.1 12.5.2013

TS No.:        8787-010110-F00

This amount is $329,277.59 as of December 10, 2013, and will increase until your account becomes current. While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three months after this Notice of Default is recorded) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2);

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:
   Champion Mortgage Company (Nationstar Mortgage LLC, DBA)
   C/O Champion Mortgage Company
   350 Highland Drive
   Lewisville, TX 75067
   855-683-3095

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.

# REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

V2.1 12.5.2013

TS No.:    8787-010110-F00

NOTICE IS HEREBY GIVEN: That SAGE POINT LENDER SERVICES, LLC is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated: **February 11, 2008**, executed by **CHARLES S. SIMONS, AN UNMARRIED MAN**, as Trustor(s) to secure certain obligations originally in favor of **COUNTRYWIDE BANK, FSB** as Beneficiary, recorded as Instrument No. **2008-0081375**, on **February 19, 2008**, of Official Records, in the office of the County Recorder of **San Diego County, California** describing land therein as more fully described in the above mentioned deed of trust.

Said obligations including ONE NOTE FOR THE ORIGINAL sum of **$528,000.00**, that the beneficial interest under such Deed of Trust and the obligations secured thereby are presently held by the beneficiary; that a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that: a non- payment of property taxes and/or property insurance on the principal residence has been reported.
That by reason thereof, the present beneficiary under such deed of trust, has elected to accelerate the debt and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

*For mortgages or deeds* that are secured by owner-occupied residential real property containing no more than four dwelling units, the mortgage servicer declares that it has contacted the borrower, has tried with due diligence to contact the borrower as required by California Civil Code Section 2923.55, or that no contact was required because the borrower did not meet the definition of "borrower" pursuant to California Civil Code Section 2920.5 Subdivision (c). A declaration pursuant to California Civil Code Section 2923.55 is attached.

> **SAGE POINT LENDER SERVICES, LLC**
> **AS TRUSTEE**
>
> By: _____
>
> Date: 12 / 10 / 13
>
> **Name: Geoffrey Neal**
> **Trustee Sales Officer**

**SAGE POINT LENDER SERVICES, LLC MAY BE ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.**

V2.1 12.5.2013

**DECLARATION OF MORTGAGE SERVICER**
**PURSUANT TO CIVIL CODE 2923.55(c)**

Borrower:          CHARLES SIMONS
Property Address:    1003 N IVY STREET
                        ESCONDIDO, CA 92026

**T.S. No.**

The undersigned, as an authorized agent or employee of the mortgage servicer named below declares that:

1. ( ) The mortgage servicer has contacted the borrower pursuant to California Civil Code 2923.55(b)(2) "to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure". Thirty (30) days, or more, have passed since the initial contact was made.

2. (X) Despite the exercise of due diligence pursuant to California Civil Code 2923.55(f), the mortgage servicer has been unable to contact the borrower "to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure". Thirty (30) days, or more, have passed since these due diligence efforts were satisfied.

3. ( ) No contact was required by the mortgage servicer because the individual(s) did not meet the definition of "borrower" pursuant to the subdivision (c) of Section 2920.5

4. ( ) The requirements of Cal. Civil Code 2923.55 do not apply because the loan is not secured by a first mortgage or first deed of trust that secures a loan, or that encumbers real property as described in Civil Code 2924.15(a).

I certify that this declaration is accurate, complete and supported by competent and reliable evidence, which the mortgage servicer has reviewed to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

Champion Mortgage Company (Nationstar Mortgage, LLC DBA)

Dated: _____11/8/13_____

By: _____
      Michael V. Kressin – Vice President

# EXHIBIT

# L

Charles S. Simons
Shelden M. Simons
1026 W. El Norte Pkwy #246
Escondido, CA 92026-3341


March 6, 2014

Judi M.
Champion Mortgage
Reverse Mortgage Servicing Department
PO Box 40724
Lansing, MI 48901-7924

7007 3020 0002 2057 6455

Re: Reverse Mortgage Loan #895533

Judi M.

This letter is lawful notification to Champion Mortgage and Judi M., as the first step of due process of law pursuant to the Bill of Rights and the Federal Constitution, in particular Articles, I, IV, V, VII, and IX of the Amendments and the California State Constitution, in particular Article 1, Sections 2, 5, 6, 7, 8, and 13, and requires your written response to me specific to the subject matter. . Please take Notice that Charles S. Simons and Shelden M. Simons **CONDITIONALLY ACCEPTS YOUR CLAIM UPON <u>BONA FIDE PROOF (in good faith and with without deceit) that your claim is lawful and valid.</u>**

In response to your December 3, 2013 letter and enclosures, I hereby respond accordingly. I submitted to Champion Mortgage a qualified written request dated October 16, 2013 which was mailed via USPS Certified Mail Return Receipt. According to USPS and the Loan Servicing Department's Received stamp, the letter was received by Champion Mortgage on October 21, 2013. I submitted this QWR pursuant to 12 USC 2605 and therefore the actions of the servicer are dictated therein. It clearly states that within 5 days (excluding legal public holidays, Saturdays, and Sundays) a written response acknowledging receipt of the correspondence is required by the servicer to the borrower. This response was never received by either my father Charles Simons or me.

The first response I received from Champion Mortgage was the package sent with a letter indicating you Judi M. as the author despite the lack of wet signature. The law further requires that the information requested by the borrower be submitted back to the borrower, or any errors corrected or notice for failure to locate the documents requested no later than 30 days after the receipt from any borrower. This letter from you indicates it was written on December 3, 2013 and wasn't received by me until December 17, 2013. The letter date shows clearly that you, on behalf of Champion Mortgage, violated these laws by exceeding the 30 day time limit by 12 days. This law also allows for any damages and costs to be awarded to the borrower when the servicer violates any of the provisions of that section of law including up to $2,000 for any additional damages (including punitive damages) as the court may allow for the mere noncompliance with the requirements.

Furthermore, the documents sent in your response to my QWR were incomplete. The documents requested that are missing from your mailing are:

**1.** An explanation of what you mean by assignment, sale, or transfer. Which one is it? Please include a copy of any and all assignments, proof of sale, proof of transfer and to whom that is associated with this loan.

**2.** A copy of the recorded Assignment of Deed of Trust from Bank of America giving you the rights and ownership of the Deed of Trust.

    **a)** You provided an assignment from Countrywide Bank, FSB to Champion Mortgage.

    **b)** All documentation included in your answer prior to your so-called purchase of the obligation was from Bank of America, not Countrywide Bank, FSB.

    **c)** Please so proper documentation of the legal transfer of the debt to you from Bank of America.

**3.** Certified and acknowledged copy of the original note that is properly endorsed

    **a)** I specifically requested a "CERTIFIED AND ACKNOWLEDGED" copy of the original note that is properly endorsed as per California Civil Code. I was sent a copy of the "CERTIFIED" copy of the note with no endorsements.

This leads me to the belief that Champion Mortgage is not in possession of the ORIGINAL note that is properly endorsed as per California Civil Code and therefore according to the law and the rulings upheld in the Supreme Court last year, Champion Mortgage is no longer entitled to collecting payments allegedly due in this matter. Therefore to clear up this confusion, I am officially requesting to have the opportunity to personally view the original note that is properly endorsed as per California Civil Code and in the possession of Champion Mortgage and would like the information necessary to arrange this viewing.

In addition to the violations and incomplete documents provided, I have been made aware that within 8 days of the date of the writing of your response letter, a Notice of Default was recorded in the County Recorders Office in San Diego County against the property represented in this matter. The information in your letter provided a repayment plan agreement to bring the defaulted amount current allowing for the first payment to be made on January 15, 2014, yet the NOD was still filed almost a whole month prior.

Please take notice of my demand to receive a payoff statement for this account and that the NOD be retracted so I may be allowed the opportunity to cure the deficiencies between Champion Mortgage and myself.

The response letter I received failed to provide me with either a direct phone number to you personally, or an extension on which I may reach you as required by the law under the 12 USC 2605(e)(2)(B)(ii) as you presented yourself as the person legally authorized to assist me with this account and are the representative that is lawfully allowed to make an offer to settle Champion Mortgage's alleged claim in this matter. Hence, I further request for this specific information to also be provided to me immediately.

Enclosed is an updated Power of Attorney authorizing me to discuss this matter with you and Champion Mortgage on behalf of my father Charles S. Simons.

Thank you for your quick response and realization that time is of the essence in this current matter.

All Rights Reserved,


_Shelden M Simons_
_____
Shelden M. Simons, American Citizen


Enclosures:

1) Recorded Power of Attorney Document #2014-0051592
2) Copy of Third Party Certificate of Service
3) Qualified Written Request dated October 16, 2013 received by Champion Mortgage October 21, 2013


Cc: File

SMS/ajs

# EXHIBIT

# M

Recording Requested By:
**Title365**

When Recorded Mail To:
**Sage Point Lender Services, LLC**
400 Exchange, Suite 110
Irvine, CA 92602
949-265-0940

TSG No.:     730-1304212-70
TS No.:      8787-010110-F00

**DOC # 2014-0100973**

MAR 14, 2014     8:00 AM
OFFICIAL RECORDS
SAN DIEGO COUNTY RECORDER'S OFFICE
Ernest J. Dronenburg, Jr., COUNTY RECORDER
FEES:          22.00
                              DA:        1
                    **PAGES:**          **2**

Space above this line for Recorder's use only

APN:    229-521-07-00
Property: 1663 N IVY STREET, ESCONDIDO, CA 92826

Title Order No.: 730-1304212-70
Trustee Sale No.: 8787-010110-F00

## NOTICE OF TRUSTEE'S SALE

**(THE FOLLOWING REFERENCE TO AN ATTACHED SUMMARY IS APPLICABLE TO THE NOTICE PROVIDED TO THE TRUSTOR ONLY)**
NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

## NOTICE OF TRUSTER'S SALE

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST, DATED February 11, 2008. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

On April 15, 2014, Sage Point Lender Services, LLC, as duly appointed Trustee

WILL SELL AT PUBLIC AUCTION TO HIGHEST BIDDER FOR CASH, CASHIER'S CHECK/CASH EQUIVALENT drawn on a state or national bank, cashier's check drawn by a state or federal credit union, or a cashier's check drawn by a state or federal savings and loan association, or savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state, or other form of payment authorized by 2924h(b). (Payable at time of sale in lawful money of the United States). The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to satisfy the obligation secured by said Deed of Trust with interest and late charges thereon, as provided in said note(s), advances, under the terms of said Deed of Trust, fees, charges and expenses of the Trustee and of the trusts created by said Deed of Trust. The undersigned Trustee disclaims any liability for any incorrectness of the property address or other common designation, if any, shown herein.

All right, title and interest conveyed to and now held by it under said Deed of Trust in the property situated in said County and State described as:

AS MORE FULLY DESCRIBED IN BELOW MENTIONED DEED OF TRUST

Executed by: **CHARLES S. SIMONS, AN UNMARRIED MAN**
Recorded on February 19, 2008, as Instrument No. 2008-0081375,     of Official Records, in the office of the County Recorder of San Diego County, California

TS No.: 8787-010110-F00

Date of Sale:     April 15, 2014 at 10:00 AM
Place of Sale:    at the entrance to the East County Regional Center by the statue, 250 E. Main St., El Cajon, CA 92020

The street address and other common designation, if any, of the real property described above is purported to be:

### 1003 N. IVY STREET, ESCONDIDO, CA 92026
### APN# 229-521-07-00

The total amount of the unpaid balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of this Notice of Sale is $331,689.84. The beneficiary under said Deed of Trust heretofore executed and delivered to the undersigned a written Declaration of Default and Demand for Sale, and a written Notice of Default and Election to Sell. The undersigned caused said Notice of Default and Election to Sell to be recorded in the County where the real property is located.

If the Trustee is unable to convey title for any reason, the successful bidder's sole and exclusive remedy shall be the return of monies paid to the Trustee, and the successful bidder shall have no further recourse. If the sale is set aside for any reason, the Purchaser at the sale shall be entitled only to the return of the deposit paid. The Purchaser shall have no further recourse against the Mortgagor, the Mortgagee, or the Mortgagee's Attorney.

**NOTICE TO POTENTIAL BIDDERS:** If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

**NOTICE TO PROPERTY OWNER:** The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call 855-880-6845 or visit this Internet Web site WWW.NATIONWIDEPOSTING.COM, using the file number assigned to this case 8787-010110-F00. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

Date: March 12, 2014

Sage Point Lender Services, LLC
400 Exchange, Suite 110
Irvine, CA 92602
949-265-9940

David Garcia

FOR TRUSTEE'S SALE INFORMATION PLEASE CALL 855-880-6845 or visit
WWW.NATIONWIDEPOSTING.COM

SAGE POINT LENDER SERVICES, LLC MAY   BE   ACTING   AS   A   DEBT COLLECTOR
ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED MAY BE USED FOR THAT
PURPOSE.

# EXHIBIT

# N

PLEASE COMPLETE THIS INFORMATION.

RECORDING REQUESTED BY:

Title 365

AND WHEN RECORDED MAIL TO:

Sage Point Lender Services, LLC

400 Exchange, #110

Irvine, CA 92602

DOC # 2014-0172318

APR 30, 2014     8:00 AM
OFFICIAL RECORDS
SAN DIEGO COUNTY RECORDER'S OFFICE
Ernest J. Dronenburg, Jr., COUNTY RECORDER
FEES:        22.00
                                           DA:        1
                      PAGES:        2

*THIS SPACE FOR RECORDER'S USE ONLY*

Assignment of Deed of Trust

(Please fill in document title(s) on this line)

COPY

THIS PAGE ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION
(Additional recording fee applies)

9/95
Rec.Form RR25

Recording requested by

Requested and Prepared by:
**Sage Point Lender Services, LLC**

When Recorded Mail To:
**Sage Point Lender Services, LLC**
**400 Exchange, Suite 110**
**Irvine, CA 92602**
TS NO: 8787-010110-F00



Purported Property Address: **1003 N IVY STREET, ESCONDIDO,**      APN.: **229-521-07-00**
CA 92026

## ASSIGNMENT OF DEED OF TRUST

For Value Received, the undersigned hereby grants, assigns, and transfers to:

**U.S. Bank National Association, on behalf of Mortgage Equity Conversion Asset Trust 2011-1**

all beneficial interest under that certain Deed of Trust dated: February 11, 2008 executed by **CHARLES S. SIMONS, AN UNMARRIED MAN**, as Trustor(s), to RECONTRUST COMPANY, as Trustee, and recorded as Instrument No. 2008-0081375, on February 19, 2008, of Official Records, in the office of the County Recorder of San Diego County, California together with the Promissory Note secured by said Deed of Trust and also all rights accrued or to accrue under said Deed of Trust

Date ___4/4/14___

**Champion Mortgage Company (Nationstar Mortgage LLC, DBA)**

___ NT Sm ___ 4/4/14

Justin Smetters      Assistant Secretary

State of Texas

County of __Dallas__

Before me, ___Jeffrey Jefferson___, on this day personally appeared
_____Justin Smetters_____, known to me (or proved to me on the oath of
__Personally Known__ or through description of identity card or other document) to be the person whose name is subscribed to the foregoing instrument and acknowledged to me that he/she executed the same in his/her authorized capacity for the purposes and consideration therein expressed.

Given under my hand and seal of this office this __4th__ day of __April__, 20_14_.

_____
(Seal)

> JEFFREY JEFFERSON
> Notary Public, State of Texas
> My Commission Expires
> December 18, 2018

V2.0 12.24.13

# EXHIBIT

O



**Reverse Mortgage Servicing Department**

PO Box 91322, Seattle, WA 98111-9422
Toll-Free Customer Service: 855-683-3095
Toll-Free Customer Fax: 866-621-1036

April 22, 2014

Sheldon Simons
1026 W. El Norte Parkway, #246
Escondido, CA 92026

Re:    Reverse Mortgage Loan XX5533
       Property Address      **1003 N. Ivy Street**
                             **Escondido, CA 92026**

Dear Sheldon Simons,

**Why am I receiving this letter?**

Thank you for contacting Champion Mortgage ("Champion"). We received your correspondence dated March 11, 2014 regarding the prior response to your requested dated October 16, 2013.

We at Champion Mortgage offer our sincere apologies that you did not receive the acknowledgment letter we sent on October 22, 2013. Please find a copy enclosed for your records.

In your correspondence you state, "The law further requires that the information requested by the borrower be submitted back to the borrower, or any errors corrected or notice of failure to locate the documents requested no later than 30 days after the receipt from any borrower." Please be advised that per Section 1463(c) of the Dodd-Frank Act, amending the Real Estate Settlement Procedures Act (RESPA) of 1974 a requires a response not later than 30 days (excluding legal public holidays, Saturdays, and Sundays) after the receipt from any borrower of any qualified written request. Our response dated December 3, 2013 meets this requirement. Please see enclosed copies of RESPA and Section 1463(c) of the Dodd-Frank Act for your reference.

In regards to your concern that our prior response was incomplete, please see the following clarifications.

   1. "An explanation of what you mean by assignment, sale, or transfer. Which one is it? Please include a copy of any and all assignments, proof of sale, and proof of transfer and to whom that is associated with this loan."

      The term *"assignment, sale or transfer"* is all encompassing language that is used when a loan, or group of loans, is moved from one financial institution to another. Generally, a mortgage is assigned and servicing rights are transferred when a loan is sold. The Proof of sale" would be the recorded assignment of mortgage. In our prior response we provided a copy of the Notice of Assignment, Sale or Transfer of Serving Rights that was sent to you by your previous servicer. In addition we provided a copy of the recorded assignment of mortgage from Bank of America to Champion.

   2. "A copy of the recorded Assignment of Deed of Trust from Bank of America giving you the rights and ownership of the Deed of Trust."

This is an attempt to collect a debt and any information obtained will be used for that purpose. However, if this debt is involved in a bankruptcy or has been discharged in a bankruptcy proceeding, this communication is not an attempt to collect a debt against you and any information obtained or given will be for informational purposes only.



As stated above, this was provided in our prior response. I have enclosed a copy with both parties highlighted. The assignment also shows that the original lender was Countrywide Bank, FSB.

3. "Certified and acknowledged copy of the original note that is properly endorsed."
    The note is held by our document custodian and not available for general business. In our prior response we provided a copy of the enclosed note that was certified as a true and correct copy prior to being sent to the custodian. We will not be able to facilitate your request to view the original note.

In your correspondence you indicate that the Notice of Default was recorded in the San Diego County Recorders office prior to the first payment due date of the repayment agreement that was offered in our prior response. The filing of this notice is one of many steps required in a foreclosure. As stated in our letter dated December 3, 2013, establishing a repayment agreement is the first step in rescinding foreclosure action on your property. Our records indicate that the foreclosure sale was completed on April 17, 2014 because we did not receive a signed repayment agreement.

As a result of the completed foreclosure sale, we are no longer able to offer a payoff for this loan.

RESPA Section 2605(e)(2)(B)(ii) requires the borrower to be provided, "the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower. Our prior response was signed by me and included the toll free number for our Seattle office. As an alternative, I can be reached at (206) 753-3551.

**What if I still have questions?**

We hope this information is helpful. If you have any additional questions, please contact us at (855) 683-3095. We are available Monday through Thursday 8:00 am to 8:00 pm Eastern Standard Time, and Friday, 8:00 am to 5:00 pm Eastern Standard Time.

Sincerely,

Angel Deal
Champion Mortgage Company

This is an attempt to collect a debt and any information obtained will be used for that purpose. However, if this debt is involved in a bankruptcy or has been discharged in a bankruptcy proceeding, this communication is not an attempt to collect a debt against you and any information obtained or given will be for informational purposes only.


EQUAL HOUSING
LENDER

# EXHIBIT

# P

Recording Requested By:
Sage Point Lender Services, LLC
400 Exchange, Suite 110
Irvine, CA 92602

When Recorded Mail To:
Champion Mortgage Company
350 Highland Drive
Lewisville, TX 75067

Mail Tax Statements To:
Champion Mortgage Company
350 Highland Drive
Lewisville, TX 75067

**DOC # 2014-0172319**



APR 30, 2014    8:00 AM
OFFICIAL RECORDS
SAN DIEGO COUNTY RECORDER'S OFFICE
Ernest J. Dronenburg, Jr., COUNTY RECORDER
FEES:        25.00
DC:          NA

**PAGES:    4**

*Space above this line for Recorder's use only*

APN NO.: 229-521-07-00
PROPERTY ADDRESS: 1003 N IVY STREET, ESCONDIDO, CA 92026
TITLE ORDER NO.: 730-1304212-70
TS NO.:      8787-010110-F00

---

## TRUSTEE'S DEED UPON SALE

The undersigned grantor declares:

1) The grantee herein WAS the foreclosing beneficiary.
2) The amount of the unpaid debt together with costs was...... 333,542.54
3) The amount paid by the grantee at the trustee sale was...... 282,500.00
4) The documentary transfer tax is..........        $0.00
5) Said property is in the city of **ESCONDIDO**

**Sage Point Lender Services, LLC**, (herein called Trustee), as the Trustee under the Deed of Trust hereinafter described, hereby grants to **U.S. Bank National Association, on behalf of Mortgage Equity Conversion Asset Trust 2011-1** (herein called Grantee), but without covenant or warranty, express or implied, all right, title, and interest in the real property situated in San Diego County, California, common designation of the property is purported to be 1003 N IVY STREET, ESCONDIDO, CA 92026, real property described as follows:

**SEE EXHIBIT "A" ATTACHED HERETO AND INCORPORATED HEREIN FOR ALL PURPOSES.**

This conveyance is made under the powers conferred on **Sage Point Lender Services, LLC**, as Trustee or Successor Trustee, or Substituted Trustee by the Deed of Trust dated February 11, 2008 executed by **CHARLES S. SIMONS, AN UNMARRIED MAN**, as Trustor(s), to RECONTRUST COMPANY, as Trustee, and recorded on February 19, 2008 as Instrument No. 2008-0081375, of Official Records, in the office of the County Recorder of San Diego County, California, and after fulfilling the conditions specified in said Deed of Trust authorizing this conveyance.

V1.3 4.7.14

APN NO.: 229-521-07-00
TITLE ORDER NO.: 730-1304212-70
T'S NO.: 8787-010110-F00

## TRUSTEE'S DEED UPON SALE

All requirements of law regarding the mailing of copies of notices or the publication of a copy of the Notice of Default or the personal delivery of the copy of the Notice of Default and the posting and publication of copies of the Notice of Trustee's Sale have been met.

Said property was sold by said Trustee at public auction on April 16, 2014 at the place named in the Notice of Sale, in the County of San Diego, California, in which the property, or part of it, is situated.

The Grantee, being the highest bidder at the sale, became the purchaser of said property and (a) paid the Trustee $282,500.00, the amount bid, in lawful money of the United States, or (b) made a credit bid as the Beneficiary of the above-described Deed of Trust.

Sage Point Lender Services, LLC, as Trustee

Date: 4/23/14

BY:

Heidi Mucha, Manager

State of California    } §
County of Orange       }

On 4/28/14 _____ before me, _____ Miriam Rodriguez _____ Notary Public,
personally appeared Heidi Mucha who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Miriam Rodriguez

Signature _____ Muim Rodyuz _____ (Seal)

> MIRIAM RODRIGUEZ
> Commission # 2042726
> Notary Public - California
> Orange County
> My Comm. Expires Sep 23, 2017

V1.3 4.7.

**EXHIBIT "A"**

TS NO.: 8787-010110-F00

Lot 7 of Escondido Estates, Unit No. 1, according to Map thereof No. 4390 filed in the Office of the County Recorder of said San Diego County, November 13, 1959.

APN: 229-521-07-00

V1.3 4.7.14

EXHIBIT "B"

## FORECLOSING LENDER CONTACT INFORMATION

Lender Name: Champion Mortgage Company (Nationstar Mortgage LLC, DBA)

Address:       400 Exchange, Suite 110 Irvine, CA 92602

Telephone:     (949) 236-5599

Email Address:       jyu@sagepointls.com

Authorized Representative Name:     Jonathan Yu

V1.3 4.7.14

# EXHIBIT



1 | Glenn H. Wechsler, State Bar No. 118456
LAW OFFICES OF GLENN H. WECHSLER
2 | 1646 North California Blvd., Suite 450
Walnut Creek, California 94596
3 | Telephone: (925) 274-0200

4

**F I L E D**
Clerk of the Superior Court

JUN 23 2014

**FILED VIA FAX**

Attorneys for Plaintiff
5 | U.S. BANK NATIONAL ASSOCIATION, ON BEHALF OF MORTGAGE
EQUITY CONVERSION ASSET TRUST 2011-1
6

7

8 | IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | IN AND FOR THE COUNTY OF SAN DIEGO

10 | NORTH COUNTY REGIONAL CENTER

11

12 | U.S. BANK NATIONAL ASSOCIATION,  )   CASE NO. 37-2014-00021236-CL-UD-NC
ON BEHALF OF MORTGAGE          )
13 | EQUITY CONVERSION ASSET TRUST )   **COMPLAINT IN**
2011-1                          )   **UNLAWFUL DETAINER**
14 |                                )
                                )   **LIMITED CIVIL**
15 |        Plaintiff,             )
                                )   **DEMAND AMOUNT: UNDER $10,000.00**
16 |   vs.                         )
                                )   **[ACTION BASED ON CCP §1161a]**
17 | CHARLES SIMONS and DOES 1      )
through 10, inclusive,          )
18 |                                )
                                )
19 |        Defendants.            )

20

21

22 |     1.    Plaintiff U.S. BANK NATIONAL ASSOCIATION, ON BEHALF OF MORTGAGE

23 | EQUITY CONVERSION ASSET TRUST 2011-1 is and at all times mentioned herein was,

24 | organized and existing under and by virtue of the laws of the United States.

25 |     2.    Plaintiff is ignorant of the true names and capacities of Defendants sued herein

26 | as Does I through I0, inclusive, and therefore sue these Defendants by such fictitious names.

27 | Plaintiff will amend this Complaint to allege their true names and capacities when

28 | ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously

1  named Defendants claim a right to possession of the subject premises.

2      3.      Plaintiff is the owner of, and entitled to immediate possession of the real

3  property located in the City of Escondido, County of San Diego, State of California,

4  commonly known as 1003 N. Ivy Street, Escondido, California 92026 and legally described

5  as:

6          See Exhibit "A" to the Trustee's Deed Upon Sale, a true
           and correct copy of which is attached hereto as Exhibit
7          "A" and incorporated herein by this reference.

8  (hereafter "said property").

9      4.      Plaintiff is informed and believes and thereon alleges that Plaintiff owns said

10  property by virtue of a sale duly made on April 16, 2014, by Sage Point Lender Services,

11  LLC, or substituted Trustee under a Deed of Trust recorded on or about February 19, 2008,

12  duly executed, delivered and recorded in the Office of the County Recorder of San Diego,

13  California. By said Deed of Trust, the former owners conveyed said property as security for

14  the payment of a Promissory Note.

15      5.      Plaintiff is informed and believes and thereon alleges that the former owners

16  defaulted in the payment of said Promissory Note and, thereafter, at the request of the owner

17  and holder of said Promissory Note and Deed of Trust, said trustee caused to be recorded in

18  the Official Records of the County Recorder of said San Diego County, California, a Notice of

19  Default and Election To Sell Under Deed of Trust said property to satisfy the obligations

20  thereby secured. The Notice of Default contained a statement specified in paragraph (I) of

21  subdivision (b) of Section 2924c of the Civil Code.

22      6.      Plaintiff is informed and believes and thereon alleges that more than three

23  months after recordation of said Notice of Default, said trustee gave Notice of Trustee's Sale

24  Under Deed of Trust, in the manner and form required by Sections 2924 of the Civil Code

25  and 701.540 through 701.545 of the Code of Civil Procedure that said property would be sold

26  at public auction on April 16, 2014, to satisfy the obligations secured by said Deed of Trust.

27  ///

28

7.    Plaintiff is informed and believes and thereon alleges that on April 16, 2014, at the time and place noticed for said sale, said trustee sold said property to plaintiff and thereafter executed and delivered to plaintiff a Trustee's Deed Upon Sale.  Plaintiff's title has been duly perfected.

8.    Plaintiff is informed and believes and thereon alleges that on June 14, 2014, at 1003 N. Ivy Street, Escondido, California 92026, Plaintiff caused to be served on Defendants a written notice requiring them to quit and deliver up possession of said property to Plaintiff within three (3) days after service of said notice and a Notice to Any Renters Living at 1003 N. Ivy Street, Escondido, California 92026.  A true and correct copy of said Notice to Quit is attached hereto as Exhibit "B" and incorporated by reference herein.  A true and correct copy of said Notice to Any Renters is attached hereto as Exhibit "C" and incorporated by reference herein.  A true and correct copy of the Proof of Service of said Notice to Quit and said Notice to Any Renters is attached hereto as Exhibit "D" and incorporated by reference herein.

9.    More than three (3) days have elapsed since the service of said notice but Defendants have failed and refused to deliver up possession of said property.  Defendants continue in possession of said property without Plaintiff's permission or consent.

10.    Plaintiff is informed and believes and thereon alleges that the reasonable value of the use and occupancy of said property is the sum of $50.00 per day, and damages to June 18, 2014, and will continue to accrue at said rate so long as Defendants remain in possession of said property.

///
///
///
///
///
///
///
///

1    WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, for:

2    1.    Restitution of said property;

3    2.    *Damages at the rate of $50.00 per day from June 18, 2014, for each day that*

4    **Defendants continue in possession of said property to the date of Judgment,**

5    3.    Costs herein, and further relief as the court may deem just and proper;

6    4.    For termination of the rental agreement, if any; and

7    5.    **For such other further relief as the Court may deem just and proper.**

8    DATED:  June 19, 2014                        LAW OFFICES OF GLENN H. WECHSLER

9

10                                        By: _____

11                                                GLENN H. WECHSLER

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **VERIFICATION TO COMPLAINT IN UNLAWFUL DETAINER**

2    I, the undersigned, say:

3    I am one of the attorneys for Plaintiff in this action.  Plaintiff is absent from the county

4    within which I maintain my office.  I have read the above document and know its contents.

5    The matters stated in it are true to the best of my knowledge except as to those matters

6    which are stated on information and belief, and as to those matters, I believe them to be true.

7    Executed on June 19, 2014, in Walnut Creek, California.  I declare under penalty of

8    perjury that the foregoing is true and correct.

9

10

11   GLENN H. WECHSLER
     Attorney for Owner

12

13

14   G:\UNLAWFUL DETAINERS 7.12\Complaints - word\SAN DIEGO\North County\RMS N. Ivy Street - SCUD.doc

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Recording Requested By:
Sage Point Lender Services, LLC
400 Exchange, Suite 110
Irvine, CA 92602

When Recorded Mail To:
Champion Mortgage Company
350 Highland Drive
Lewisville, TX 75067

Mail Tax Statements To:
Champion Mortgage Company
350 Highland Drive
Lewisville, TX 75067

THE ORIGINAL OF THIS DOCUMENT
WAS RECORDED ON APR 30, 2014
DOCUMENT NUMBER 2014-0172319
Ernest J. Dronenburg, Jr., COUNTY RECORDER
SAN DIEGO COUNTY RECORDER'S OFFICE
TIME: 8:00  AM

Space above this line for Recorder's use only

APN NO.: 229-521-07-00
PROPERTY ADDRESS: 1003 N IVY STREET, ESCONDIDO, CA 92026
TITLE ORDER NO.: 730-1304212-70
TS NO.:        8787-010110-F00

## TRUSTEE'S DEED UPON SALE

The undersigned grantor declares:
1)  . The grantee herein WAS the foreclosing beneficiary.
2)   The amount of the unpaid debt together with costs was...... 333,542.54
3)   The amount paid by the grantee at the trustee sale was...... 282,500.00
4)   The documentary transfer tax is.........              $0.00
5)   Said property is in the city of **ESCONDIDO**

Sage Point Lender Services, LLC, (herein called Trustee), as the Trustee under the Deed of Trust hereinafter described, hereby grants to U.S. Bank National Association, on behalf of Mortgage Equity Conversion Asset Trust 2011-1 (herein called Grantee), but without covenant or warranty, express or implied, all right, title, and interest in the real property situated in San Diego County, California, common designation of the property is purported to be 1003 N IVY STREET, ESCONDIDO, CA 92026, real property described as follows:

**SEE EXHIBIT "A" ATTACHED HERETO AND INCORPORATED HEREIN FOR ALL PURPOSES.**

This conveyance is made under the powers conferred on Sage Point Lender Services, LLC, as Trustee or Successor Trustee, or Substituted Trustee by the Deed of Trust dated February 11, 2008 executed by CHARLES S. SIMONS, AN UNMARRIED MAN, as Trustor(s), to RECONTRUST COMPANY, as Trustee, and recorded on February 19, 2008 as Instrument No. 2008-0081375, of Official Records, in the office of the County Recorder of San Diego County, California, and after fulfilling the conditions specified in said Deed of Trust authorizing this conveyance.

V1.3 4.7.14

EXHIBIT A 1of4

APN NO.: 229-521-07-00
TITLE ORDER NO.: 730-1304212-70
TS NO.:      8787-010110-F00

## TRUSTEE'S DEED UPON SALE

All requirements of law regarding the mailing of copies of notices or the publication of a copy of the Notice of Default or the personal delivery of the copy of the Notice of Default and the posting and publication of copies of the Notice of Trustee's Sale have been met.

*Said property was sold by said Trustee at public auction on April 16, 2014 at the place named in the Notice of Sale, in the County of San Diego, California, in which the property, or part of it, is situated.*

The Grantee, being the highest bidder at the sale, became the purchaser of said property and (a) paid the Trustee $282,500.00, the amount bid, in lawful money of the United States, or (b) made a credit bid as the Beneficiary of the above-described Deed of Trust.

Sage Point Lender Services, LLC, as Trustee

Date: 4/23/14

BY: _____

Heidi Mucha, Manager

State of California   } §
County of Orange   }

On 4/23/14 _____ before me, _____ Miriam Rodriguez _____ Notary Public, personally appeared Heidi Mucha who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

*WITNESS my hand and official seal.*

Miriam Rodriguez

Signature _____ (Seal)

MIRIAM RODRIGUEZ
Commission # 2042726
Notary Public - California
Orange County
My Comm. Expires Sep 23, 2017

V1.3 4.7.

EXHIBIT "A"

TS NO.: 8787-010110-F00

Lot 7 of Escondido Estates, Unit No. 1, according to Map thereof No. 4390 filed in the Office of the County Recorder of said San Diego County, November 13, 1959.

APN: 229-521-07-00

V1.3 4.7.14

EXHIBIT "B"

## FORECLOSING LENDER CONTACT INFORMATION

Lender Name: Champion Mortgage Company (Nationstar Mortgage LLC, DBA)

Address:      400 Exchange, Suite 110 Irvine, CA 92602

Telephone:    **(949) 236-5599**

Email Address:    jyu@sagepointls.com

Authorized Representative Name:    Jonathan Yu

V1.3 4.7.14

AoE4

# NOTICE TO QUIT

To: CHARLES SIMONS, ALL TENANTS, SUBTENANTS AND ALL OTHER OCCUPANTS IN POSSESSION of the premises located at 1003 N. IVY STREET, ESCONDIDO, CA 92026.

NOTICE IS HEREBY GIVEN that the above described real property has been sold in accordance with Section 2924 of the Civil Code, under a power of sale contained in a deed of trust executed by you, or a person under whom you claim, and that title by virtue of the sale has been duly perfected.

**Pursuant to Code of Civil Procedure Section 1161a, you are hereby given notice that** you have THREE (3) DAYS after service of this notice to quit the real property and deliver up possession of the real property you occupy at the above stated address to the undersigned, as agent and representative of the owner thereof.

If you fail to deliver up possession in accordance with the foregoing, legal proceedings will be commenced against you to recover possession of the premises and damages and court costs to which the owner is entitled by law.

Dated: 6/5/2014            LAW OFFICES OF GLENN H. WECHSLER

By: _____

            GLENN H. WECHSLER
            Law Offices of Glenn H. Wechsler
            1646 North California Blvd., Suite 450
            Walnut Creek, California 94596
            Telephone: (925) 274-0200

EXHIBIT B

Law Offices of
**GLENN H. WECHSLER**
1646 N. California Blvd., Suite 450
Walnut Creek, California 94596
Telephone (925) 274-0200 ◊ Facsimile (925) 274-0202
Email glenn@glennwechsler.com

June 5, 2014

**_COVER SHEET_**
*California Code of Civil Procedure §1161c*

**NOTICE TO ANY RENTERS LIVING AT:**
<u>1003 N. Ivy Street, Escondido, CA 92026</u>

The attached Notice means that your home was recently sold in foreclosure and the new owner plans to evict you.

You should talk to a lawyer NOW to see what your rights are. You may receive court papers in a few days. If your name is on the papers it may hurt your credit if you do not respond and simply move out.

**Also, if you do not respond within five days of receiving papers, even if you are not named in the papers, you will likely lose any rights you may have. In some cases, you can respond without hurting your credit. You should ask a lawyer about it.**

You may have the right to stay in your home for 90 days or longer, regardless of any deadlines stated on any attached papers. In some cases and in some cities with a "just cause for eviction law", you may not have to move at all. But you must take the proper legal steps in order to protect your rights.

How to Get Legal Help

**If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services website (http://www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.**

Very truly yours,

GLENN H. WECHSLER

G:\UNLAWFUL DETAINERS 7.12\Notices\RMS N. Ivy Street NTQ.doc


EXHIBIT

MC-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| LAW OFFICES OF GLENN H. WECHSLER<br>1646 N. CALIFORNIA BLVD., STE. 450<br>WALNUT CREEK, CA 94596<br><br>TELEPHONE NO. 925-274-0200　　FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: PLAINTIFF | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO |
|---|
| STREET ADDRESS:<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:<br>BRANCH NAME: |

| PLAINTIFF/PETITIONER: New owner: 1003 N. Ivy St., Escondido, Ca 92026 |
|---|
| DEFENDANT/RESPONDENT: CHARLES SIMONS, et al. |

| DECLARATION | CASE NUMBER:<br>N/A |
|---|---|

I, K. WYSONG, am a registered process server and am employed in the county of San Diego. I am aware of the facts presented below. After due and diligent effort, I have not been able to effect service on the below-named subject. A list of dates, times and attempts at service is as follows:

SERVEE: CHARLES SIMONS, ALL TENANTS, SUBTENANTS AND ALL OTHER OCCUPANTS IN POSSESSION

ADDRESS: 1003 N. IVY ST., ESCONDIDO, CA 92026

DOCUMENTS: COVER SHEET/LETTER; NOTICE TO QUIT

SERVICE ATTEMPTS:

6/14/2014 AT 10:05AM - POSTED IN A CONSPICUOUS PLACE (FRONT DOOR) AND THEREAFTER MAILED VIA FIRST CLASS, POSTAGE PREPAID MAIL TO THE PARTY SERVED

DATE OF SERVICE: 6/14/2014

TIME OF SERVICE: 10:05AM

DATE MAILED: 6/14/2014

CITY MAILED FROM: SAN DIEGO

FEE FOR SERVICE: $35.00

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 6/16/2014

_____
K. WYSONG
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF DECLARANT)

☐ Attorney for ☐ Plaintiff ☐ Petitioner ☐ Defendant
☐ Respondent ☑ Other *(Specify)*: SAN DIEGO #1802

EXHIBIT D　www.accessinw.com

# EXHIBIT

# R

CIV-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Glenn H. Wechsler, SBN 118456<br>LAW OFFICES OF GLENN H. WECHSLER<br>1646 North California Blvd., #450<br>Walnut Creek, CA 94596 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: 925-274-0200          FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plt U.S. BANK NATIONAL ASSOCIATION, et al. | 2014 AUG 11  PM 2: 43 |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO |
|---|
| STREET ADDRESS: 325 South Melrose |
| MAILING ADDRESS: 325 South Melrose |
| CITY AND ZIP CODE: Vista, CA 92018 |
| BRANCH NAME: North County Region Center |

| PLAINTIFF/PETITIONER: U.S. BANK NATIONAL ASSOCIATION, et al. |
|---|
| DEFENDANT/RESPONDENT: CHARLES SIMONS, et al. |

| REQUEST FOR<br>(Application) | [✓] Entry of Default      [✓] Clerk's Judgment | CASE NUMBER:<br>37-2014-00021236-CL-UD-NC |
|---|---|---|
| | [ ] Court Judgment | |

1. TO THE CLERK: On the complaint or cross-complaint filed
   a. on (date): June 23, 2014
   b. by (name): U.S. Bank National Association on behalf of Mortgage Equity Conversion Asset Trust 2011-1
   c. [✓] Enter default of defendant (names): ① CHARLES SIMONS, ALL UNKNOWN OCCUPANTS

   d. [ ] I request a court judgment under Code of Civil Procedure sections 585(b), 585(c), 989, etc., against defendant (names):

      (Testimony required. Apply to the clerk for a hearing date, unless the court will enter a judgment on an affidavit under Code
      Civ. Proc. § 585(d).)
   e. [✓] Enter clerk's judgment
      (1) [✓] for restitution of the premises only and issue a writ of execution on the judgment. Code of Civil Procedure section
              1174(c) does not apply (Code Civ. Proc., § 1169.)
          [✓] Include in the judgment all tenants, subtenants, named claimants, and other occupants of the premises. The
              Prejudgment Claim of Right to Possession was served in compliance with Code of Civil Procedure section
              415.46.
      (2) [ ] under Code of Civil Procedure section 585(a). (Complete the declaration under Code Civ. Proc., § 585.5 on the
              reverse (item 5).)
      (3) [ ] for default previously entered on (date):

2. Judgment to be entered.                    Amount          Credits acknowledged          Balance
   a. Demand of complaint . . . . . . . . .  $              $                        $
   b. Statement of damages *
      (1) Special . . . . . . . . . . . . .  $              $                        $
      (2) General . . . . . . . . . . . . .  $              $                        $
   c. Interest . . . . . . . . . . . . . . .  $              $                        $
   d. Costs (see reverse) . . . . . . . . .  $              $                        $
   e. Attorney fees . . . . . . . . . . . .  $              $                        $
   f. TOTALS . . . . . . . . . . . . . . .  $              $                        $
   g. Daily damages were demanded in complaint at the rate of: $              per day beginning (date):
   (* Personal injury or wrongful death actions, Code Civ. Proc., § 425.11.)

3. [✓] (Check if filed in an unlawful detainer case) Legal document assistant or unlawful detainer assistant information is on
       the reverse (complete item 4).

Date August 8, 2014

GLENN H. WECHSLER                                              ▶
(TYPE OR PRINT NAME)                                            (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

| FOR COURT<br>USE ONLY | (1) [ ] Default entered as requested on (date) ① 8/11/14 |
|---|---|
| | (2) [ ] Default NOT entered as requested (state reason): |
| | ② Defective Proof of service                Clerk, by _____, Deputy |
| | V. NAVARRO |

Page 1 of 2

www.accesslaw.com

CIV-100

| PLAINTIFF/PETITIONER: U.S. BANK NATIONAL ASSOCIATION, et al. | CASE NUMBER |
| DEFENDANT/RESPONDENT: CHARLES SIMONS, et al. | 37-2014-00021236-CL-UD-NC |

4   **Legal document assistant or unlawful detainer assistant** (Bus. & Prof. Code, § 6400 et seq.). A legal document assistant or unlawful detainer assistant [ ] did [✓] did not   for compensation give advice or assistance with this form.
    *(If declarant has received any help or advice for pay from a legal document assistant or unlawful detainer assistant, state):*

   a   Assistant's name.
   b   Street address, city, and zip code.

   c   Telephone no.:
   d   County of registration:
   e   Registration no.:
   f   Expires on *(date)*.

5  [✓]  **Declaration under Code of Civil Procedure Section 585.5** *(required for entry of default under Code Civ. Proc., § 585(a)).* This action

   a  [ ]  is  [✓] is not   on a contract or installment sale for goods or services subject to Civ. Code, § 1801 et seq. (Unruh Act).
   b  [ ]  is  [✓] is not   on a conditional sales contract subject to Civ. Code, § 2981 et seq. (Rees-Levering Motor Vehicle Sales and Finance Act).
   c  [ ]  is  [✓] is not   on an obligation for goods, services, loans, or extensions of credit subject to Code Civ. Proc., § 395(b).

6   **Declaration of mailing** (Code Civ. Proc., § 587). A copy of this *Request for Entry of Default* was

   a  [ ]  not mailed to the following defendants, whose addresses are unknown to plaintiff or plaintiff's attorney *(names):*

   b  [✓]  mailed first-class, postage prepaid, in a sealed envelope addressed to each defendant's attorney of record or, if none, to each defendant's last known address as follows.

     (1) Mailed on *(date)*: August 8, 2014
     CHARLES SIMONS
     1003 N. IVY STREET
     ESCONDIDO, CA 92026

     (2) To *(specify names and addresses shown on the envelopes)*:
     ALL UNKNOWN OCCUPANTS
     1003 N. IVY STREET
     ESCONDIDO, CA 92026

I declare under penalty of perjury under the laws of the State of California that the foregoing items 4, 5, and 6 are true and correct.
Date: August 8, 2014

    Lisa Marx
    (TYPE OR PRINT NAME)                  ▶               (SIGNATURE OF DECLARANT)

7   **Memorandum of costs** *(required if money judgment requested)* Costs and disbursements are as follows (Code Civ. Proc., § 1033.5).

   a   Clerk's filing fees ........................ $
   b   Process server's fees .................. $
   c   Other *(specify)*: ........................ $
   d   ................................................ $
   e   **TOTAL** ................................. $
   f   [ ]  Costs and disbursements are waived.
   g   I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: August 8, 2014

    GLENN H. WECHSLER
    (TYPE OR PRINT NAME)                  ▶               (SIGNATURE OF DECLARANT)

8  [✓]  **Declaration of nonmilitary status** *(required for a judgment).* No defendant named in item 1c of the application is in the military service so as to be entitled to the benefits of the Servicemembers Civil Relief Act (50 U.S.C. App. § 501 et seq.).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: August 8, 2014

    GLENN H. WECHSLER
    (TYPE OR PRINT NAME)                  ▶               (SIGNATURE OF DECLARANT)

CIV-100 [Rev. January 1, 2007]

**REQUEST FOR ENTRY OF DEFAULT**
**(Application to Enter Default)**

Page 2 of 2

CIV-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Glenn H. Wechsler; SBN 118456<br>LAW OFFICES OF GLENN H. WECHSLER<br>1848 North California Blvd., #450<br>Walnut Creek, CA 94596 | F I L E D<br>Clerk of the Superior Court<br><br>AUG 22 2014 |

TELEPHONE NO.: 925-274-0200    FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* PItf U.S. BANK NATIONAL ASSOCIATION, et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 325 South Melrose
MAILING ADDRESS: 325 South Melrose
CITY AND ZIP CODE: Vista, CA 92018
BRANCH NAME: North County Region Center

PLAINTIFF/PETITIONER: U.S. BANK NATIONAL ASSOCIATION, et al.
DEFENDANT/RESPONDENT: CHARLES SIMONS, et al.

| REQUEST FOR<br>(Application) | [✓] Entry of Default<br>[ ] Court Judgment | [✓] Clerk's Judgment | CASE NUMBER:<br>37-2014-00021236-CL-UD-NC |
|---|---|---|---|

1. TO THE CLERK: On the complaint or cross-complaint filed
   a. on *(date):* June 23, 2014
   b. by *(name):* U.S. Bank National Association on behalf of Mortgage Equity Conversion Asset Trust 2011-1
   c. [✓] Enter default of defendant *(names):* ALL UNKNOWN OCCUPANTS

   d. [ ] I request a court judgment under Code of Civil Procedure sections 585(b), 585(c), 989, etc., against defendant *(names):*

   *(Testimony required. Apply to the clerk for a hearing date, unless the court will enter a judgment on an affidavit under Code Civ. Proc., § 585(d).)*
   e. [✓] Enter clerk's judgment
      (1) [✓] for restitution of the premises only and issue a writ of execution on the judgment. Code of Civil Procedure section 1174(c) does not apply. (Code Civ. Proc. § 1169.)
         [✓] Include in the judgment all tenants, subtenants, named claimants, and other occupants of the premises. The *Prejudgment Claim of Right to Possession* was served in compliance with Code of Civil Procedure section 415.46.
      (2) [ ] under Code of Civil Procedure section 585(a). *(Complete the declaration under Code Civ. Proc., § 585.5 on the reverse (item 5).)*
      (3) [✓] for default previously entered on *(date):* 08/11/2014 Charles Simons

2. Judgment to be entered.

| | | Amount | Credits acknowledged | Balance |
|---|---|---|---|---|
| a. | Demand of complaint * | $ | $ | $ |
| b. | Statement of damages * | | | |
| | (1) Special | $ | $ | $ |
| | (2) General | $ | $ | $ |
| c. | Interest | $ | $ | $ |
| d. | Costs *(see reverse)* | $ | $ | $ |
| e. | Attorney fees | $ | $ | $ |
| f. | TOTALS | $ | $ | $ |

   g. Daily damages were demanded in complaint at the rate of $          per day beginning *(date).*
   (* Personal injury or wrongful death actions; Code Civ. Proc., § 425.11.)

3. [✓] *(Check if filed in an unlawful detainer case)* Legal document assistant or unlawful detainer assistant information is on the reverse *(complete item 4).*

Date: August 21, 2014

GLENN H. WECHSLER                                          ▶
*(TYPE OR PRINT NAME)*                    *(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)*

| FOR COURT<br>USE ONLY | (1) [ ] Default entered as requested on *(date):* AUG 22 2014 |
|---|---|
| | (2) [ ] Default NOT entered as requested *(state reason):* |
| | Clerk, by _____, Deputy<br>V. NAVARRO |

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-100 [Rev. January 1, 2007]
    **REQUEST FOR ENTRY OF DEFAULT**<br>(Application to Enter Default)
Code of Civil Procedure<br>§§ 585-587, 1169<br>www.courtinfo.ca.gov

www.accesslaw.com

CIV-100

| PLAINTIFF/PETITIONER: U.S. BANK NATIONAL ASSOCIATION, et al. | CASE NUMBER |
|---|---|
| DEFENDANT/RESPONDENT: CHARLES SIMONS, et al. | 37-2014-00021236-CL-UD-NC |

4. **Legal document assistant or unlawful detainer assistant (Bus. & Prof. Code, § 6400 et seq.).** A legal document assistant or unlawful detainer assistant [ ] did [✓] did not  for compensation give advice or assistance with this form. *(If declarant has received any help or advice for pay from a legal document assistant or unlawful detainer assistant, state):*

   a. Assistant's name:
   b. Street address, city, and zip code:
   c. Telephone no.:
   d. County of registration:
   e. Registration no.:
   f. Expires on *(date):*

5. [✓] **Declaration under Code of Civil Procedure Section 585.5** *(required for entry of default under Code Civ. Proc., § 585(a)).* This action
   a. [ ] is [✓] is not  on a contract or installment sale for goods or services subject to Civ. Code, § 1801 et seq. (Unruh Act).
   b. [ ] is [✓] is not  on a conditional sales contract subject to Civ. Code, § 2981 et seq. (Rees-Levering Motor Vehicle Sales and Finance Act).
   c. [ ] is [✓] is not  on an obligation for goods, services, loans, or extensions of credit subject to Code Civ. Proc., § 395(b).

6. **Declaration of mailing (Code Civ. Proc., § 587).** A copy of this *Request for Entry of Default* was
   a. [ ] not mailed to the following defendants, whose addresses are unknown to plaintiff or plaintiff's attorney *(names)*:
   b. [✓] mailed first-class, postage prepaid, in a sealed envelope addressed to each defendant's attorney of record or, if none, to each defendant's last known address as follows:
   (1) Mailed on *(date)* August 21, 2014            (2) To *(specify names and addresses shown on the envelopes):*
   ALL UNKNOWN OCCUPANTS
   1603 N. IVY STREET
   ESCONDIDO, CA 92026

I declare under penalty of perjury under the laws of the State of California that the foregoing items 4, 5, and 6 are true and correct.
Date: August 21, 2014

Lisa Marx
(TYPE OR PRINT NAME)                    ▶                     (SIGNATURE OF DECLARANT)

7. **Memorandum of costs** *(required if money judgment requested).* Costs and disbursements are as follows (Code Civ. Proc., § 1033.5)
   a. Clerk's filing fees . . . . . . . . . . . . . . . . . $
   b. Process server's fees . . . . . . . . . . . . . $
   c. Other *(specify):* . . . . . . . . . . . . . . . . $
   d. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $
   e. TOTAL . . . . . . . . . . . . . . . . . . . . . . . $
   f. [ ] Costs and disbursements are waived.
   g. I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: August 8, 2014

GLENN H. WECHSLER
(TYPE OR PRINT NAME)                    ▶                     (SIGNATURE OF DECLARANT)

8. [✓] **Declaration of nonmilitary status** *(required for a judgment).* No defendant named in item 1c of the application is in the military service so as to be entitled to the benefits of the Servicemembers Civil Relief Act (50 U.S.C. App. § 501 et seq.).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: August 21, 2014

GLENN H. WECHSLER
(TYPE OR PRINT NAME)                    ▶                     (SIGNATURE OF DECLARANT)

CIV-100 [Rev. January 1, 2007]

**REQUEST FOR ENTRY OF DEFAULT**
(Application to Enter Default)

Page 2 of 2

# EXHIBIT

# S

| TO (Name and Address): **Charles Simons,  All Unknown Occupants**<br><br>**1003 N. Ivy Street**<br><br>**Escondido, CA 92026** | LEVYING OFFICER (Name and Address): **San Diego County Sheriff's Office**<br>**San Diego County Sheriff**<br>**Sheriff's Civil Office**<br>325 South Melrose Dr  Ste 2400<br>Vista, CA  92081-6692 |
|---|---|
| NAME OF COURT, JUDICIAL DISTRICT or BRANCH COURT, IF ANY:<br>**San Diego County Superior Court**<br>**325 S Melrose Dr**<br>**Vista, CA  92081**<br>**Vista** | **(760) 940-2898**<br><br>**California Relay Service Number**<br>(800) 735-2929 TDD or 711 |
| PLAINTIFF:<br>U.S. Bank National Association, et al.<br>DEFENDANT:<br>**Charles Simons, et al.** | COURT CASE NO.:<br><br>**37-2014-00021236** |
| ## Eviction Restoration Notice | LEVYING OFFICER FILE NO.:<br><br>**2014453016** |

To: Evicted Tenants, Property Owners, Their Agents and The Local Police:

By virtue of a Writ of Execution for Possession of Real Property, the following property was restored to the landlord on:

| **Eviction Date:** | **Friday, September 05, 2014** |
|---|---|
| **Eviction Address:** | **1003 N. Ivy Street**<br>**Escondido, CA 92026** |

**Pursuant to Penal Code Sections 419 and 602, and judgment debtor, any persons removed by the Sheriff or Marshal, or any person not authorized by the landlord, who enters the real property after eviction, may be subject to arrest.**

Pursuant to California Civil Procedure sections 715.010(b)(3) and 715.030, all personal property left on the premises has been turned over to the landlord.  The landlord is responsible for the safe keeping of tenant's property for fifteen (15) days from the date of eviction.  The landlord may charge a reasonable fee for removal and storage of the property.  However, upon demand of the tenant, the landlord must return the tenant's property if the tenant pays all costs incurred by the property owner for storage and maintenance.  If the costs are not paid by the tenant and the tenant does not take possession of the property left behind before the end of the fifteen (15) day period, the landlord may either sell the property at public sale and keep from the proceeds of the sale the costs of storage and of the sale (1988 CCC), if the property is valued at less than ~~$300.00~~ *$700.00*; the landlord may dispose of the property or retain it for his own use. (1174 CCP)



Date: _09-05-14_

**William D. Gore**
**Sheriff**

By: _____

Sheriff's Authorized Agent

# EXHIBIT

# T

1   Glenn H. Wechsler, State Bar No. 118456
2   Natalie S. Mandelin, State Bar No. 233517
    LAW OFFICES OF GLENN H. WECHSLER
3   1646 North California Blvd., Suite 450
    Walnut Creek, California  94596 `
4   Telephone: (925) 274-0200

5   Attorneys for Plaintiff
6   U.S. BANK NATIONAL ASSOCIATION, ON BEHALF OF MORTGAGE
    EQUITY CONVERSION ASSET TRUST 2011-1
7

8

9               IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                   IN AND FOR THE COUNTY OF SAN DIEGO

11                      NORTH COUNTY REGIONAL CENTER

12

13

14   U.S. BANK NATIONAL ASSOCIATION,   )   CASE NO. 37-2014-00021236-CL-UD-NC
     ON BEHALF OF MORTGAGE             )
15   EQUITY CONVERSION ASSET TRUST     )   **NOTICE OF MOTION AND MOTION**
     2011-1                            )   **BY PLAINTIFF FOR ORDER THAT**
16                                     )   **JUDGMENT OF POSSESSION**
              Plaintiff,               )   **APPLIES TO UNNAMED**
17                                     )   **OCCUPANTS**
         vs.                           )
18                                     )   Date:  November 25, 2014
     CHARLES SIMONS and DOES 1 through )   Time:  1:15pm
19   10, inclusive,                    )   Dept:  8
                                       )
20                                     )
              Defendants.              )
21                                     )
                                       )
22   _____ )

23       TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

24       PLEASE TAKE NOTICE that on  November 25,  2014 at the hour of 1:15 pl.m. or as soon

25   thereafter as the matter may be heard in Department 8 of the San Diego County Superior Court

26   located at 325 South Melrose, Vista, California, Plaintiff U.S. BANK NATIONAL ASSOCIATION,

27   ON BEHALF OF MORTGAGE EQUITY CONVERSION ASSET TRUST 2011-1 ("Plaintiff") will

28   and hereby does move for an Order of this Court that the Judgment entered in this action on August

22, 2014 applies to all unnamed occupants of the real property commonly known as 1003 N. Ivy Street, Escondido, California (hereafter the "Property"), including but not limited to occupants Shelden Simons, Anastasia Stein and Joseph Briggs.

This Motion will be based on Code of Civil Procedure Section 128, on the basis that this Court has the authority to provide for the orderly conduct of proceedings before it, or its officers, to compel obedience to its judgments, orders, and process, and to the orders of a judge out of court, in an action or proceeding pending therein, to control in furtherance of justice, the conduct of its ministerial officers, and of all other persons in any manner connected with a judicial proceeding before it, in every matter pertaining thereto, and to amend and control its process and orders so as to make them conform to law and justice. The unnamed occupants Shelden Simons, Anastasia Stein and Joseph Briggs are trespassers on the Property who are subject to the Writ of Possession issued by this Court on August 22, 2014 and executed by the San Diego Sheriff's Department on September 5, 2014. Said unnamed occupants claim a right of possession to the Property traceable to foreclosed prior owner *CHARLES SIMONS, and as such, have no right, title or interest in the Property.*

This motion shall be based upon this notice of hearing, the concurrently filed memorandum of points and authorities, the declaration of Natalie Mandelin filed herewith, the proposed order filed concurrently herewith, on all other papers and pleadings on file herein, on all matters of which the Court may take judicial notice, as well as any evidence and/or argument that may be presented at the hearing on this motion.

Dated:  October 29, 2014      LAW OFFICES OF GLENN H. WECHSLER

By: _____

NATALIE MANDELIN,
**Attorneys for Plaintiff**

G:\Glenn\DOCS\FNMA\MPA Mtn re Unnamed Occupants RMS N. Ivy Street.doc

1  Glenn H. Wechsler, State Bar No. 118456
2  Natalie S. Mandelin, State Bar No. 233517
   LAW OFFICES OF GLENN H. WECHSLER
3  1646 North California Blvd., Suite 450
   Walnut Creek, California  94596
4  Telephone: (925) 274-0200

5  Attorneys for Plaintiff
6  U.S. BANK NATIONAL ASSOCIATION, ON BEHALF OF MORTGAGE
   EQUITY CONVERSION ASSET TRUST 2011-1
7

8

9             IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                IN AND FOR THE COUNTY OF SAN DIEGO

11                  NORTH COUNTY REGIONAL CENTER

12

13
   U.S. BANK NATIONAL ASSOCIATION,    )   CASE NO. 37-2014-00021236-CL-UD-NC
14 ON BEHALF OF MORTGAGE              )
   EQUITY CONVERSION ASSET TRUST      )   **MEMORANDUM  OF POINTS**
15 2011-1                             )   **AND AUTHORITIES IN SUPPORT**
                                      )   **OF PLAINTIFF'S MOTION FOR ORDER**
16          Plaintiff,                )   **THAT JUDGMENT OF POSSESSION**
                                      )   **APPLIES TO UNNAMED OCCUPANTS**
17                                    )
        vs.                           )
18                                    )   Date:  November 25, 2014
                                      )   Time:  1:15pm
19 CHARLES SIMONS and DOES 1 through   )   Dept:  8
   10, inclusive,                     )
20                                    )
          Defendants.                 )
21                                    )
                                      )
22                                    )
                                      )
23 _____)

24       Plaintiff U.S. BANK NATIONAL ASSOCIATION, ON BEHALF OF MORTGAGE

25 EQUITY CONVERSION ASSET TRUST 2011-1 ("Plaintiff") respectfully submits the following

26 memorandum and declaration in support of its "Motion for Order that Judgment of Possession

27 Applies to Unnamed Occupants":

28 ///

---

## STATEMENT OF FACTS

Plaintiff obtained a of Judgment for possession of the real property commonly known as 1003 N. Ivy Street, Escondido, California (hereafter the "Property") in this action on August 22, 2014. The Judgment explicitly states that it "...applies to all occupants of the premises including tenants, **subtenants if any, and named claimants if any,**" pursuant to Code of Civil Procedure ("CCP") Sections 715.010, 1169 and 1174.3. A true and correct copy of the Judgment is attached as Exhibit "A" to the below Declaration of Natalie Mandelin (the "Mandelin Dec.") and incorporated herein by this reference.

On September 5, 2014, following the entry of Judgment, the San Diego County Sheriff's Office evicted all occupants of the Property, restoring possession to Plaintiff and issuing an Eviction Restoration Notice evidencing said eviction. (Mandelin Dec., Exhibit "B.")

Following restoration of possession of the Property to Plaintiff, Plaintiff discovered that the Property had been broken into and reoccupied by two individuals named Anastasia Joy Stein and Joseph Briggs. *Stein and Simons informed Plaintiff's agent that they have a lease agreement with the* former owner of the Property, CHARLES SIMONS, but were unable to produce a lease. The trespassers claimed that the eviction was invalid because they were entitled to be served in this action pursuant to a Specific Power of Attorney document in which third party Sheldon Simons is allegedly named attorney in fact for the former owner, CHARLES SIMONS. (Mandelin Dec., ¶ 3.)

On or about October 9, 2014, Plaintiff's agent called police to the Property to remove Stein and Briggs, on the basis that they are trespassers. However, the police informed Plaintiff's agent that **they could not remove Stein and Briggs without an order from the Court, even though Plaintiff had** previously obtained a Judgment of possession and the sheriff's office had previously executed a writ of possession. (Mandelin Dec., ¶ 4.)

The trespassers on the Property are connected with the third party Shelden Simons, who has filed a "Motion for Involuntary Dismissal" in this action, claiming he was not properly served with the Summons and Complaint herein. A true and correct copy of the Memorandum of Points and Authorities filed by Shelden Simons in support of that Motion is attached to the Mandelin Dec. as **Exhibit "G" and incorporated herein by this reference. To wit, Sheldon Simons claims to have been** appointed attorney in fact for the former owner of the Property, CHARLES SIMONS, by and through

that certain Special Power of Attorney recorded in the official records of the county recorder for the County of San Diego on February 6, 2014 as instrument number 20140051592.  Shelden Simons attaches a copy of the Special Power of Attorney instrument to his memorandum of points and authorities in support of the motion. **On Page 6 of the Special Power of Attorney document the Court can see that the instrument is notarized by Anastasia Stein, the trespasser presently occupying the Property and claiming to have a lease with former owner, CHARLES SIMONS.** All present occupants of the Property are related to, or claim the right to possession of the Property **through, foreclosed former owner CHARLES SIMONS.**

There is no question that all unknown occupants of the Property were  properly served in this action and given an opportunity to appear prior to the entry of Judgment. CHARLES SIMONS and "all occupants" of the subject property were served with the Summons and Complaint in this action on July 7, 2014. (Mandelin Dec., Exhibits "C" and "D.") Thereafter, defaults were entered in this action on August 11, 2014 as to Defendant CHARLES SIMONS and on August 22, 2014 as to "All Unknown Occupants." (See the below Declaration of Natalie Mandelin, Exhibits "E" and "F.") ·

All persons presently trespassing on the Property were properly served with Prejudgment Claims of Right to Possession in this action, and did not come forward.  At this time, it is appropriate for the Court to issue an order affirming that the Judgment for possession in favor of Plaintiff entered on August 22, 2014 applies to Shelden Simons, Anastasia Stein and Joseph Briggs.  The Motion should be granted.

### LEGAL ARGUMENT

**A.**  **This Court Has Jurisdiction to Issue Orders Concerning the Enforcement of the Judgment.**

CCP Section 128 gives this Court broad discretion to enter orders such as the order requested in the instant Motion.  That Section states, in pertinent part, as follows:

(a) Every court shall have the power to do all of the following: …

(3) To provide for the orderly conduct of proceedings before it, or its officers.

(4) To compel obedience to its judgments, orders, and process, and to the orders of a judge out of court, in an action or proceeding pending therein.

(5) To control in furtherance of justice, the conduct of its ministerial officers, and of all other

persons in any manner connected with a judicial proceeding before it, in every matter pertaining thereto.

...

(8) To amend and control its process and orders so as to make them **conform to law and justice.**

This Court has the authority to issue necessary orders to assist law enforcement in carrying out the Judgment for possession entered in Plaintiff's favor in this action. It is not in the interest of justice **or judicial economy to require Plaintiff to initiate new eviction proceedings under the** present circumstances, where the occupants have broken into the Property and claim a right to possession flowing from the foreclosed former owner of the Property, CHARLES SIMONS. The purpose of serving prejudgment claims of right to possession is to prevent belated claims of entitlement to possession of real property such as the claims asserted by Stein, Briggs and Simons. The Court should grant the instant Motion and issue an order affirming that the Judgment entered in this action on *August 22, 2014 applies to Anastasia Stein, Joseph Briggs and Shelden Simons and all other* occupants of the Property.

**B.      Having Failed to File a Prejudgment Claim, Shelden Simons Cannot Object Now:**

In the underlying Unlawful Detainer action, Plaintiff utilized the standard statutory procedure for serving unknown occupants.  CCP Section 415.46 provides, in part, that:

> (e) If an owner or his or her agent has directed and obtained service of a prejudgment claim of right to possession in accordance with this section, **no occupant of the premises, whether or not such occupant is named in the judgment for possession, may object to the enforcement of that judgment** as prescribed in Section 1174.3. (emphasis added)

In the instant action, Plaintiff properly served a prejudgment claim pursuant to CCP Section 415.46. **When no response was filed, Plaintiff properly requested and obtained the default of** CHARLES SIMONS and all occupants. (See the below Mandelin Dec., Exhibits "C" through "F.") The Judgment by Default was thereafter properly entered by this Court, and a writ was issued. (Judgment, Mandelin Dec., Exhibit "A.") Having obtained a Judgment that expressly applies to all occupants of the Property, Plaintiff has **struggled to maintain possession of the Property, as** trespassers claiming a right of possession through the foreclosed former owner CHARLES SIMONS

have repeatedly broken into the Property and are refusing to vacate. The claims of all present occupants to possession are barred, since the Judgment automatically applies to them as a matter of law. The Motion should be granted.

## CONCLUSION

Police have requested a court order that the present occupants have no right, title or interest in the Property, separate from the Judgment issued by this Court. While Plaintiff believes that Judgment should be sufficient for law enforcement to arrest the trespassers on Plaintiff's property, law enforcement has requested an additional court order, and the Court has jurisdiction to issue such an order pursuant to CCP Section 128. The Motion should be granted.

Dated: October 29, 2014          LAW OFFICES OF GLENN H. WECHSLER

By: _____
          NATALIE MANDELIN,
          Attorneys for Plaintiff

## DECLARATION OF NATALIE MANDELIN

I, Natalie Mandelin, am an attorney at law licensed to practice before this Court and one of the attorneys of record for Plaintiff in the instant action. I make this declaration upon personal knowledge and upon review of the files maintained by my office, and could and would testify to the facts contained herein if called upon to do so:

1.      Attached hereto as Exhibit "A" and incorporated herein by this reference is a true and correct copy of the Judgment entered in this action on August 22, 2014.

2.      Attached hereto as Exhibit "B" and incorporated herein by this reference is a true and correct copy of an Eviction Restoration Notice dated September 5, 2014, received by our office from the San Diego County Sheriff's Office.

3.      Following restoration of possession of the Property to Plaintiff, my office was advised by Plaintiff's agent that that the Property had been broken into and reoccupied by two individuals named Anastasia Joy Stein and Joseph Briggs. Stein and Simons informed Plaintiff's agent that they had a lease agreement with the former owner of the Property, CHARLES SIMONS, but were unable to produce a lease. The trespassers further claimed that the eviction was invalid because they were entitled to be served in this action pursuant to a Specific Power of Attorney document in which third party Sheldon Simons is allegedly named attorney in fact for the former owner, CHARLES SIMONS.

4.      My office was informed by Plaintiff's agent that, on or about October 9, 2014, Plaintiff's agent called local police to the Property to remove Stein and Briggs, on the basis that they are trespassers. However, the police informed Plaintiff's agent that they could not remove Stein and Briggs without an order from the Court, even though Plaintiff had previously obtained a Judgment of possession and the sheriff's office had previously executed a writ of possession.

5.      Attached hereto as Exhibit "C" and incorporated herein by this reference is a true and correct copy of a Proof of Service of Summons filed by my office in this action on July 14, 2014.

6.      Attached hereto as Exhibit "D" and incorporated herein by this reference is a true and correct copy of a Proof of Service of Summons filed by my office in this action on August 20, 2014.

7.      Attached hereto as Exhibit "E" and incorporated herein by this reference is a true and correct copy of a Request for Entry of Default filed by my office in this action on August 11, 2014

8.      Attached hereto as Exhibit "F" and incorporated herein by this reference is a true and correct copy of a Request for Entry of Default filed by my office in this action on August 22, 2014.

9.      A true and correct copy of the memorandum of points and authorities filed by Shelden Simons in support of that Motion is attached to the Mandelin Dec. as Exhibit "G" and incorporated herein by this reference.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Walnut Creek, California on October 29, 2014.

NATALIE MANDELIN

G:\Glenn\DOCS\FNMA\MPA Mtn re Unnamed Occupants RMS N. Ivy Street.doc

# EXHIBIT A

UD-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Law Offices of Glenn H. Wechsler; SBN 118456<br>1646 North California Blvd., #450<br>Walnut Creek, CA 94596<br><br>TELEPHONE NO: 925-274-0200      FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Pltf. U.S. BANK NATIONAL ASSOCIATION, et al. | F  I  L  E  D<br>Clerk of the Superior Court<br>AUG 22 2014 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 325 South Melrose
MAILING ADDRESS: 325 South Melrose
CITY AND ZIP CODE: Vista, CA 92801
BRANCH NAME: North County Regional Center

PLAINTIFF: U.S. Bank National Association, on behalf of Mortgage
Equity Conversion Asset Trust 2011-1
DEFENDANT: CHARLES SIMONS, et al.

| JUDGMENT—UNLAWFUL DETAINER | | CASE NUMBER: |
|---|---|---|
| ☑ By Clerk   ☑ By Default   ☐ After Court Trial<br>☐ By Court   ☑ Possession Only   ☐ Defendant Did Not<br>                                               Appear at Trial | | 37-2014-00021236-CL-UD-NC |

## JUDGMENT

1. ☑ **BY DEFAULT**
   a. Defendant was properly served with a copy of the summons and complaint.
   b. Defendant failed to answer the complaint or appear and defend the action within the time allowed by law.
   c. Defendant's default was entered by the clerk upon plaintiff's application.
   d. ☑ Clerk's Judgment (Code Civ. Proc., § 1169). For possession only of the premises described on page 2 (item 4).
   e. ☐ Court Judgment (Code Civ. Proc., § 585(b)). The court considered
      (1) ☐ plaintiff's testimony and other evidence.
      (2) ☐ plaintiff's or others' written declaration and evidence (Code Civ. Proc., § 585(d)).

2. ☐ **AFTER COURT TRIAL.** The jury was waived. The court considered the evidence.
   a. The case was tried on *(date and time):*
      before *(name of judicial officer):*
   b. Appearances by:
      ☐ Plaintiff *(name each):*                    ☐ Plaintiff's attorney *(name each):*
                                                         (1)
                                                         (2)

      ☐ Continued on *Attachment* 2b (form MC-025).
      ☐ Defendant *(name each):*                    ☐ Defendant's attorney *(name each):*
                                                         (1)
                                                         (2)

      ☐ Continued on *Attachment* 2b (form MC-025).
   c. ☐ Defendant did not appear at trial. Defendant was properly served with notice of trial.
   d. ☐ A statement of decision (Code Civ. Proc., § 632)   ☐ was not   ☐ was   requested.

Form Approved for Optional Use
Judicial Council of California
UD-110 [New January 1, 2003]

**JUDGMENT—UNLAWFUL DETAINER**

Code of Civil Procedure, §§ 415.46,
585(d), 664.6, 1169

*www.accesslaw.com*

| | |
|---|---|
| PLAINTIFF: U.S. Bank National Association, on behalf of Mortgage Equity Conversion Asset Trust 2011-1 | CASE NUMBER: |
| DEFENDANT: CHARLES SIMONS, et al. | 37-2014-0002126-CL-UD-NC |

JUDGMENT IS ENTERED AS FOLLOWS BY: ☐ THE COURT   ☑ THE CLERK

3. **Parties.** Judgment is
   a. ☑ for plaintiff (name each): U.S. Bank National Association, on behalf of Mortgage Equity Conversion Asset Trust 2011-1
      and against defendant (name each): **CHARLES SIMONS**

   ☐ Continued on Attachment 3a (form MC-025).
   b. ☐ for defendant (name each):

4. ☑ Plaintiff   ☐ Defendant   is entitled to possession of the premises located at: (street address, apartment, city, and county):
   **1003 N. IVY STREET, ESCONDIDO, CA 92026**
   **SAN DIEGO COUNTY**

5. ☑ Judgment applies to all occupants of the premises including tenants, subtenants if any, and named claimants if any (Code Civ. Proc., §§ 715.010, 1169, and 1174.3).

6. **Amount and terms of judgment**
   a. ☐ Defendant named in item 3a above must pay plaintiff on the complaint:
   b. ☐ Plaintiff is to receive nothing from defendant named in item 3b.
      ☐ Defendant named in item 3b is to recover costs: $ _____ and attorney fees: $ _____

|  | | |
|---|---|---|
| (1) | Past-due rent | $ |
| (2) | Holdover damages | $ |
| (3) | Attorney fees | $ |
| (4) | Costs | $ |
| (5) | Other (specify): | $ |
| (6) | **TOTAL JUDGMENT** | $ |

   c. ☐ The rental agreement is canceled.   ☐ The lease is forfeited.

7. ☐ **Conditional judgment.** Plaintiff has breached the agreement to provide habitable premises to defendant as stated in Judgment—Unlawful Detainer Attachment (form UD-110S), which is attached.

8. ☐ **Other (specify):**

   ☐ Continued on Attachment 8 (form MC-025).

Date: _____

Date: **AUG 2 2 2014**   _____
                          JUDICIAL OFFICER

Date: _____   Clerk, by _____, **V. NAVARRO** , Deputy

---

CLERK'S CERTIFICATE (Optional)

I certify that this is a true copy of the original judgment on file in the court.

Date: _____

(SEAL)

Clerk, by _____, Deputy

JUDGMENT—UNLAWFUL DETAINER   UD-110 [New January 1, 2003]   Page 2 of 2

# EXHIBIT B

| TO (Name and Address):<br>**Charles Simons, All Unknown Occupants**<br><br>**1003 N. Ivy Street**<br><br>**Escondido, CA 92026** | LEVYING O. \_\_\_ IN (Name and Address):<br><br>**San Diego County Sheriff's Office**<br>**San Diego County Sheriff**<br>**Sheriff's Civil Office**<br>325 South Melrose Dr  Ste 2400<br>Vista, CA  92081-6692 |
|---|---|
| NAME OF COURT, JUDICIAL DISTRICT or BRANCH COURT, IF ANY:<br>**San Diego County Superior Court**<br>**325 S Melrose Dr**<br>**Vista, CA  92081**<br>**Vista** | **(760) 940-2898**<br><br>**California Relay Service Number**<br>**(800) 735-2929 TDD or 711** |
| PLAINTIFF:<br>**U.S. Bank National Association, et al.**<br>DEFENDANT:<br>**Charles Simons, et al.** | COURT CASE NO.:<br><br>**37-2014-00021236** |
| **Eviction Restoration Notice** | LEVYING OFFICER FILE NO.:<br><br>**2014453016** |

To: Evicted Tenants, Property Owners, Their Agents and The Local Police:

By virtue of a Writ of Execution for Possession of Real Property, the following property was restored to the landlord on:

| **Eviction Date:** | **Friday, September 05, 2014** |
|---|---|
| **Eviction Address:** | **1003 N. Ivy Street**<br>**Escondido, CA 92026** |

*Pursuant to Penal Code Sections 419 and 602, and judgment debtor, any persons removed by the Sheriff or Marshal, or any person not authorized by the landlord, who enters the real property after eviction, may be subject to arrest.*

Pursuant to California Civil Procedure sections 715.010(b)(3) and 715.030, all personal property left on the premises has been turned over to the landlord. The landlord is responsible for the safe keeping of tenant's property for fifteen (15) days from the date of eviction. The landlord may charge a reasonable fee for removal and storage of the property. However, upon demand of the tenant, the landlord must return the tenant's property if the tenant pays all costs incurred by the property owner for storage and maintenance. If the costs are not paid by the tenant and the tenant does not take possession of the property left behind before the end of the fifteen (15) day period, the landlord may either sell the property at public sale and keep from the proceeds of the sale the costs of storage and of the sale (1988 CCC), if the property is valued at less than ~~$300.00~~ $700.00, the landlord may dispose of the property or retain it for his own use. (1174 CCP)



Date: _09-05-14_

**William D. Gore**
**Sheriff**

By: _Eliz_
_____
Sheriff's Authorized Agent

# EXHIBIT C

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>**GLEN H. WECHSLER**        SBN 118456<br>**LAW OFFICES OF GLEN H. WECHSLER**<br>**1646 N. CALIFORNIA BLVD., STE. 450**<br>**WALNUT CREEK, CA 94596**<br>TELEPHONE NO.: 925-274-0200        FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): **PLAINTIFF** | FOR COURT USE ONLY<br><br>FILED<br>COUNTY DIVISION<br>2014 JUL 14 PM 4: 19<br><br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN DIEGO**
STREET ADDRESS: **325 S. MELROSE DR.**
MAILING ADDRESS: **-SAME-**
CITY AND ZIP CODE: **VISTA, CA 92081**
BRANCH NAME: **NORTH COUNTY**

| | |
|---|---|
| PLAINTIFF/PETITIONER: U.S. BANK NATIONAL ASSOCIATION, et al.<br><br>DEFENDANT/RESPONDENT: CHARLES SIMONS, et al. | CASE NUMBER:<br>37-2014-00021236-CL-UD-CTL |
| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>27543 |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ cross-complaint
   f. ☑ other *(specify documents):* Additional Parties Attachment; Exhibits; Notice of Assignment to Imaging Department

3. a. Party served (specify name of party as shown on documents served):
   **CHARLES SIMONS**

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*

4. Address where the party was served: 1003 N. IVY ST., ESCONDIDO, CA 92026

5. I served the party (check proper box)
   a. ☑ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on (date): 7/7/2014        (2) at (time): 2:00PM
   b. ☐ by substituted service. On (date):        at (time):        I left the documents listed in item 2 with or in the presence of (name and title or relationship to person indicated in item 3):

      (1) ☐ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) ☐ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on (date):        from (city):        or ☐ a declaration of mailing is attached.

      (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

| PLAINTIFF/PETITIONER: U.S. BANK NATIONAL ASSOCIATION, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CHARLES SIMONS et al. | 37-2014-00021236-CL-UD-CTL |

5.  c.  ☐  **by mail and acknowledgment of receipt of service.** I mailed the documents listed in Item 2 to the party, to the address shown in Item 4, by first-class mail, postage prepaid,

    (1) on *(date):*                    (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgement of Receipt.)* (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d.  ☐  **by other means** *(specify means of service and authorizing code section):*

      ☐ Additional page describing service is attached.

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
  a.  ☑  as an individual defendant.
  b.  ☐  as the person sued under the fictitious name of *(specify):*
  c.  ☐  as occupant.
  d.  ☐  On behalf of *(specify):*
    under the following Code of Civil Procedure section:

    ☐ 416.10 (corporation)             ☐ 415.95 (business organization, form unknown)
    ☐ 416.20 (defunct corporation)        ☐ 416.60 (minor)
    ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
    ☐ 416.40 (association or partnership)    ☐ 416.90 (authorized person)
    ☐ 416.50 (public entity)             ☐ 415.46 (occupant)
                              ☐ other:

7.  **Person who served papers**
  a.  Name: R.T. HANSELL
  b.  Address: C/O SDSOP   2445 MORENA BLVD., #201   SAN DIEGO, CA  92110
  c.  Telephone number: 619-275-6400
  d.  The fee for service was: $60.00
  e.  I am:
    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☑ a registered California process server:
      (i) ☑ owner  ☐ employee  ☐ independent contractor.
      (ii) Registration No.: 1422
      (iii) County: SAN DIEGO

8.  ☑  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9.  ☐  I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 7/9/2014

R.T. HANSELL
_____          _____
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)            ( SIGNATURE )

# EXHIBIT D

POS-010

**ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):**
GLEN H. WECHSLER   SBN 118456
LAW OFFICES OF GLEN H. WECHSLER
1646 N. CALIFORNIA BLVD., STE 450
WALNUT CREEK, CA 94596
TELEPHONE NO: 925-274-0200        FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): PLAINTIFF

| | FOR COURT USE ONLY |
|---|---|
| | 2011 AUG 20 PM 1:29 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 325 S. MELROSE DR.
MAILING ADDRESS: -SAME-
CITY AND ZIP CODE: VISTA, CA 92081
BRANCH NAME: NORTH COUNTY

PLAINTIFF/PETITIONER: U.S. BANK NATIONAL ASSOCIATION, et al.

DEFENDANT/RESPONDENT: CHARLES SIMONS, et al.

| CASE NUMBER: |
|---|
| 37-2014-00021236-CL-UD-NC |

**Amended-** PROOF OF SERVICE OF SUMMONS

| Ref. No. or File No.: |
|---|
| 27543A |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ summons
   b. ☑ complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet (served in complex cases only)
   e. ☐ cross-complaint
   f. ☑ other (specify documents): ADDITIONAL PARTIES ATTACHMENT; EXHIBITS; NOTICE OF ASSIGNMENT TO IMAGING DEPARTMENT; PREJUDGMENT CLAIM OF RIGHT TO POSSESSION
3. a. Party served (specify name of party as shown on documents served):
   ALL UNKNOWN OCCUPANTS

   b. ☐ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) (specify name and relationship to the party named in item 3a):

4. Address where the party was served: 1003 N. IVY STREET, ESCONDIDO, CA 92026
5. I served the party (check proper box)
   a. ☐ by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date):        (2) at (time):
   b. ☑ by substituted service. On (date): 7/7/2014     at (time): 2:00PM     I left the documents listed in item 2 with or in the presence of (name and title or relationship to person indicated in item 3): CHARLES SIMONS, CO-OCCUPANT AND POSTED IN A CONSPICUOUS PLACE (FRONT DOOR) PER CCP 415.46

   (1) ☐ (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) ☑ (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) ☐ (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) ☑ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on (date): 7/7/2014     from (city): SAN DIEGO, CA     or ☐ a declaration of mailing is attached.

   (5) ☐ I attach a declaration of diligence stating actions taken first to attempt personal service.

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

PROOF OF SERVICE OF SUMMONS

Page 1 of 2

Code of Civil Procedure, § 417.10

www.accesslaw.com

| PLAINTIFF/PETITIONER: U.S. BANK NATIONAL ASSOCIATION, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CHARLES SIMONS, et al. | 37-2014-00021236-CL-UD-NC |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

   (1) on *(date):* _____ (2) from *(city):* _____

   (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*) (Code Civ. Proc., § 415.30.)*

   (4) ☐ to an address outside California with return receipt requested. *(Code Civ. Proc., § 415.40.)*

   d. ☑ **by other means** *(specify means of service and authorizing code section):* POSTED IN A CONSPICUOUS PLACE (FRONT DOOR) PER CCP 415.46. POSTED ON 7/7/2014 AND THEREAFTER MAILED VIS FIRST CLASS PODSTAGE PREPAID MAIL TO THE PARTY SERVED. MAILED ON 7/7/2014

   ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. ☐ as an individual defendant.
   b. ☐ as the person sued under the fictitious name of *(specify):*
   c. ☐ as occupant.
   d. ☑ On behalf of *(specify):* ALL UNKNOWN OCCUPANTS
      under the following Code of Civil Procedure section:

      ☐ 416.10 (corporation)                    ☐ 415.95 (business organization, form unknown)
      ☐ 416.20 (defunct corporation)            ☐ 416.60 (minor)
      ☐ 416.30 (joint stock company/association) ☐ 416.70 (ward or conservatee)
      ☐ 416.40 (association or partnership)      ☐ 416.90 (authorized person)
      ☐ 416.50 (public entity)                  ☑ 415.46 (occupant)
                                                ☐ other:LLC

7. **Person who served papers**
   a. Name: R.T. HANSELL
   b. Address: C/O SDSOP 2445 MORENA BLVD. #201, SAN DIEGO, CA 92110
   c. Telephone number: 619-275-6400
   d. The fee for service was: $25.00
   e. I am:
      (1) ☐ not a registered California process server.
      (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
      (3) ☑ a registered California process server:
         (i) ☑ owner ☐ employee ☐ independent contractor.
         (ii) Registration No.: 1422
         (iii) County: SAN DIEGO

8. ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

   or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 8/19/2014

R.T. HANSELL
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                     (SIGNATURE )

# EXHIBIT E

CIV-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Glenn H. Wechsler; SBN 118456<br>LAW OFFICES OF GLENN H. WECHSLER<br>1646 North California Blvd., #450<br>Walnut Creek, CA 94596 | FILED<br>NORTH COUNTY DIVISION<br>2014 AUG 11 PM 2: 42 |

TELEPHONE NO.: 925-274-0200   FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Pltf U.S. BANK NATIONAL ASSOCIATION, et al.

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 325 South Melrose
MAILING ADDRESS: 325 South Melrose
CITY AND ZIP CODE: Vista, CA 92018
BRANCH NAME: North County Region Center

PLAINTIFF/PETITIONER: U.S. BANK NATIONAL ASSOCIATION, et al.

DEFENDANT/RESPONDENT: CHARLES SIMONS, et al.

| REQUEST FOR<br>(Application) | ☑ Entry of Default | ☑ Clerk's Judgment | CASE NUMBER: |
|---|---|---|---|
| | ☐ Court Judgment | | 37-2014-00021236-CL-UD-NC |

1. TO THE CLERK: On the complaint or cross-complaint filed
   a. on *(date):* June 23, 2014
   b. by *(name):* U.S. Bank National Association on behalf of Mortgage Equity Conversion Asset Trust 2011-1
   c. ☑ Enter default of defendant *(names):* CHARLES SIMONS, ALL UNKNOWN OCCUPANTS
   d. ☐ I request a court judgment under Code of Civil Procedure sections 585(b), 585(c), 989, etc., against defendant *(names):*

   *(Testimony required. Apply to the clerk for a hearing date, unless the court will enter a judgment on an affidavit under Code Civ. Proc., § 585(d).)*
   e. ☑ Enter clerk's judgment
      (1) ☑ for restitution of the premises only and issue a writ of execution on the judgment. Code of Civil Procedure section 1174(c) does not apply. (Code Civ. Proc., § 1169.)
         ☑ Include in the judgment all tenants, subtenants, named claimants, and other occupants of the premises. The *Prejudgment Claim of Right to Possession* was served in compliance with Code of Civil Procedure section 415.46.
      (2) ☐ under Code of Civil Procedure section 585(a). *(Complete the declaration under Code Civ. Proc., § 585.5 on the reverse (item 5).)*
      (3) ☐ for default previously entered on *(date):*

2. Judgment to be entered.

| | | Amount | Credits acknowledged | Balance |
|---|---|---|---|---|
| a. | Demand of complaint . . . . . . . . . . . | $ | $ | $ |
| b. | Statement of damages * | | | |
| | (1) Special . . . . . . . . . . . . . . . . . . . | $ | $ | $ |
| | (2) General . . . . . . . . . . . . . . . . . . | $ | $ | $ |
| c. | Interest . . . . . . . . . . . . . . . . . . . . . | $ | $ | $ |
| d. | Costs *(see reverse)* . . . . . . . . . . . . | $ | $ | $ |
| e. | Attorney fees . . . . . . . . . . . . . . . . . | $ | $ | $ |
| f. | TOTALS . . . . . . . . . . . . . . . . . . . . | $ | $ | $ |
| g. | Daily damages were demanded in complaint at the rate of: $ | | per day beginning *(date):* |

*(* Personal injury or wrongful death actions; Code Civ. Proc., § 425.11.)*

3. ☑ *(Check if filed in an unlawful detainer case)* Legal document assistant or unlawful detainer assistant information is on the reverse *(complete item 4).*

Date: August 8, 2014

GLENN H. WECHSLER
(TYPE OR PRINT NAME)                    (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

| FOR COURT<br>USE ONLY | (1) ☐ Default entered as requested on *(date):* ① 8/11/14 |
|---|---|
| | (2) ☑ Default NOT entered as requested *(state reason):* |
| | ② *Defective proof of Service* Clerk, by V. NAVARRO , Deputy |

Form Adopted for Mandatory Use
Judicial Council of California
CIV-100 [Rev. January 1, 2007]

**REQUEST FOR ENTRY OF DEFAULT**
**(Application to Enter Default)**

Page 1 of 2

Code of Civil Procedure,
§§ 585-587, 1169
www.courtinfo.ca.gov

www.accesslaw.com

# EXHIBIT F

CIV-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):<br>Glenn H. Wechsler; SBN 118456<br>LAW OFFICES OF GLENN H. WECHSLER<br>1646 North California Blvd., #450<br>Walnut Creek, CA 94596 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.: 925-274-0200   FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Ptf U.S. BANK NATIONAL ASSOCIATION, et al. | F I L E D<br>Clerk of the Superior Court<br>AUG 22 2014 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

STREET ADDRESS: 325 South Melrose
MAILING ADDRESS: 325 South Melrose
CITY AND ZIP CODE: Vista, CA 92018
BRANCH NAME: North County Region Center

PLAINTIFF/PETITIONER: U.S. BANK NATIONAL ASSOCIATION, et al.

DEFENDANT/RESPONDENT: CHARLES SIMONS, et al.

| REQUEST FOR (Application) | ☑ Entry of Default   ☑ Clerk's Judgment<br>☐ Court Judgment | CASE NUMBER:<br>37-2014-00021236-CL-UD-NC |
|---|---|---|

1. TO THE CLERK: On the complaint or cross-complaint filed
    a. on (date): June 23, 2014
    b. by (name): U.S. Bank National Association on behalf of Mortgage Equity Conversion Asset Trust 2011-1
    c. ☑ Enter default of defendant (names): ALL UNKNOWN OCCUPANTS

    d. ☐ I request a court judgment under Code of Civil Procedure sections 585(b), 585(c), 989, etc., against defendant (names):

       (Testimony required. Apply to the clerk for a hearing date, unless the court will enter a judgment on an affidavit under Code Civ. Proc., § 585(d).)
    e. ☑ Enter clerk's judgment
       (1) ☑ for restitution of the premises only and issue a writ of execution on the judgment. Code of Civil Procedure section 1174(c) does not apply. (Code Civ. Proc., § 1169.)
          ☑ Include in the judgment all tenants, subtenants, named claimants, and other occupants of the premises. The Prejudgment Claim of Right to Possession was served in compliance with Code of Civil Procedure section 415.46.
       (2) ☐ under Code of Civil Procedure section 585(a). (Complete the declaration under Code Civ. Proc., § 585.5 on the reverse (item 5).)
       (3) ☑ for default previously entered on (date): 08/11/2014 Charles Simons

2. Judgment to be entered.      Amount      Credits acknowledged      Balance

| | | Amount | Credits acknowledged | Balance |
|---|---|---|---|---|
| a. | Demand of complaint ............ | $ | $ | $ |
| b. | Statement of damages *<br>  (1) Special ................... | $ | $ | $ |
| | (2) General ................... | $ | $ | $ |
| c. | Interest ...................... | $ | $ | $ |
| d. | Costs (see reverse) ............. | $ | $ | $ |
| e. | Attorney fees ................. | $ | $ | $ |
| f. | TOTALS ...................... | $ | $ | $ |

    g. Daily damages were demanded in complaint at the rate of: $        per day beginning (date):
    (* Personal injury or wrongful death actions; Code Civ. Proc., § 425.11.)

3. ☑ (Check if filed in an unlawful detainer case) Legal document assistant or unlawful detainer assistant information is on the reverse (complete item 4).

Date: August 21, 2014

GLENN H. WECHSLER
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

| FOR COURT<br>USE ONLY | (1) ☑ Default entered as requested on (date): AUG 2 2 2014<br>(2) ☐ Default NOT entered as requested (state reason): |
|---|---|
| | Clerk, by        V. NAVARRO        , Deputy |

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CIV-100 [Rev. January 1, 2007]

**REQUEST FOR ENTRY OF DEFAULT**
(Application to Enter Default)

Code of Civil Procedure,
§§ 585-587, 1169
www.courtinfo.ca.gov

www.accesslaw.com

CIV-100

| PLAINTIFF/PETITIONER: U.S. BANK NATIONAL ASSOCIATION, et al. | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: CHARLES SIMONS, et al. | 37-2014-00021236-CL-UD-NC |

4. Legal document assistant or unlawful detainer assistant (Bus. & Prof. Code, § 6400 et seq.). A legal document assistant or unlawful detainer assistant ☐ did ☑ did not   for compensation give advice or assistance with this form.
*(If declarant has received any help or advice for pay from a legal document assistant or unlawful detainer assistant, state):*

   a. Assistant's name:
   b. Street address, city, and zip code:

   c. Telephone no.:
   d. County of registration:
   e. Registration no.:
   f. Expires on *(date):*

5. ☑ Declaration under Code of Civil Procedure Section 585.5 *(required for entry of default under Code Civ. Proc., § 585(a)).* This action
   a. ☐ is ☑ is not   on a contract or installment sale for goods or services subject to Civ. Code, § 1801 et seq. (Unruh Act).
   b. ☐ is ☑ is not   on a conditional sales contract subject to Civ. Code, § 2981 et seq. (Rees-Levering Motor Vehicle Sales and Finance Act).
   c. ☐ is ☑ is not   on an obligation for goods, services, loans, or extensions of credit subject to Code Civ. Proc., § 395(b).

6. Declaration of mailing (Code Civ. Proc., § 587). A copy of this *Request for Entry of Default* was
   a. ☐ not mailed to the following defendants, whose addresses are unknown to plaintiff or plaintiff's attorney *(names):*
   b. ☑ mailed first-class, postage prepaid, in a sealed envelope addressed to each defendant's attorney of record or, if none, to each defendant's last known address as follows:

   (1) Mailed on *(date):* August 21, 2014      (2) To *(specify names and addresses shown on the envelopes):*
   ALL UNKNOWN OCCUPANTS
   1003 N. IVY STREET
   ESCONDIDO, CA 92026

I declare under penalty of perjury under the laws of the State of California that the foregoing items 4, 5, and 6 are true and correct.
Date: August 21, 2014

Lisa Marx          ▶         *(signature)*
(TYPE OR PRINT NAME)                  (SIGNATURE OF DECLARANT)

7. Memorandum of costs *(required if money judgment requested).* Costs and disbursements are as follows (Code Civ. Proc., § 1033.5):
   a. Clerk's filing fees ................... $
   b. *Process server's fees* ............... $
   c. Other *(specify):* ................... $
   d. .......................... $
   e. TOTAL .......................... $
   f. ☐ Costs and disbursements are waived.
   g. I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: August 8, 2014

GLENN H. WECHSLER        ▶         *(signature)*
(TYPE OR PRINT NAME)                  (SIGNATURE OF DECLARANT)

8. ☑ Declaration of nonmilitary status *(required for a judgment).* No defendant named in item 1c of the application is in the military service so as to be entitled to the benefits of the Servicemembers Civil Relief Act (50 U.S.C. App. § 501 et seq.).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date: August 21, 2014

GLENN H. WECHSLER        ▶         *(signature)*
(TYPE OR PRINT NAME)                  (SIGNATURE OF DECLARANT)

EXHIBIT D

1  Shelden M. Simons, *pro per*
2  Charles S. Simons, *pro per*
   (under power of attorney)
3  Anastasia Stein, *pro per*
   Joseph Briggs, *pro per*
4  1026 W. El Norte Parkway #246
   Escondido, CA 92026
5  (858) 206-0670
   sheldensimons@gmail.com
6

7

8            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                  **FOR THE COUNTY OF SAN DIEGO**

10                        **NORTH COUNTY**

11

12

13
| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, ON BEHALF OF MORTGAGE EQUITY CONVERSION ASSET TRUST 2011-1, | Case No. 37-2014-00021236-CL-UD-NC |
| | **AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT AND FOR LEAVE TO DEFEND ACTION** |
| Plaintiff, | |
| vs. | |
| Shelden M. Simons, an individual, Charles S. Simons, an individual; Trust of Charles S. Simons, Anastasia Stein, Joseph Briggs and DOES 1 THROUGH 50, inclusive, | Date:  December 23, 2014<br>Time:  1:15 PM<br>Dept:  8 |
| Defendants | |

14
15
16
17
18
19
20
21

22

23        Defendant, Charles M. Simons, Shelden M. Simons, Anastasia Stein and Joseph Briggs

24  respectfully submits the following memorandum of points and authorities in support of their

25  Motion to Set Aside Default and Default Judgment and for Leave to Defend Action.

26

27

28

## I.    INTRODUCTION

Defendant brings this motion to set aside the default entered against him on August 11, 2014 and August 22, 2014, and the default judgment entered against him on August 11, 2014 and August 22, 2014. This motion is brought within six months after entry of the default and within three months after entry of the default judgment.

## II.  FACTUAL BACKGROUND

Plaintiff is U.S. BANK NATIONAL ASSOCIATION, on behalf of MORTGAGE EQUITY CONVERSION ASSET TRUST 2011-1; defendant is Charles S. Simons, in individual and by the Power of Attorney filed with the County Recorders Office of San Diego County, Shelden M. Simons, an individual; and DOES 1 through 10.

Allegedly on June 14, 2014, Plaintiff served upon the property a 3-day Notice to Quit. On June 23, 2014, Plaintiff filed suit against Defendant for unlawful detainer. On September 15, 2014, Charles Simons was evicted out of his home by the local police department. Shelden Simons received a copy of the file from the Court of Record on September 16, 2014 in response to the unlawful eviction of Charles Simons.

## III.   APPLICABLE LAW

Code of Civil Procedure §473(b) provides:

> *"The court may, upon any terms that may be just, relieve a party or his or her legal representative from a judgment, dismissal, order or other proceeding taken against him or her through his or her mistake, inadvertence, surprise or excusable neglect."*

The purpose of granting relief from a judgment under Code of Civil Procedure §473(b) is to give the party claiming in good faith to have a substantial defense to the action an opportunity

to present it. (See *Transit Ads, Inv. v. Tanner Motor Livery, Ltd.* (1969) 270 Cal.App.2d 275). It has long been recognized that §473(b) is remedial and should be liberally construed; the policy of the law is to have every litigated case tried on its merits, and it looks with disfavor on a party who, regardless of the merits of its case, attempts to take advantage of the mistakes, surprise, inadvertence or neglect of his adversary. (See *Kooper v. King* (1961) 195 Cal.App.2d 621) Moreover, relief under 473(b) is proper where a defendant was mistaken as to some material fact of his duty to respond. (See *Liverman v. Aetna Insurance Co.* (1967) 249 Cal.App.2d 515)

Courts have repeatedly stated that any doubt as to the propriety of setting aside a default should be resolved in favor of the application:

1. The law is remedial and any doubt as to the propriety of setting aside a default should be resolved in favor of the application, even in a case where the showing **under the section is not strong.**

2. Neither party should be deprived of a hearing except when guilty of inexcusable neglect and doubts should be resolved in favor of any application to set aside the **default judgment.**

3. It is the policy of our law to allow each contested case to be tried on its merits. *Code of Civil Procedure 473(b) is a legislative expression of this policy. Our courts will indulge all presumptions and resolve all doubts in favor of orders setting aside defaults.* (See *Hodge Metal Sheet Products v. Palm Springs Riviera Hotel* (1961) 189 Cal.App.2d 653, 657)

Even if Defendants did receive a copy of the summons and complaint by personal service or posting on the Property, a fact which Defendant denies, this "fact" does not constitute actual notice. **Under California law, pursuant to the statute authorizing service of summons by person**

and posting, if a party addressed fails to return the acknowledgment of service, there is no effective service and he merely becomes liable for reasonable expenses of service in a more conventional manner. *Thierfeldt v. Marin Hospital Dist.* (1973) 35 Cal.App.3d 186. As a result, **the only fact Plaintiff relies upon to support actual notice does not, as a matter of law, constitute** actual notice. For the Plaintiff to argue that service equals actual notice is disingenuous, at best.

## IV. PLAINTIFF FAILED TO PROVIDE TENANTS OF 90-DAY NOTICE PURSUANT TO §1161b(a) PROTECTING TENANTS AT FORECLOSURE ACT.

Code of Civil Procedure §1161b(a) states:

> *"Notwithstanding Section 1161a, a tenant or subtenant in possession of a rental housing unit under a month-to-month lease or periodic tenancy at the time the property is sold in foreclosure shall be given 90 days' written notice to quit pursuant to Section 1162 before the tenant or subtenant may be removed from the property as prescribed in this chapter."* **[emphasis added]**

Plaintiff, according to their complaint filed on June 23, 2014, admit to only serving by posting upon the first attempt of service a 3-day notice to pay or quit. A 3-day notice to quit is used if there have been ongoing problems with a tenant and the notice must state the details and dates of each incident that created a nuisance, waste, or illegal activity performed. The use of the 3-day Notice was improperly made by the Plaintiff.

## V. DEFENDANT(S)' FAILURE TO DEFEND AGAINST PLAINTIFF'S CLAIMS IS EXUSABLE DUE TO FAILURE TO PERFECT SERVICE

Code of Civil Procedure §415.45 states that an action for unlawful detainer of real property may be posted if upon affidavit the court orders the summons to be posted on the

premises in a manner most likely to give actual notice. The Plaintiff in this case failed to submit a request and obtain an order from the Court to allow for notice and summons of this current action to be posted upon the property for "ALL UNKNOWN OCCUPANTS".

Furthermore, Code of Civil Procedure §415.46(a) states:

> "Service upon occupants SHALL be made pursuant to subdivision (c) by serving a copy of a prejudgment claim of right to possession, ..., attached to a copy of the summons and complaint at the same time service is made upon the tenant and subtenant, if any."
> **[emphasis added]**

The Proof of Service of Summons filed by Plaintiff on July 14, 2014 for service upon Charles Simons did not include this Prejudgment Claim of Right of Possession form. The default judgment was granted against Charles Simons despite the fact that service was defected on August 11, 2014, yet it was denied against "ALL UNKNOWN OCCUPANTS" for this exact defect. After the request for default was denied against "ALL UNKNOWN OCCUPANTS", Plaintiff's filed an "Amended Proof of Service of Summons" to include this documentation. There as been no affidavit, or other indication that this newly filed "amended proof of service" wasn't prepared and filed for the sole purpose of satisfying the defect. There was no Prejudgment Claim of Right of Possession form served to any of the parties, Charles Simons or others, at the time of service or afterwards.

In addition, Civil Code of Procedure §415.20(b) states that a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served if the person is not a competent member of the household. Charles S. Simons' competency is in question and steps to obtain a conservatorship on him is underway by his son Shelden M. Simons.

## VI. DEFENDANT(S)' FAILURE TO DEFEND AGAINST

## PLAINTIFF'S CLAIMS IS EXCUSABLE UNDER C.C.P. §473

Relief may be had from a judgment resulting from "excusable neglect." Where defendant demonstrates a reasonable excuse for the default, such default will be set aside. (See *Davis v. Thayer* (1980) 113 Cal.App.3d 892) In this case, defendant has provided compelling evidence and statements in his declaration that his failure to defend this case was excusable.

Defendant(s) failure to receive the service of complaint and other documents is also excusable. Some of the documents received by the elder Mr. Simons didn't address him by name and therefore, he failed to see the relative nature of this document to his current situation both financially and within his diminishing mental capacity. Defendant's adversely affected memory and understanding of the events taking place consequently lead to his failure to inform his son Shelden S. Simons whom holds Power of Attorney over matters such as this so that action could have been taken in a timely and appropriate manner.

This case presents a classic example of the kind of "excusable neglect" which warrants relief from a default judgment. Here, Plaintiff is attempting to enforce a judgment, which would be absolutely devastating to the Defendant(s), through no fault of the Defendant(s). If the Plaintiff is entitled to judgment, then he should have to prove it in a fair and equitable manner.

## VII.   INTERVENING DEFENDANT ACTED DILIGENTLY IN SEEKING

## RELIEF FROM THE COURT'S DEFAULT JUDGMENT

In order to qualify for relief under §473(b), "the moving party must act diligently in seeking relief …" *Elston v. City of Turlock* (1985) 38 Cal.3d 227, 234. In the present case, upon learning of the case and evidently the entry of default judgment against him as his notice was

truly effected the morning Defendant(s) were woken by the Sheriff and demanded to vacate the property on September 5, 2014, Defendant(s) first filed a motion to Involuntarily Dismiss on September 22, 2014 with good faith of the proper request to vacate judgment, which was within the three month time limit after the entry of the default judgment. Upon denial of that motion on November 10, 2014, Defendant(s) now file this motion on November 25, 2014.

## VIII.   DEFENDANT(S) HAVE RIGHT TO OBJECT TO ENFORCEMENT OF A JUDGMENT OF POSSESSION PURSUANT TO §1174.3

Code of Civil Procedure $415.46(e)(2) states:

> *"If any action for unlawful detainer resulting from a foreclosure sale of a rental housing unit pursuant to Section 1161a, paragraph (1) shall not limit the right of any tenant or subtenant of the property to file a prejudgment claim of right possession pursuant to subdivision (a) of Section 1174.25 at any time before judgment, or to object to enforcement of a judgment for possession as prescribed in Section 1174.3, whether or not the tenant or subtenant was served with a prejudgment claim of right to possession."* **[emphasis added]**

Tenants objected to the enforcement of this judgment on October 9, 2014 but was denied their legal right to be given the prejudgment claim of right to possession form by the Escondido Police Department and denied the right to contact the Sheriff's Department to obtain this same form to complete and submit according to the laws. Therefore, tenants and all parties here and now involved request their right to submit and defend their claim to possession.

## IX.   CONCLUSION

Plaintiff's have failed to follow the laws regulating the manner in which to obtain possession of real property on more than one instance within this case and upon their own

admissions and declarations filed here within this Court. Allowing Plaintiff's judgment to stand would result in a manifest injustice.

Finally, California Civil Procedure states that when a Plaintiff fails to abide by the rules and requests for an Entry of Default without waiting the required time periods, the case would be dismissed immediately and the filing party would be required to start the procedure from the beginning if it's not ordered to be dismissed with prejudice.

For all the foregoing reasons, Defendant(s) requests the instant Motion be granted and respectfully requests this Court set aside the default and default judgment and allow Defendant to defend this case on the merits.

Dated: December 3, 2014

Respectfully and with All Rights Reserved,

_____
Shelden M. Simons, an individual, *pro per*
POA for Charles S. Simons, an individual, *pro per*
Principle for CHARLES S. SIMONS TRUST,
*represented by SHELDEN M. SIMONS*

_____
Shelden M. Simons, an individual, *pro per*

_____
Anastasia Stein, an individual, *pro per*

_____
Joseph Briggs, an individual, *pro per*

**PROOF OF SERVICE**

I declare that I am over the age of eighteen (18) and not a party to this action. My business/residential address is _____.

On December ____, 2014 I served the following documents: *AMENDED NOTICE OF MOTION AND MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT AND FOR LEAVE TO DEFEND ACTION and AMENDED MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT AND FOR LEAVE TO DEFEND ACTION*, on the attorney for the Plaintiff in this action a true and correct copy of each document thereof addressed as follows:

Glenn H. Wechsler
**LAW OFFICES OF GLENN H. WECHSLER**
**1646 North California Blvd., Suite 450**
Walnut Creek, CA 94596
(925) 274-0202 FAX

**( ) (BY OVERNIGHT COURIER)** I placed a true and correct copy of the above-referenced document(s), enclosed in a sealed envelope and addressed as above. I then caused it to be delivered to an overnight courier service, for delivery to the above address(es).

**( ) (BY MAIL)** I placed a true and correct copy of the above-referenced document(s), enclosed in a sealed envelope and addressed as above, with postage thereon fully prepaid for first-class mail and thereafter caused it to be delivered to the United States Postal Service, for delivery to the above address(es).

**( ) (BY FACSIMILE)** I transmitted a true and correct copy of the above-referenced document(s) to all parties in this action by facsimile at the telephone/fax number(s) indicated above and thereafter enclosed in a sealed envelope and addressed as above, with postage thereon fully prepaid for first-class mail, for collection and mailing with the United States Postal Service, for delivery to the above address(es).

**( ) (BY PERSONAL SERVICE)** I placed a true and correct copy of the above-referenced document(s), enclosed in a sealed envelope and delivered by hand to the addressee(s) above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on December _____, 2014 at _____, California.

_____

_____
Print Name

Glenn H. Wechsler, State Bar No. 118456
Natalie S. Mandelin, State Bar No. 233517
LAW OFFICES OF GLENN H. WECHSLER
1646 North California Blvd., Suite 450
Walnut Creek, California 94596
Telephone: (925) 274-0200

Attorneys for Plaintiff
U.S. BANK NATIONAL ASSOCIATION, ON BEHALF OF MORTGAGE
EQUITY CONVERSION ASSET TRUST 2011-1

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN DIEGO

NORTH COUNTY REGIONAL CENTER

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, ON BEHALF OF MORTGAGE EQUITY CONVERSION ASSET TRUST 2011-1 <br><br> Plaintiff, <br><br> vs. <br><br> CHARLES SIMONS and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO. 37-2014-00021236-CL-UD-NC <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO <u>AMENDED</u> MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT AND FOR LEAVE TO DEFEND ACTION** <br><br> Date:  December 23, 2014 <br> Time:  1:15pm <br> Dept:  8 |

Plaintiff U.S. BANK NATIONAL ASSOCIATION, ON BEHALF OF MORTGAGE EQUITY CONVERSION ASSET TRUST 2011-1 ("Plaintiff") respectfully submits the following memorandum and declaration opposition to the **<u>Amended</u>** Motion to Set Aside Default and Default Judgment and for Leave to Defend Action (hereafter "Defendant's Motion") filed by third party Shelden Simons individually and on behalf of Defendant Charles Simons:

## INTRODUCTION

This is Defendants' second Motion to Set Aside Default and Default Judgment. The only difference between this motion and the motion previously filed by Defendants and set for hearing on the same date as the instant motion is the inclusion of trespassers Anastasia Stein and Joseph **Briggs as moving parties.  However, for the same reasons outlined in Plaintiff's memorandum of** points and authorities filed in opposition to Defendants' initial Motion to Set Aside Default, the instant Motion must be denied.

## STATEMENT OF FACTS

Plaintiff obtained a of Judgment for possession of the real property commonly known as 1003 N. Ivy Street, Escondido, California (hereafter the "Property") in this action on August 22, 2014. The **Judgment explicitly states that it "…applies to all occupants of the premises including tenants,** subtenants if any, and named claimants if any," pursuant to Code of Civil Procedure ("CCP") Sections 715.010, 1169 and 1174.3. A true and correct copy of the Judgment is attached as Exhibit "A" to the Declaration of Natalie Mandelin (the "Mandelin Dec.") filed in connection with the Motion by **Plaintiff for Order that Judgment of Possession Applies to Unnamed Occupants (hereafter "Plaintiff's** Motion"), which is set for hearing concurrently with Defendant's Motion, and is incorporated herein by this reference.

On September 5, 2014, following the entry of Judgment, the San Diego County Sheriff's Office evicted all occupants of the Property, restoring possession to Plaintiff and issuing an Eviction Restoration Notice evidencing said eviction. (Mandelin Dec., Exhibit "B.")

**Following restoration of possession of the Property to Plaintiff, Plaintiff discovered that the** Property had been broken into and reoccupied by two individuals named Anastasia Joy Stein and Joseph Briggs. Stein and Briggs informed Plaintiff's agent that they have a lease agreement with the former owner of the Property, CHARLES SIMONS, but were unable to produce a lease. The trespassers claimed that the eviction was invalid because they were entitled to be served in this action pursuant to a Specific Power of Attorney document in which third party Shelden Simons is allegedly named attorney in fact for the former owner, CHARLES SIMONS. (Mandelin Dec., ¶ 3.)

On or about October 9, 2014, Plaintiff's agent called police to the Property to remove Stein and Briggs, on the basis that they are trespassers. However, the police informed Plaintiff's agent that

they could not remove Stein and Briggs without an order from the Court, even though Plaintiff had previously obtained a Judgment of possession and the sheriff's office had previously executed a writ of possession. (Mandelin Dec., ¶ 4.)

Shelden Simons previously filed a "Motion for Involuntary Dismissal" in this action, claiming **he was not properly served with the Summons and Complaint herein.** A true and correct copy of the Memorandum of Points and Authorities filed by Shelden Simons in support of that Motion is attached to the Mandelin Dec. as Exhibit "G" and incorporated herein by this reference. That Motion was **denied. All present occupants of the Property are related to, or appear to claim the right to possession** of the Property through, foreclosed former owner CHARLES SIMONS. No bona fide lease has ever been presented to Plaintiff, and none is attached to the instant Motion.

As outlined below, there is no legal basis for setting aside the defaults or default judgment entered in this action. Defendant's arguments concerning "actual notice" are irrelevant, as actual notice is not required. All parties and unknown occupants were properly served in this action and given an opportunity to appear prior to the entry of Judgment. *CHARLES SIMONS and "all occupants" of the subject property were served with the Summons and Complaint in this action on* July 7, 2014. (Mandelin Dec., Exhibits "C" and "D.") Thereafter, defaults were entered in this action on August 11, 2014 as to Defendant CHARLES SIMONS and on August 22, 2014 as to "All **Unknown Occupants." (Mandelin Dec., Exhibits "E" and "F.")**

Defendant's arguments concerning the Amended Proof of Service are convoluted and lack merit. The proofs of service each contain sworn statements that the referenced documents, including **the Prejudgment Claim of Right to Possession, were served upon CHARLES SIMONS and ALL** UNKNOWN OCCUPANTS on July 7, 2014. Plaintiff is not required to demonstrate "actual notice," and Defendants point to no authority to the contrary.

Further, there is no merit to the argument that Defendants were entitled to a 90 day notice, as CHARLES SIMONS and all those claiming under him are only entitled to a 3-Day notice, as a matter of law, and no lease has been produced, nor is any attached to the moving papers.

Third, Defendant's Motion is procedurally defective, as it fails to include a proposed responsive pleading, as required by Code of Civil Procedure Section 473(b). The "Affidavits" attached to the Defendant's Motion are gibberish and do not relate in any tangible way to the issues

properly before the Court in Defendant's Motion.   As such, the affidavits cannot constitute a responsive pleading and should be disregarded in their entirely.

## LEGAL ARGUMENT

**A.    Defendant's Motion Fails to Meet the Requirements of Code of Civil Procedure Section 473.**

CCP Section 128 gives this Court broad discretion to enter orders such as the order requested in the instant Motion.   That Section states, in pertinent part, as follows:

> **(b) The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. _Application for this relief shall be accompanied by a copy of the answer or other pleading proposed to be filed therein, otherwise the application shall not be granted,_**

Although Defendants' Motion requests that the Court vacate the defaults and Judgment entered in this action, Defendants fail to comply with the mandatory provisions of Section 473(b), in that they have failed to include any proposed responsive pleadings with their moving papers.   The Court is therefore without jurisdiction to vacate the default and default judgment, as a matter of law. The language of CCP Section 473(b) is mandatory. While it is possible that CHARLES SIMONS "…adversely affected memory and understanding of the events taking place…led to his failure to inform his son, Shelden Simons…" (Defendant's Motion, 8:11-15), such failure is not sufficient to grant the Motion where, as here, the Motion is procedurally defective. The motion "_**shall not be granted**_." (_Ibid._, emphasis added.)

**B.    Having Failed to File a Prejudgment Claim, Defendants Cannot Object Now:**

Plaintiff utilized the standard statutory procedure for serving unknown occupants.   CCP Section 415.46 provides, in part, that:

> (e) If an owner or his or her agent has directed and obtained service of a prejudgment claim of right to possession in accordance with this section, <u>no occupant of the premises, whether or not such occupant is named in the judgment for possession, may object to the enforcement of that judgment</u> as prescribed in Section 1174.3. (emphasis added)

In the instant action, Plaintiff properly served a prejudgment claim pursuant to CCP Section 415.46. When no response was filed, Plaintiff properly requested and obtained the default of

CHARLES SIMONS and all occupants. (See the below Mandelin Dec., Exhibits "C" through "F.") The Judgment by Default was thereafter properly entered by this Court, and a writ was issued. (Judgment, Mandelin Dec., Exhibit "A.")

Defendants' Motion argues that the Amended Proof of Service, showing service of the **Prejudgment Claim of Right to Possession on July 7 is invalid because** "...[t]here has been no affidavit, or other indication that this newly filed 'amended proof of service' wasn't prepared and filed for the sole purpose of satisfying the defect." (Defendants' Motion, 7:17-18.) This argument **lacks merit because the Amended Proof of Service is itself an affidavit, containing a sworn statement** by the process server that its contents are true and correct. Defendants can provide no support for the argument that any further affidavit is required, because no such requirement exists. Defendants' Motion should be denied.

       **C.**    **Actual Notice is Not Required.**

Personal service was made upon CHARLES SIMONS at the subject real property, and a proof of service attesting to that fact was filed in the Court. Despite these facts, Defendants insist that **service was improper under Code of Civil Procedure Section 415.20 because** "...Charles S. Simons' competency is in question as supported by the declarations of Shelden M. Simons and Anastasia Stein" (Defendant's Motion, 7:24-26.) This argument fails.

**First, no declarations of either Shelden Simons or Anastasia Stein were served upon Plaintiff** with Defendant's Amended Motion. If any such declarations were filed, Plaintiff objects to the consideration of those documents on that basis. Further, any such declaration will surely lack sufficient expert opinion foundation, will be founded upon hearsay, and will be inadmissible and objectionable on that basis as well.

Second, Defendants misread the law. Code of Civil Procedure Section 415.20(b) provides, in pertinent part, as follows:

> ***If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served***, as specified in Section 416.60, 416.70, 416.80, or 416.90, a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, ***in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address*** other than a United States Postal Service post office box, at least 18

years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left. Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Defendants' argument that questions exist as to CHARLES SIMONS' competency does not invalidate service. **Defendant presents no admissible evidence that CHARLES SIMONS is in fact incompetent,** nor is any evidence presented showing that Plaintiff either knew or should have known that CHARLES SIMONS was incompetent. Service was made in the manner set forth in the Code of Civil Procedure and is valid. **Defendants' Motion should be denied.**

Further, Defendants' Motion argues that "[e]ven if Defendants did receive a copy of the summons and complaint by personal service or posting on the property…this 'fact' does not constitute actual notice." (Defendant's Motion, 5:25-27.)   Plaintiff need not demonstrate actual notice. However, even if Plaintiff did need to make such a showing, **CHARLES SIMONS was personally served**! Thus, CHARLES SIMONS had actual notice of these proceedings.   There is no legal requirement that unknown occupants receive actual notice of these proceedings. The only requirement is that the Plaintiff comply with the service requirements applicable to a Prejudgment Claim of Right to Possession, which are set forth in the Code of Civil Procedure.   Plaintiff complied with all such requirements and the defaults and default judgment are therefore valid.   Defendants' Motion should be denied.

**D.      Defendants Were Only Entitled to a 3-Day Notice.**

Defendants' Motion argues that a 90-Day Notice was required, instead of the 3-Day Notice served on CHARLES SIMONS and all unknown occupants. (Defendant's Motion, 6:8-21.) Defendants are incorrect. California Civil Code §1161a provides that:

> (b) In any of the following cases, a person who holds over and continues in possession of a manufactured home, mobilehome, floating home, or real property after a three-day written notice to quit the property has been served upon the person, or if there is a subtenant in actual occupation of the premises, also upon such subtenant, as prescribed in Section 1162, may be removed therefrom as prescribed in this chapter:
>
> …
>
> (2) Where the property has been sold pursuant to a writ of sale, **_upon the foreclosure by proceedings taken as prescribed in this code of a mortgage, or under an express power of sale contained therein, executed by such person, or a person under whom such person claims, and the title under the foreclosure has been duly_**

*perfected*. (emphasis added)

1  In this case, CHARLES SIMONS is the former mortgagor, and Shelden Simons is the former

2  mortgagor's son. Since Shelden Simons claims his right of possession by virtue of his father's

3  execution of the deed of trust, CHARLES SIMONS and Shelden Simons are entitled to only a 3-Day

4  Notice. No bona fide tenancy was ever demonstrated to Plaintiff by any occupant of the Property.

5  Where is the evidence that Anastasia Stein and Joseph Briggs are bona fide tenants? Ms. Stein has

6  come to court with Shelden Simons in the past, but has never made a formal appearance. Ms. Stein

7  notarized the Power of Attorney document appointing Shelden Simons as attorney in fact for

8  CHARLES SIMONS. Ms. Stein is not a bona fide tenant, and neither is Mr. Briggs. Only a 3-Day

9  notice was required, as a matter of law. Defendant's Motion should be denied.

10  ### CONCLUSION

11  Defendants' Motion fails to meet the mandatory requirements of Code of Civil Procedure

12  Section 473 with regard to motions to set aside defaults and default judgments. The Motion also fails

13  to demonstrate mistake or excusable neglect. All parties were properly served and simply failed to

14  appear. After Plaintiff obtained possession of the Property, Ms. Stein and Mr. Briggs broke back into

15  the property and are apparently occupying it as trespassers. Defendants present no evidence sufficient

16  to justify setting aside the defaults or vacating the judgment entered in this action. Defendants'

17  Motion should be denied.

18  Dated: December 9, 2014          LAW OFFICES OF GLENN H. WECHSLER

19

20  By: _____

21          NATALIE MANDELIN,

22

23

24

25

26

27

28  G:\Glenn\DOCS\FNMA\MPA Opp AMENDED Mtn Set Aside Default N Ivy Street.doc

## PROOF OF SERVICE BY OVERNIGHT DELIVERY

I am over the age of 18 years and not a party to the within action.  I am employed in the County of Contra Costa, State of California.

My business address is c/o Law Offices of Glenn H. Wechsler, 1646 N. California Blvd., Suite 450, Walnut Creek, California 94596.

On December 10, 2014, I served the following document(s):

- **MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO AMENDED MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT AND FOR LEAVE TO DEFEND ACTION**

by placing true and correct copies thereof, enclosed in a sealed envelope in a United Parcel Service delivery pick-up box in Walnut Creek, California, with Next Day Delivery requested, and addressed as follows:

| | |
|---|---|
| Shelden M. Simons | DEFENDANTS in Pro Per |
| Charles S. Simons | |
| Joseph Briggs | |
| Anastasia Joy Stein | |
| 1026 W. El Norte Parkway #246 | |
| Escondido, CA 92026 | |

| | |
|---|---|
| Joseph Briggs | DEFENDANTS in Pro Per |
| Anastasia Joy Stein | |
| 1003 N. Ivy Street | |
| Escondido, CA  92026 | |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed at Walnut Creek, California on December 10, 2014.

_Barbara Kennick_
BARBARA KENNICK

G:\Barbara\PROOFS OF SERVICE\AAA - FORMS\By UPS Overnight Delivery.doc

Shelden M. Simons, *pro per*
Charles S. Simons, *pro per*
(under power of attorney)
Anastasia Stein, *pro per*
Joseph Briggs, *pro per*
1026 W. El Norte Parkway #246
Escondido, CA 92026
(858) 206-0670
sheldensimons@gmail.com

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

## NORTH COUNTY

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, ON BEHALF OF MORTGAGE EQUITY CONVERSION ASSET TRUST 2011-1,<br><br>Plaintiff,<br><br>vs.<br><br>Shelden M. Simons, an individual, Charles S. Simons, an individual; Trust of Charles S. Simons, Anastasia Stein, Joseph Briggs and DOES 1 THROUGH 50, inclusive,<br><br>Defendants | Case No. 37-2014-00021236-CL-UD-NC<br><br>**RESPONSE TO PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO AMENDED MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT AND FOR LEAVE TO DEFEND ACTION**<br><br>Date:   December 23, 2014<br>Time:  1:15 PM<br>Dept:  8 |

## I.    INTRODUCTION

Defendants respectfully submits the following response to Plaintiff's Memorandum of Points and Authorities in Opposition to Amended Motion to Set Aside Default and Default Judgment and for Leave to Defend Action filed on behalf of US BANK NATIONAL ASSOCIATION, ON BEHALF OF MORTGAGE EQUITY CONVERSION ASSET TRUST 2011-1 pursuant to CCP§§473 and 473.5.

## II.  FACTUAL BACKGROUND

Plaintiff is U.S. BANK NATIONAL ASSOCIATION, on behalf of MORTGAGE EQUITY CONVERSION ASSET TRUST 2011-1; Defendants are Charles S. Simons, in individual and by the Power of Attorney filed with the County Recorders Office of San Diego County providing powers to make all legal decisions to Shelden M. Simons, Shelden M. Simons, an individual; Anastasia J. Stein, an individual, Joseph Briggs, an individual, and DOES 1 through 10.

Allegedly on June 14, 2014, Plaintiff served upon the property a 3-day Notice to Quit. On June 23, 2014, Plaintiff filed suit against Defendant for unlawful detainer. On September 5, 2014, Charles Simons was evicted out of his home by the SD County Sheriff's Office with an "Eviction Restoration Notice". On October 9, 2014, the Escondido Police Department arrived in response to a call by agents for the Plaintiff claiming that Stein and Briggs were trespassing upon the property. EPD could not find any illegal actions by the two previously named Defendants and declared the matter to be resolved in the courtroom as there was a current hearing date pending this specific conflict.

Defendants' filed a "Motion for Involuntary Dismissal" in this action, misinformed that this was the proper method to affect the judgments to be held and allow the Defendants an opportunity to argue their position. On the day of this hearing, this motion was denied and Defendant's were educated upon the proper format to achieve their desired outcome and proceeded to file a new motion of which is presently before the court.

## III.    APPLICABLE LAW

Plaintiff claims that Defendant's application to Set Aside the Default and Default Judgment and For Leave Defend Action should be denied for failure to include a copy of the answer or other pleading proposed to be filed and shall not be granted if this pleading is not included in the original application pursuant to CCP §473(b). However, this code further states that in a case determining the right to possession of real property "no affidavit or declaration of merits shall be required of the moving party." Being the Defendant's have been taken by surprise of this action, this particular sentence lead the Defendants to believe that a proposed answer or

pleading was also not required considering the subject matter being of "possession of real property." Therefore, attached to this response is Defendant's attempt to cure this defect and respectfully request this court to accept this document at this time as being in compliance with such law.

Code of Civil Procedure §475 states:

> "The court must, in every stage of an action, disregard any error, improper ruling, instruction, or defect, in the pleadings or proceedings which, in the opinion of said court, does not affect the substantial rights of the parties."

Defendants' claim that failing to provide a proposed answer in the initial application of their current motion does not "affect the substantial rights" of the Plaintiff. Providing a proposed answer now is more notice of the Defendants position in objection to their complaint than if the Defendants had been given actual notice of the Plaintiffs action and responded within the five (5) days as required by law. Therefore, providing a proposed response at this point in this motion proceeding is of no affect to the Plaintiff.

Furthermore, Defendants provide the required affidavit to show under oath that the party's lack of actual notice in time to defend the action was not caused by their avoidance of service or inexcusable neglect as required under CCP§473.5(b). In fact, according to the affidavit of Shelden M. Simons, the SD Sheriff Dept. physically moving Charles Simons out of the property on September 5, 2014 was the first notice, "actual, constructive or otherwise" that the litigation had been commenced.

## IV.    FAILURE TO COMPLY WITH CCP §§715.010 AND 1174.3

The Plaintiff claims that on August 22, 2014 there was a judgment ordered pursuant to CCP §§715.010, 1169 and 1174.3.

For starters, according to the following Code of Civil Procedure §715.010 provides:

> "(a) A judgment for possession of real property may be enforced by a writ of possession of real property issued pursuant to Section 712.010. [...] (b) In addition to the information required by Section 712.020, the write of possession of real property **shall** contain the following: (1) A description of the real property,

*possession of which is to be delivered to the judgment creditor in satisfaction of the judgment."*

The document prepared by the Court for the Writ of Possession of Real Property dated **August 22, 2014, does not follow the guidelines set out by the law. This document fails to** include a property description as required by §715.010(b)(1) as it only provides an address but does nothing to further explain the type of property to be found at that address. In the city of **Escondido, there are many streets that end and continue further into the city, including but not** limited to Ivy Street, Lincoln Ave. Elm Street, etc. Furthermore, §715.010(b)(2) requires that this document be served upon the occupants providing 5 days for the tenants to move out.

Code of Civil Procedure §715.010(b)(2):

> *"(2) A statement that if the real property is not vacated within five days from the date of service of a copy of the writ on the occupant or, if the copy of the writ is posted, within five days from the date a copy of the writ is served on the judgment debtor, the levying officer will remove the occupants from the real property and place the judgment creditor in possession."*

In order to confirm that this service had actually taken place, CCP§715.040(b) states that *"[w]ithin five days after executing the writ under this section, **all** of the following shall be filed with the levying officer: (1) The writ of possession of real property, (2) An affidavit of the registered process server stating the manner in which the writ was executed, (3) Proof of service of the writ and (4) Instructions in writing, as required by the provisions of Section 687.010."* None of these events took place nor has the Plaintiff provided proof to this court that they have **followed the laws requiring this process to take possession of real property.**

Lastly, the §712.020(c) requires that the writ of possession also include the name and address of the creditor but the current form only include the name with the only address provided **is for the attorney representing the creditor and not the address for the creditor.**

Just in the one document allegedly granting possession of the real property located at 1003 North Ivy Street, Escondido, CA 92026 there are four (4) fatal flaws in the document and therefore invalidate and void its power.

**The Plaintiff further claims that default judgment ordered was pursuant to Code of Civil**

Procedure §1174.3 which provides:

> *"(a) Unless a prejudgment claim of right to possession has been served upon occupants **in accordance with Section 415.56**, any occupant not named in the judgment for possession who occupied the premises on the date of the filing of the action may object to enforcement of the judgment against that occupant by filing a claim of right to possession as prescribed in this section. A claim of right to possession may be filed at any time after service or posting of the writ of possession pursuant to subdivision (a) or (b) of Section 715.020, up to and including the time at which they levying officer returns to effect the eviction of those named in the judgment of possession."*

This code states that it needs to be in compliance with Code of Civil Procedure §415.46(a) which states:

> *"Service upon occupants SHALL be made pursuant to subdivision (c) by serving a copy of a prejudgment claim of right to possession, ..., attached to a copy of the summons and complaint at the same time service is made upon the tenant and subtenant, if any."*
> **[emphasis added]**

Upon the evidence provided by the Plaintiff that the Proof of Service of Summons made by R.T. Hansell did not service upon Charles Simons the prejudgment claim of right to possession form. **Please note also that the first Proof of Service allegedly posted by the same process server also** did not include that document and didn't make any mention of such document until the Plaintiff was originally denied a default judgment against ALL OCCUPANTS due to this failure. It was **then and only then did the process server produce an "Amended" proof of service. According to** the statements of the Defendants in this case, the prejudgment claim of right to possession form was never delivered, mailed, served or posted and it is the position of the Defendants that there was no form and the "Amended" proof of service was for the sole purpose of correcting the defect to allow the clerk to approve the default judgment. The clerk of the court also made the error of granting the default judgment upon Charles Simons as this defect was never cured and the default judgment was issued nonetheless.

## V.    PLAINTIFF FAILED TO PROVIDE TENANTS OF 90-DAY NOTICE PURSUANT TO CCP §1161b(a).

The previous owner to the property in question was not as the Plaintiff has indicated to be of Charles S. Simons. In fact, the true previous owner of the property was CHARLES S. SIMONS and SHELDEN MICHAEL SIMONS, Co-Trustees of the CHARLES S. SIMONS TRUST DATED FEBRUARY 3, 2009 as represented in recorded document #2009-0158033 and was recorded on March 30, 2009 in the County Recorder's Office in the County of San Diego, State of California. (See Exhibit 'A') Here and now, Defendant's ask for the Court to take Judicial Notice of this document as is provided by law to take such notice of a publically recorded document. Due to this document, the true previous owner of the property was a corporation and obviously impossible for it to "reside" anywhere. There is no requirement for a lease to be made between the landlord and it's tenants to prove a contract as these may be made verbally and by the law after residing in a specific place for a period of time the methods to remove such person from the property include the proper notices to those intended to be removed.

Plaintiff cries that there has been no lease provided to them or the courts, but there is no law requiring that there be one in existence nor one to be provided herein. Therefore, despite the Plaintiff's argument that they are only to be held by the laws under §1161a(b)(2) because the people residing within the property were not the "true owner" of the property they are to be held to the laws under §§1161b or 1161c. Defendants believe that the following applies to the facts in this case.

Code of Civil Procedure §1161b(a) states:

> "Notwithstanding Section 1161a, a tenant or subtenant in possession of a rental housing unit under a month-to-month lease or periodic tenancy at the time the property is sold in foreclosure **shall be given 90 days' written notice to quit** pursuant to Section 1162 before the tenant or subtenant may be removed from the property as prescribed in this chapter." **[emphasis added]**

The law states the word **"shall"** which under the legal definitions means **"must"**. Therefore, under the above stated code the use of the 3-day Notice was improperly made by the

Plaintiff as the legal requirement upon the occupants is that they **"shall be given 90 days' written notice to quit ... before the tenant or subtenant may be removed from the property..."** In translation, the Plaintiff **MUST** give 90 days' notice rather than 3 days notice and have failed to provide the adequate notice as required by the law.

## VI.   PLAINTIFF FAILED TO RECEIVE COURT APPROVAL TO EFFECT SERVICE OF SUMMON UPON DEFENDANTS BY POSTING PURSUANT TO CCP§415.45

Code of Civil Procedure §415.45 states:

> *"(a) A summon in an action for unlawful detainer of real property may be served by posting **if upon affidavit** it appears to the **satisfaction of the court** in which the action is pending that the party to be served cannot with reasonable diligence be served in any manner specified in this article other than publication...[...](b) The court shall order the summons to be posted on the premises in a manner most likely to give **actual notice** to the party to be served and direct that a copy of the summons and of the complaint be forthwith mailed by certified mail to such party at his last known address."*

Plaintiffs failed to present this court with this required "affidavit" to give the court the satisfaction that the party "ALL UNKNOWN OCCUPANTS" couldn't be served with "reasonable diligence" and that posting and mailing via **certified mail** would be sufficient to effect **actual notice**. Plaintiffs claim in their objection that "actual notice" is not required when serving of UD Summons and Complaint, but then why would the law clearly indicate that the requirement of posting is to be done in a manner "most likely to give **actual notice** to the party to be served" if "actual notice" is not a requirement.

Furthermore, there is a legal requirement to make an effort to serve the parties with "reasonable diligence". This "reasonable diligence" is legally defined to be more than one single attempt upon the residence and there is no affidavit, declaration or informal "note" provided by the process server to indicate that there was any further attempt to determine whether or not any other "occupants" resided at that residence upon whom service was additionally required.

In addition, CCP §473.5 (a) states:

> *"When service of a summons **has not** resulted in **actual notice** to a party in time to defend the action and a default or default judgment has been entered against him or her in the action, he or she may file a notice of motion to set aside the default or default judgment and for leave to defend the action."*

Here again the law refers to the serving of a summons to effect "actual notice" and that there is a procedural recourse for those Defendants whom find themselves in a situation whereas "actual notice" was not established. It is the belief of the Defendants that the law would not allow this method of recourse or any other method of recourse for Defendants if "actual notice" was not a requirement when serving opposing parties with a summons. Therefore, the Defendants believe that with their diligent research and failure to find any law or code that clearly indicates that service of summons in relation to possession of real property does not require "actual notice" to the opposing parties, that the Plaintiffs are attempting to pull the wool over the courts eyes in a game of smoke and mirrors attempting to redirect the courts focus on other matters immaterial to the facts of this current case before the court.

## VII.   DEFENDANT(S) HAVE RIGHT TO OBJECT TO ENFORCEMENT OF A JUDGMENT OF POSSESSION PURSUANT TO §1174.3

Code of Civil Procedure $415.46(e)(2) states:

> *"If any action for unlawful detainer resulting from a foreclosure sale of a rental housing unit pursuant to Section 1161a, paragraph (1) shall not limit the right of any tenant or subtenant of the property to file a prejudgment claim of right possession pursuant to subdivision (a) of Section 1174.25 at any time before judgment, or to object to enforcement of a judgment for possession as prescribed in Section 1174.3, whether or not the tenant or subtenant was served with a prejudgment claim of right to possession."* **[emphasis added]**

Defendants objected to the enforcement of this judgment on October 9, 2014 and duly requested the prejudgment claim of right to possession form from the Escondido Police Department. When this request was denied to the Defendants, it was then further requested that

the San Diego Sheriff's Department be contacted to provide the prejudgment claim of right to possession form. This too was denied by the EPD. Since October 9, 2014, Defendant's sought assistance with the UD Clinic available at the Superior Courthouse in Vista and with the help and direction of the people at the clinic both the courtroom clerk and the SD Sheriff's Dept. were contacted and questioned on whether or not they would be willing to accept the prejudgment claim of right to possession form if hand delivered personally that day. Both the courtroom clerk and the agent at the SD Sheriff's Dept. indicated that they would not accept this form from the Defendant's at this time and it was suggested to provide this form completed to the court directly at the time of the next hearing.

## VIII.   CONCLUSION

Plaintiff has failed to follow the laws regulating the manner in which to obtain possession of real property in more than one instance within this case and upon their own admissions and declarations filed here within this Court. To allow the current default judgment to stand without the Plaintiff giving actual notice of the complaint and summons to the Defendants is enforcing an unjustified default judgment without the Plaintiff proving his case. This transparent attempt to avoid the Defendants the opportunity to defend their action upon their merits is an unwarranted, unfair and an unsupported judgment that needs to be stopped. If the Plaintiff is entitled to judgment, then he should have to prove it in a fair and equitable manner. Allowing Plaintiff's default judgment to stand as is, would result in a manifest of injustice.

Finally, **California Civil Procedure §473.5(c) states that:**

> *"Upon a finding by the court that the motion was made within the period permitted by subdivision (a) and that his or her lack of actual notice in time to defend the action was not caused by his or her avoidance of service or inexcusable neglect, it may set aside the default or default judgment on whatever terms as may be just and allow the party to defend the action."*

For all the foregoing reasons, Defendants request the Motion to Set Aside the Default and Default Judgment and for Leave to Defend Action be granted allowing Defendants to defend this case on the merits in the interest of justice.

1   Dated: December 19, 2014

2                       Respectfully and with All Rights Reserved,

3

4

5   Shelden M. Simons, an individual, *pro per*

6   POA for Charles S. Simons, an individual, *pro per*
    Principle for CHARLES S. SIMONS TRUST,

7   *represented by SHELDEN M. SIMONS*

8

9   Shelden M. Simons, an individual, *pro per*

10

11

12   Anastasia Stein, an individual, *pro per*

13

14   Joseph Briggs, an individual, *pro per*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I declare that I am over the age of eighteen (18) and not a party to this action. My business/residential address is _____.

On December ____, 2014 I served the following documents: **RESPONSE TO PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO AMENDED MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT AND FOR LEAVE TO DEFEND ACTION**, on the attorney for the Plaintiff in this action a true and correct copy of each document thereof addressed as follows:

Glenn H. Wechsler
LAW OFFICES OF GLENN H. WECHSLER
1646 North California Blvd., Suite 450
Walnut Creek, CA 94596
(925) 274-0202 FAX

**( ) (BY OVERNIGHT COURIER)** I placed a true and correct copy of the above-referenced document(s), enclosed in a sealed envelope and addressed as above. I then caused it to be delivered to an overnight courier service, for delivery to the above address(es).

**( ) (BY MAIL)** I placed a true and correct copy of the above-referenced document(s), enclosed in a sealed envelope and addressed as above, with postage thereon fully prepaid for first-class mail and thereafter caused it to be delivered to the United States Postal Service, for delivery to the above address(es).

**( ) (BY FACSIMILE)** I transmitted a true and correct copy of the above-referenced document(s) to all parties in this action by facsimile at the telephone/fax number(s) indicated above and thereafter enclosed in a sealed envelope and addressed as above, with postage thereon fully prepaid for first-class mail, for collection and mailing with the United States Postal Service, for delivery to the above address(es).

**( ) (BY PERSONAL SERVICE)** I placed a true and correct copy of the above-referenced document(s), enclosed in a sealed envelope and delivered by hand to the addressee(s) above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on December _____, 2014 at _____, California.

_____

_____
Print Name

1   Shelden M. Simons, *pro per*
2   Charles S. Simons, *pro per*
    (under power of attorney)
3   Anastasia Stein, *pro per*
    Joseph Briggs, *pro per*
4   1026 W. El Norte Parkway #246
    Escondido, CA 92026
5   (858) 206-0670
6   sheldensimons@gmail.com

7

8                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9

10                        **FOR THE COUNTY OF SAN DIEGO**

11                                **NORTH COUNTY**

12

13

| 14 | U.S. BANK NATIONAL ASSOCIATION, ON BEHALF OF MORTGAGE EQUITY CONVERSION ASSET TRUST 2011-1, | ) | Case No. 37-2014-00021236-CL-UD-NC |
|----|---|---|---|
| 15 | | ) | **AMENDED NOTICE OF MOTION AND** |
| 16 | | ) | **MOTION TO SET ASIDE DEFAULT AND** |
| 17 | Plaintiff, | ) | **DEFAULT JUDGMENT AND FOR** |
|    | | ) | **LEAVE TO DEFEND ACTION** |
| 18 | vs. | ) | **[CCP473(b)]** |
| 19 | Shelden M. Simons, an individual, Charles S. | ) | Date:  December 23, 2014 |
| 20 | Simons, an individual; Trust of Charles S. Simons, Anastasia Stein, Joseph Briggs and | ) | Time:  1:15 PM |
|    | DOES 1 THROUGH 50, inclusive, | ) | Dept:  8 |
| 21 | | ) | |
| 22 | Defendants | ) | |

23              NOTICE OF MOTION AND MOTION TO SET ASIDE DEFAULT

24       AND DEFAULT JUDGMENT AND FOR LEAVE TO DEFEND ACTION. [CCP 473(b)]

25   TO PLAINTIFF AND ITS ATTORNEY OF RECORD:

26       Please take notice that on December 23, 2014 at 1:15PM, or as soon thereafter as the

27

28   matter may be heard, in Department 8 of the above-entitled court located at 325 S. Melrose

Drive, Vista, CA 92081, defendant Shelden M. Simons, ("Simons"), and on behalf of Charles S. Simons under the Power of Attorney recorded in the County of San Diego State of California, granting Shelden M. Simons the right to represent and speak on his behalf for matters relating to real property, Anastasia Stein and Joseph Briggs, will and hereby does move the court for an order setting aside the default and default judgment entered against defendant and for leave to defend the action.

This motion is made under Code of Civil Procedure §473(b) upon the ground that defendant's failure to defend the underlying action was caused by mistake, inadvertence, surprise, or excusable neglect. The motion is based on this notice of motion and motion, the accompanying memorandum of points of authorities, the pleadings and papers on file in this action, and any oral argument presented at the hearing on the defendant's motion.

Dated: December 3, 2014

Respectfully and with All Rights Reserved,

_____

Shelden M. Simons, an individual, *pro per*
POA for Charles S. Simons, an individual, *pro per*
Principle for CHARLES S. SIMONS TRUST,
*represented by SHELDEN M. SIMONS*

_____

Shelden M. Simons, an individual, *pro per*

_____

Anastasia Stein, an individual, *pro per*

_____

Joseph Briggs, an individual, *pro per*

# EXHIBIT

# V

1  Glenn H. Wechsler, State Bar No. 118456
2  Natalie S. Mandelin, State Bar No. 233517
   LAW OFFICES OF GLENN H. WECHSLER
3  1646 North California Blvd., Suite 450
   Walnut Creek, California  94596
4  Telephone: (925) 274-0200

5  Attorneys for Plaintiff
6  U.S. BANK NATIONAL ASSOCIATION, ON BEHALF OF MORTGAGE
   EQUITY CONVERSION ASSET TRUST 2011-1

7

8

9              IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                   IN AND FOR THE COUNTY OF SAN DIEGO

11                     NORTH COUNTY REGIONAL CENTER

12

13
   U.S. BANK NATIONAL ASSOCIATION,   )   CASE NO. 37-2014-00021236-CL-UD-NC
14 ON BEHALF OF MORTGAGE             )
   EQUITY CONVERSION ASSET TRUST     )   **ORDERS AFTER HEARING ON:**
15 2011-1                            )   **1) MOTION TO SET ASIDE DEFAULT**
                                     )   **AND DEFAULT JUDGMENT AND FOR**
16                                   )   **LEAVE TO DEFEND ACTION; AND**
              Plaintiff,             )   **2) MOTION FOR ORDER THAT**
17                                   )   **JUDGMENT OF POSSESSION APPLIES**
       vs.                           )   **TO UNNAMED OCCUPANTS**
18                                   )
   CHARLES SIMONS and DOES 1 through )
19 10, inclusive,                    )   Date:  December 23, 2014
                                     )   Time:  1:15pm
20            Defendants.            )   Dept:  8
                                     )
21                                   )
                                     )
22                                   )
                                     )
23

24       This matter came on regularly at the above date and time on the following motions: 1) the

25 Motion for Order that Judgment of Possession Applies to Unnamed Occupants, filed by Plaintiff U.S.

26 BANK NATIONAL ASSOCIATION, ON BEHALF OF MORTGAGE EQUITY CONVERSION ASSET

27 TRUST 2011-1 ("Plaintiff"); and 2) the Motion to Set Aside Default and Default Judgment and for Leave

28 to Defend Action filed by third parties Shelden Simons, Anastasia Stein and Joseph Briggs.  Appearances

were as noted in the record.

NOW, THEREFORE, the Court, having considered the moving papers, the opposition papers, having considered the arguments made at the hearing, and good cause appearing therefor, hereby orders as follows:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT the Motion to Set Aside Default and Default Judgment and for Leave to Defend Action filed by Shelden Simons, Anastasia Stein and Joseph Briggs is DENIED. Good cause has not been shown to set aside the defaults or default judgment.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT the Motion for Order that Judgment of Possession Applies to Unnamed Occupants, filed by Plaintiff U.S. BANK NATIONAL ASSOCIATION, ON BEHALF OF MORTGAGE EQUITY CONVERSION ASSET TRUST 2011-1 is GRANTED.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED THAT the Judgment entered in this action on August 22, 2014 and the Writ of Possession issued in this action on August 22, 2014 apply to all unnamed occupants of the real property commonly known as 1003 N. Ivy Street, Escondido, California (hereafter the "Property"), including but not limited to occupants Shelden Simons, Anastasia Stein and Joseph Briggs.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT any lockout conducted pursuant to a writ of possession issued or executed following entry of this Order shall occur on or after January 7, 2015.

IT IS SO ORDERED.

DATED:

_____
JUDGE OF THE SUPERIOR COURT

G:\Glenn\DOCS\FNMA\Order RMS N Ivy Unnamed Occupants.doc

## PROOF OF SERVICE

I am over the age of 18 years and not a party to the within action. I am employed in the County of Contra Costa, State of California.

My business address is c/o Law Offices of Glenn H. Wechsler, 1646 N. California Blvd., Suite 450, Walnut Creek, California 94596.

On December 23, 2014, I mailed from Walnut Creek, California, the following document(s):

**ORDERS AFTER HEARING ON: 1) MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT AND FOR LEAVE TO DEFEND ACTION; AND 2) MOTION FOR ORDER THAT JUDGMENT OF POSSESSION APPLIES TO UNNAMED OCCUPANTS**

I served the document(s) by enclosing them in an envelope and placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

The envelope was addressed and mailed as follows:

Shelden M. Simons                    Defendants in Pro Per
Charles S. Simons
Joseph Briggs
Anastasia Stein
1026 W. El Norte Parkway #246
Escondido, CA 92026

Joseph Briggs                        Defendants in Pro Per
Anastasia Joy Stein
1003 N. Ivy Street
Escondido, CA  92026

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed at Walnut Creek, California on December 23, 2014.

_____
LISA MARX

G:\Lisa\Proofs of Service\RMS N. Ivy Street  Proof of Service by Mail.docx

# EXHIBIT



# W



